IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 13 C 6397 |
| | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) | Judge Durkin |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Residential Credit Solutions ("RCS"), by and through its attorneys, David M. Schultz, John P. Ryan, and Palak N. Shah, present its Motion to Dismiss pursuant to Fed.Civ.Pro Rule 12(b)(6), and in support of its amended motion RCS states as follows:

1. On September 6, 2013, Plaintiff filed a four count complaint against Defendant in Federal Court. The Counts are titled as follows: "Breach of Contract"; Count II "Violation of Fair Debt Collection Practices Act"; Count III "Violation of Consumer Fraud Act"; Count IV "Real Estate Settlement Procedures Act (Against RCS)".

2. On November 8, 2013, RCS filed a Motion to Stay, or in the alternative, Dismiss Plaintiff's Complaint [Dkt. #15].

3. On January 15, 2014, this Court entered an order denying RCS's Motion to Stay/Dismiss as moot but granted RCS leave to file this Amended Motion to Dismiss [Dkt. #25].

2. All four counts of Plaintiff's complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim for the following reasons:

    a. Count I alleging breach of contract should be dismissed because RCS never assented to Plaintiff's revised loan modification, therefore, no contract existed;

    b.    Count II alleging an FDCPA violation should be dismissed because it is time barred;

    c.    Count III alleging a violation of the Illinois Consumer Fraud Act should be dismissed because:

        1) Plaintiff fails to plead proximate cause and actual damages have not with specificity;

        2) the foreclosure actions are not governed by the Illinois Consumer Fraud Act as it does not govern litigation; and

        3) To the extent that Count III is based upon any allegations occurring on or before September 6, 2010, those allegations are time barred; and

    d.    Count IV alleging a RESPA violation should be dismissed because RESPA does not apply to mortgages already in default.

5.    Defendant incorporates herein by reference the arguments made and the authorities cited in its Memorandum of Law in support of its Amended Motion to Dismiss.

WHEREFORE, Defendant, Residential Credit Solutions, Inc., respectfully requests to dismiss Plaintiff's Complaint with prejudice pursuant to F.R.C.P 12(b) and/or for this Court to grant any other relief to the Defendant that this Court deems appropriate.

                Respectfully submitted,
                Residential Credit Solutions, Inc.

                By: /s/ *John P. Ryan*
                    One of its Attorneys
                    John P. Ryan
                    HINSHAW & CULBERTSON
                    222 N. LaSalle Street, Ste 300
                    Chicago, IL 60601
                    (312) 704-3000

## **CERTIFICATE OF SERVICE**

    I, an attorney, hereby certify that on January 27, 2014, I electronically filed Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                     /s/ *John P. Ryan*
                                     John P. Ryan