# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | File No. 1:13-cv-6397 |
| | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Honorable Judge Durkin |

### PLAINTIFF ALENA HAMMER'S MOTION TO ADVANCE AND RESPONSE TO CODILIS & ASSOCIATES, P.C.'S MOTION FOR PROTECTIVE ORDER

Plaintiff, ALENA W. HAMMER ("Hammer"), hereby moves to advance and responds to Codilis & Associates, P.C.'s motion for protective order as follows:

1. On December 24, 2014, Hammer issued a notice of deposition to Codilis by agreement between the parties. The deposition was scheduled for January 8, 2015.

2. On December 26, 2014, Hammer's attorney, Ross Zambon, spoke with Codilis attorney Mike Kemock regarding the deposition and document production.

3. The parties spoke again on January 2, 2015. Zambon explained why the document production was insufficient. During the phone call, Codilis suggested that the deposition was improper and that it would move for a protective order.

4. Zambon explained how Judge Durkin handled the depositions of Ms. Hammer's previous attorneys, whereby the depositions were compelled, but any objection with respect to privilege could be raised on a question-by-question basis to preserve the privilege.

5. Zambon offered to conduct the deposition under the same understanding, whereby all privilege objections would be preserved. Codilis rejected the offer.

6. Zambon memorialized this in writing on January 3, 2015. *See* Exhibit A attached hereto.

1

7. Zambon and Kemock spoke again on January 6, 2015. Kemock again rejected the offer to have all privilege objections reserved on a question-by-question basis at the deposition.

8. Zambon also offered to limit the scope of the deposition if appropriate by going through each topic on the rider, one by one. Notwithstanding the representation in its motion for protective order, that offer was rejected. The topics were never discussed outside of general objections.

9. Less that 24 hours before the scheduled deposition, Codilis filed its motion for protective order on January 7, 2015. The motion was scheduled for hearing two weeks later on January 21, 2015.

10. Hammer has two depositions of treating physicians scheduled for January 21, 2015.

11. Zambon notified Codilis of the discovery cutoff date orally on December 24, 2014 and January 2, 2015, and also in writing on December 23, 2014 and January 3, 2015. *See* Exhibit A attached hereto. The timing of the motion for protective order could be reasonably construed as being calculated to thwart Hammer's right to conduct discovery given Codilis' scheduling of the hearing after the earlier (and now modified) discovery cutoff date.

12. There is no basis to enter a protective order or limit the scope of the deposition.

13. First, the Court has already addressed this issue with respect to Hammer's former attorneys. The deposition of Codilis is appropriate, and objections with respect to privilege can be preserved at the deposition by assertion of an appropriate objection. [DKT #68; December 18, 2014 minute order.]

14. Codilis was involved in a myriad of conversations with Ms. Hammer and Ms. Hammer's attorneys regarding the loan modification. Moreover, Codilis issued Hammer numerous correspondence over four years, including several conflicting reinstatement letters.

15. Additionally, anything done, filed, or entered with the foreclosure court could not possibly be privileged.

16. Every topic on the rider specifically addresses the foreclosure litigation and the related communications described above.

17. Zambon emailed Kemock on January 7, 2015 to request that his motion be advanced to the week of January 12, 2015. Zambon did not receive a response before filing this motion.

18. If this Court would like a legal brief on this issue, Hammer can file one in 24 hours. However, since this Court has already ruled on the issue, and since Hammer is offering to have all privilege objections reserved, Hammer believes such a brief to be inefficient and unnecessary, given the Court's familiarity with this issue and its prior ruling on this issue as it respected Hammer's former attorneys.

19. Hammer requests that the Court either set the motion for hearing on January 13, 2015 or deny the motion outright without a hearing given the issues involved and the Court's prior ruling on this very point just a few short weeks ago.

WHEREFORE, Plaintiff Alena Hammer prays that this Court enter an order denying all relief requested in Codilis' motion for protective order, order the deposition of Codilis, and for any and all other relief this Honorable Court deems just and proper.

Done and filed this 7th day of January 2015.

        Respectfully Submitted,

        By: ___/s/Ross M. Zambon____
           **Ross M. Zambon**
           Attorney for Plaintiffs

Sulaiman Law Group, Ltd.
Ross M. Zambon - ARDC # 6294149
Mara A. Baltabols – ARDC # 6299033
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523