UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | File No. 1:13-cv-6397 |
| | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Honorable Judge Durkin |

**PLAINTIFF ALENA HAMMER'S MOTION FOR
EXTENTION OF TIME TO DEPOSE UNDISCLOSED WITNESSES**

Plaintiff, ALENA W. HAMMER ("Hammer"), hereby moves for an extension of time for the limited purpose of taking the depositions of any undisclosed witnesses:

1. On October 3, 2014, Hammer propounded interrogatories and requests to produce upon Defendant Residential Credit Solutions, Inc. ("RCS"). To date, RCS on has disclosed only one individual with information related to the instant lawsuit, Marlon Frazier.

2. On January 5, 2015, RCS produced a privilege log that included previously undisclosed individuals that appear to have critical discoverable information. However, these individuals were only identified by name (no employer, address, position, etc...)

3. For example, Chris Kaminski and Shaun Lill were each involved in numerous communications spanning more than a year and each individual appears to be a necessary witness for the forthcoming trial. It appears that Mr. Kaminski works for Codilis & Associates, P.C. and Shaun Lill likely works for RCS.

4. The parties met and conferred for over two hours on January 8, 2015 with respect to all written discovery.

5. RCS agreed to amend its responses to written discovery and the privilege log to identify the individuals with specificity by January 16, 2015.

1

6. Once the individuals are disclosed, Hammer may require the deposition of at least one or two of the individuals.

7. Once disclosed, and to the extent RCS will cooperate and produce the witnesses, Hammer can take the depositions prior to January 31, 2015. However, to the extent any non-party deposition must be done by subpoena and without cooperation, it is unlikely to occur prior to January 31, 2015.

8. Once Hammer is able to process the information in the forthcoming amendments to written discovery, she can determine if any additional depositions are necessary.

9. Hammer would request an extension of time through the date the Court previously set as a cut-off for deposing doctors (February 28, 2015) to depose any individual that was not disclosed in RCS's written discovery. Hammer had no knowledge of any individuals other than Marlon Frazier prior to January 5, 2015, and therefore, could not have conducted a deposition of the undisclosed individuals.

WHEREFORE, Plaintiff Alena Hammer prays that this Court enter an order granting an extension of time through the cut-off for deposing doctors (February 28, 2015) for the limited purpose of deposing any individual that was not disclosed by RCS prior to January 5, 2015, and for any other just and equitable relief.

Done and filed this 13th day of January 2015.

                                                Respectfully Submitted,

                                                By: ___/s/Ross M. Zambon____
                                                      **Ross M. Zambon**
                                                      Attorney for Plaintiffs

Sulaiman Law Group, Ltd.
Ross M. Zambon - ARDC # 6294149
Mara A. Baltabols – ARDC # 6299033
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523