```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

ALENA W. HAMMER,                  )   Docket No. 13 C 6397
                                  )
              Plaintiff,          )   Chicago, Illinois
                                  )   October 20, 2014
         v.                       )   8:57 a.m.
                                  )
RESIDENTIAL CREDIT SOLUTIONS,     )
INC.,                             )
                                  )
              Defendant.          )


         TRANSCRIPT OF PROCEEDINGS - Motion Hearing
           BEFORE THE HONORABLE THOMAS M. DURKIN


APPEARANCES:

For the Plaintiff:    SULAIMAN LAW GROUP LTD. by
                      MR. ROSS M. ZAMBON
                      900 Jorie Boulevard
                      Suite 150
                      Oak Brook, IL 60523



For the Defendant:    HINSHAW & CULBERTSON LLP by
                      MR. JOHN P. RYAN
                      222 N. LaSalle Street
                      Suite 300
                      Chicago, IL 60601-1081



Court Reporter:       LAURA R. RENKE, CSR, RDR, CRR
                      Official Court Reporter
                      219 S. Dearborn Street, Room 1432
                      Chicago, IL 60604
                      312.435.6053
                      laura_renke@ilnd.uscourts.gov
```

1              (In open court.)
2                  THE CLERK:  Okay.  Do we have both sides for any of
3      our other cases?
4                  THE COURT:  Okay.
5                  THE CLERK:  Which one?
6                  MR. ZAMBON:  Hammer.
7                  THE CLERK:  Okay.  13 C 6397, Hammer v. Residential
8      Credit.
9                  MR. ZAMBON:  Good morning, your Honor.  Ross Zambon on
10     behalf of the plaintiff, Ms. Hammer.
11                 THE COURT:  Good morning.
12                 MR. RYAN:  Good morning, your Honor.  John Ryan on
13     behalf of the defendant.
14                 THE COURT:  This is -- we're here, I believe, on
15     plaintiff's motion to seek evidence about defendant's finances,
16     net worth, and wealth for purposes of punitive damages.
17                 Are you opposing it?
18                 MR. RYAN:  Yes, your Honor.  They've changed their
19     theory about actual damages.  They don't even have the medical
20     records that they said that they had to support their actual
21     damages theory.
22                 THE COURT:  Right.
23                 MR. RYAN:  And if there's no actual damages --
24     plaintiff has no actual damages if there are no -- if there's
25     no medical.

1    THE COURT:  Well, wouldn't the psychic equivalent of
2 pain and suffering be an element of actual damages?  Educate me
3 on this.
4    MR. RYAN:  Not under the Consumer Fraud Act.  There's
5 an Illinois appellate case called *Harvey Cycle* which says that
6 you do not have a consumer fraud claim if you do not have
7 actual damages.  And if you just allege emotional distress
8 damages, that's not enough to get a consumer fraud claim.
9    THE COURT:  All right.
10    MR. RYAN:  You actually have to have actual damages
11 first.  And that's the only count that has punitive damages.
12    MR. ZAMBON:  If I may, briefly, your Honor.
13    THE COURT:  Go ahead.
14    MR. ZAMBON:  There are medical bills here.  My client
15 does not have them.  They're going to have to be gotten through
16 subpoena or discussions with the medical providers.  We just
17 had the protective order entered.
18    There's some $300,000 in medical bills from -- dating
19 back to 2010 when this started.  So --
20    THE COURT:  Yeah, I understood from the allegations
21 that she had been seeing a physician or had some --
22    MR. RYAN:  That's correct.
23    THE COURT:  I don't know if she was hospitalized, but
24 I understood there was some medical element to the emotional
25 distress she alleges she suffered.

