IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-6397 |
| | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

## ORDER

The parties appeared through counsel before the Court on January 30, 2015 for a status conference and after being fully advised the Court orders:

Plaintiff is to respond to Defendant's motion to bar her expert witnesses including treating physicians by 12:00 p.m. on February 4, 2015.

The Court orders Defendant to provide Plaintiff a copy of all unredacted account notes from August 2010 through December 2013. The Court rules that the account notes log is not subject to the attorney-client privilege only for purposes of this case, which presents unusual factual circumstances. Other Courts should not use this decision to persuade them in any way. The production of the unredacted account notes does not amount to a waiver of the attorney-client privilege on any issue. Moreover, the Court's ruling is limited to the contents in the account notes at issue. Defendant reserves the right to raise attorney-client privilege objections to matters not contained in the account notes.

The Court will review e-mails produced by Codilis in preparation for ruling on Plaintiff's motion that the attorney-client privilege should be deemed waived or pursuant to Defendant's request that the e-mails should be clawed back. After reviewing these e-mails, the Court will

determine whether: a) Codilis' unredacted e-mails are not subject to attorney-client privilege and should be produced, OR (b) the redacted portions of the emails are subject to the attorney-client privilege, but the attorney-client privilege is waived with respect to the unredacted portions of the emails, OR (c) the e-mails are subject to the attorney-client privilege and Defendant can claw the e-mails between RCS and Codilis back. To the extent possible, Plaintiff has agreed to limit the Court's in camera review and will identify the emails in question by Bates stamp in the letter submitted to the Court. The parties agree that any email between Spencer Cull and Cynthia Fortune which Codilis produced and which does not also include an attorney will not be subject to any claw back ruling. The parties also agree the Court's ruling will apply to all other e-mails not just those identified in Plaintiff's letter to the Court, which were produced by Codilis.

Defendant will provide Plaintiff an "inventory of images" in its operating system by the next status conference. Or RCS will have an RCS representative explain why this cannot be done at the status conference either by telephone or in person.

Defendant is to perform a search for e-mails in its system for the following terms: Hammer, 1000699028, 14-09-26098, 14-11-30899, and 355 N. Addison Rd, Villa Park, IL, 60181. If Defendant takes the position that a search cannot be performed or is unduly costly, Defendant shall have an RCS representative explain its position to the Court, either by telephone or in person, at the next status conference. If necessary, the Court suggested it would consider using ESI liaisons. Upon further investigation, Plaintiff reserves the right to seek an additional search with additional terms, and Defendant reserves the right to object if Plaintiff makes such a request.

130986847v1 0951421

130988959v1 0951421

Defendant, through its attorney, shall confirm whether it has produced its entire payment history from its system (which includes Fiserv), for this account at the next status conference.

The parties will advise the Court at the next status date whether Defendant will stipulate to use the information contained in the Form 10-k from 2013 on MTGE in Edgar if punitive damages are at issue, or if the parties will request a ruling on Plaintiff's motion to seek information related to RCS's financial condition.

Plaintiff must amend her responses to interrogatories number 2 and 3 by the next status conference or explain that she stands on her responses.

The parties will depose Plaintiff's newly disclosed witnesses of Ms. O'Malley and Ms. Deliste by February 20, 2015.

The Court will advise the parties at the next status conference whether he believes motions for summary judgment should be filed. However, any motion for summary judgment will be limited to 10 pages.

The status conference set for February 5, 2015 remains.

Dated: 2/4/15

*Thomas M Durkin*

Judge Thomas Durkin United States District Court for the Northern District of Illinois

Service of this document will be made
electronically on all counsel of record
via email generated by the Court's ECF system.

130986847v1 0951421

130988959v1 0951421