1        MR. RYAN: That's correct, your Honor. And that's why
2 your Honor ordered plaintiff to produce their medical records
3 which support those allegations.
4        We've now come to know that plaintiff has no medical
5 records.
6        THE COURT: Well, they don't -- it's not that they
7 don't exist; they don't have them in their possession.
8        MR. RYAN: Correct. But that's -- if they don't have
9 them in their possession, I don't see how they could have seen
10 them to make those allegations.
11        THE COURT: Well, they talked to their client. I'm
12 sure the client said, "I was distressed by the actions of the
13 defendant. I -- it caused me a lot of emotional distress. I
14 had to see my doctor."
15        I don't know if she was hospitalized, but I'm certain
16 the -- without putting words in their mouth, it's not a big
17 jump to figure that's how they came up with the idea there were
18 medical records.
19        When do you expect to receive these medical records?
20 Have you subpoenaed them?
21        MR. ZAMBON: Have not at this point, but something
22 we'll plan to do this week. We may well be able to get it just
23 by filling out some HIPAA forms with the providers as well.
24        THE COURT: Right. Yeah, if you're getting them from
25 your own client, she may be able to obtain them without a

1  subpoena.
2              MR. ZAMBON:  Right.
3              THE COURT:  Obviously, when you get them, you have to
4  turn them over to the defendant.
5              MR. ZAMBON:  Right.
6              THE COURT:  If they come up with medical records
7  showing actual damages or at least alleging actual damages,
8  what's your position going to be on their motion?
9              MR. RYAN:  Then, your Honor, we'll have to reevaluate
10 it then.
11             THE COURT:  All right.
12             MR. RYAN:  And one last thing, your Honor.  We're also
13 here on our motion to extend the time to file an answer.  If we
14 could have till Friday.
15             THE COURT:  Oh.
16             MR. RYAN:  I don't know if plaintiff --
17             THE COURT:  Any objection?
18             MR. ZAMBON:  I don't object.
19             THE COURT:  Fine.  You have till Friday to file an
20 answer.
21             MR. RYAN:  Or otherwise plead, because some counts
22 we're going to otherwise plead to.
23             THE COURT:  Okay.  That's fine.  But some counts
24 you're answering, correct?
25             MR. RYAN:  Correct.

1           THE COURT:  All right.  So the case is going to go
2    forward one way or the other.
3           Is there a discovery cutoff?
4           MR. RYAN:  Yes, your Honor.  I believe it is
5    January --
6           THE COURT:  15th.  And we have a jury trial set for
7    February 23rd.
8           MR. ZAMBON:  That's correct.
9           THE COURT:  I recall this.  I wanted to move this case
10   along because of the age of the plaintiff.
11          All right.  Well, certainly you have that time to
12   answer.  If you're going to be filing a motion to dismiss any
13   of the counts, why don't we just set a briefing schedule today
14   so you're not coming into court.  You're going to file by
15   Friday?
16          MR. RYAN:  Yes.
17          THE COURT:  All right. Assuming you -- how many
18   counts are you going to move to dismiss?
19          MR. RYAN:  There are four counts.  I believe we're
20   dismissing three of the four.  We're not moving to dismiss the
21   breach of contract count.
22          THE COURT:  Okay.  Which is going to remain in federal
23   court even if -- even if there's no basis for it because the
24   original counts had federal jurisdiction.
25          What kind of time do you want to respond?

1           MR. ZAMBON:  I can -- 21 days.  I can probably do it
2    in shorter than that time period if the Court would like.
3           One quick response to moving to dismiss three of the
4    four counts.  The Court had denied the motion to dismiss as to
5    breach of contract and RESPA.
6           THE COURT:  Right.
7           MR. ZAMBON:  And granted it as to consumer fraud, and
8    the Court had directed the plaintiff to chop up the count into
9    deception and unfairness separately.
10          THE COURT:  Mm-hmm.
11          MR. ZAMBON:  So I'm not sure if defendants would have
12   a basis to move forward and try to dismiss RESPA.
13          THE COURT:  Well, they're not going to move to
14   dismiss -- I assume you're not going to move to dismiss
15   something I've already ruled on.
16          MR. RYAN:  That's correct, your Honor.
17          THE COURT:  And we'll wait to see what they file.
18          MR. ZAMBON:  Okay.
19          THE COURT:  So you -- 21 days to respond?
20          MR. ZAMBON:  Please.
21          THE COURT:  And how much do you want to reply?
22          MR. RYAN:  14, your Honor.
23          THE COURT:  All right.  21 and 14.  We'll give you
24   dates.
25          THE CLERK:  That will be November 14th and

```
 1    November 28th.
 2            That's the day after Thanksgiving.  Do you want to
 3    bump it?
 4            THE COURT:  Yeah, to the following Monday.
 5            THE CLERK:  Okay.  Monday would be the 1st of
 6    December.
 7            THE COURT:  Okay.  And that's based off a Friday --
 8    Sandy, is that based off a Friday date?
 9            THE CLERK:  Yes.  Yes, mm-hmm.
10            THE COURT:  Okay.  So those are your dates for the
11    motions, the dispositive motions.
12            Let's assume they're going to come up with medical
13    records.  Are you going to amend your motion or -- or do you
14    want to rest on this motion?
15            MR. RYAN:  I will -- I have to -- I don't know whether
16    they can plead punitive damages yet.  I don't think they can
17    plead punitive damages.  But they don't have punitive damages
18    in their --
19            THE COURT:  Well, which count allows punitives?
20            MR. RYAN:  Just the consumer fraud.
21            MR. ZAMBON:  The consumer fraud count.  And it was --
22    it was pled very clearly in that count.
23            THE COURT:  Okay.  And that's one of the counts you're
24    going to attempt to move to dismiss?
25            MR. RYAN:  Move to dismiss.
```

1        THE COURT: All right. Well, I won't order the
2   discovery until I know if the count survives. But once -- if I
3   deny the motion, this is easy stuff to collect and easy stuff
4   for you to review.
5        So what I'm going to do is this: I'm going to deny
6   the motion without prejudice. Refile it if the consumer fraud
7   count survives. Do it that way.
8        MR. ZAMBON: Very well.
9        Can I address one other issue with --
10       THE COURT: Yeah.
11       MR. ZAMBON: -- respect to the 26(a)(1) disclosures
12  and the insurance policy at RCS? The position taken out of RCS
13  is that they don't need to provide the policy because the claim
14  was not tendered to their insurance provider, which is not what
15  26(a)(1) requires. It would require any policy that may cover
16  any judgment.
17       I think we're entitled to that policy right now
18  whether the claim's been tendered or not. And --
19       THE COURT: Well, have you met and conferred on this?
20       MR. ZAMBON: I've issued a letter on it.
21       THE COURT: Have you talked?
22       MR. RYAN: We have not talked, your Honor.
23       THE COURT: All right. Raise it next time you're in
24  when -- after you've talked.
25       MR. RYAN: Okay.

1  MR. ZAMBON:  Very good.
2  THE COURT:  If you've talked and you can't get it
3  resolved, come back in on a motion to compel.  But in the
4  meantime, talk about it.
5  MR. RYAN:  Thank you.
6  MR. ZAMBON:  Thank you, your Honor.
7  THE COURT:  Anything else we should discuss?
8  MR. RYAN:  No.
9  MR. ZAMBON:  I think that's it.
10  THE COURT:  Do we have another status set in the case?
11  MR. RYAN:  No, your Honor, I don't believe we have
12  another status before the ADC date.  I could be wrong, though.
13  I don't have my calendar up with me.
14  THE COURT:  No, we don't.
15  I'll -- since fact discovery closes on November 15th,
16  let's have a status on that date -- oh, wait.  We have a status
17  hearing set for October 29th.
18  THE CLERK:  October 29th, mm-hmm.
19  THE COURT:  Let's vacate that because we've talked
20  about what we're going to talk about.  Let's have a
21  mid-December status, see how you're coming along on this.
22  THE CLERK:  Okay.  How is December the 16th for you?
23  MR. RYAN:  Perfect.
24  MR. ZAMBON:  Very good.
25  MR. RYAN:  One last thing, your Honor.

| | |
|---|---|
| 1 | THE COURT: Sure. |
| 2 | MR. RYAN: You had talked maybe about maybe sending us |
| 3 | to a pretrial conference. |
| 4 | THE COURT: With Judge Martin, yeah. |
| 5 | MR. RYAN: Yes. And one of the things -- one of the |
| 6 | issues I think that was previously kind of hindering us was my |
| 7 | client no longer services the account. The new servicer -- I |
| 8 | believe they have sued the new servicer. So maybe they can get |
| 9 | the whole mod in. |
| 10 | THE COURT: In state court? |
| 11 | MR. ZAMBON: Under the FDCPA. It's in front of -- I |
| 12 | believe it's in front of Judge Pallmeyer. |
| 13 | THE COURT: Okay. |
| 14 | MR. ZAMBON: Don't quote me. I think that's correct. |
| 15 | THE COURT: All right. |
| 16 | MR. RYAN: The reason why I bring it up is because we |
| 17 | could have never have settled this case because she wanted her |
| 18 | home mod as part of the settlement, and we don't service it |
| 19 | anymore. So -- |
| 20 | THE COURT: Well, I thought you went before Judge |
| 21 | Martin and couldn't settle. |
| 22 | MR. ZAMBON: We were ordered to go in front of Judge |
| 23 | Martin. And then with -- Ocwen is the new servicer. Ocwen was |
| 24 | not, we'll say, a player in that settlement. So my client was |
| 25 | not willing to settle unless she had the modification or some |

1   sort of resolution with the loan.
2              THE COURT:  Okay.
3              MR. ZAMBON:  And that was not in play at that point.
4              THE COURT:  Has she resolved the loan?
5              MR. ZAMBON:  Has not.
6              THE COURT:  All right.
7              MR. ZAMBON:  But I have spoken with another attorney
8   at counsel's office who is representing Ocwen.
9              THE COURT:  Yeah.
10             MR. ZAMBON:  I think they're now at least in the mix
11  to have these discussions.
12             THE COURT:  You want to do that?
13             MR. ZAMBON:  I -- I'm for it.  I have not discussed it
14  with my client.  I was told by counsel for Ocwen that he was
15  going to get back to me once he spoke with his client.  These
16  discussions just happened last week.
17             THE COURT:  All right.  Here's what we'll do.  I'm
18  going to keep your October -- let's keep the status of
19  October 29th.
20             THE CLERK:  29th.
21             THE COURT:  Is that right?
22             THE CLERK:  29th, mm-hmm.
23             THE COURT:  29th.  Forget about the December 16th.
24  Keep it on October 29th, specifically for the purpose of
25  telling me whether or not you're willing to go to a settlement

1   conference with Judge Martin. We'll wrap in Judge Pallmeyer's
2   case with that.
3           MR. ZAMBON: Okay.
4           THE COURT: I don't know who the magistrate judge is,
5   but I assume this is the lower-numbered case.
6           MR. ZAMBON: Mm-hmm.
7           THE COURT: Okay. Then involve the Ocwen attorney in
8   this so that we have all the relevant parties before Judge
9   Martin if it goes to settlement conference. But on the 29th,
10  report to me on that.
11          If you've all decided, "Fine. We'll go to
12  settlement," both Judge Pallmeyer's case and mine, and you
13  don't want to come in on the 29th, contact my courtroom deputy.
14  We'll make a referral to Judge Martin.
15          MR. ZAMBON: Okay.
16          THE COURT: And we'll stay any of the briefing on any
17  motions to dismiss. I don't want you spending money on this --
18          MR. RYAN: Right.
19          THE COURT: -- if you can settle it.
20          MR. ZAMBON: Sure.
21          THE COURT: But the sooner you tell my courtroom
22  deputy that, the sooner -- less work you have to do on these
23  motions.
24          MR. RYAN: Thank you, your Honor.
25          MR. ZAMBON: Thank you.

1    MR. RYAN:  Thank you for your patience.
2    THE COURT:  Anything else we should discuss?
3    MR. RYAN:  I think that's it.
4    MR. ZAMBON:  Thank you.
5    THE COURT:  Great.  Thank you all.
6    MR. RYAN:  Thank you, your Honor.
7    THE COURT:  All right.
8    (Concluded at 9:06 a.m.)
9                C E R T I F I C A T E
10   I certify that the foregoing is a correct transcript of the
11   record of proceedings in the above-entitled matter.
12
13   */s/ LAURA R. RENKE*                          *January 22, 2015*
     LAURA R. RENKE, CSR, RDR, CRR
14   Official Court Reporter