# MOTION IN LIMINE NO. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALENA W. HAMMER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 13 C 6397 |
| | ) |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) Judge Durkin |
| | ) |
| Defendant. | ) |

### MOTION IN LIMINE NO. 2
### TO BAR PLAINTIFF FROM OFFERING ANY EVIDENCE REGARDING HER ALLEGED CLAIM FOR LOST WAGES AND LOST TIME

Defendant, Residential Credit Solutions ("RCS"), by and through its attorneys, David M. Schultz, James M. Lydon, John P. Ryan, Palak N. Shah, and Linnea Schramm moves in limine for an order granting this motion to prohibit comment, argument, or statement by any witness or counsel during opening or closing statement, *Vior Dire*, or otherwise during trial, the existence of Plaintiff's alleged damages for lost wages or lost time, and in support of its motion, RCS states as follows:

RCS's *motion in limine* regarding Plaintiff's alleged claims for lost wages and loss of time should be granted because Plaintiff's her claims amount to nothing more than pure speculation. Plaintiff failed to produce her tax returns (or any other evidence regarding her income). When the parties met with this Court on January 30, 2015, RCS informed this Court that it requested Plaintiff's tax returns from 2009 to the present. Plaintiff responded by objecting that her tax returns are not relevant. This Court told Plaintiff's counsel that if she wishes to seek damages for lost wages and time, then Plaintiff must produce her tax returns as requested by RCS. *See also Twilley v. International Bedding Corp.*, 2009 WL 2970407 (N.D.Ind. Sept. 10, 2009) (holding that a plaintiff's tax return are relevant when plaintiff seeks damages for lost wages), citing,

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74-75 (7th Cir. 1992). Notwithstanding, this Court's direction and Seventh Circuit law, Plaintiff still has not produced her tax returns. Therefore, Plaintiff's should be barred from offering any testimony, evidence, argument, etc. regarding her claim for lost wages and lost time. *Polk v. Cao*, 279 Ill.App.3d 101, 106-107 (1st Dist. 1996) (barring plaintiff from presenting a claim for lost wages because plaintiff failed to produce his tax returns); *Hawkins v. Wiggins*, 92 Ill.App.3d 278, 287 (1st Dist. 1980) (same).

RCS's motion should also be granted because Plaintiff failed to produce any other evidence which shows that she lost wages or time as a result of RCS's conduct. *Scott v. City of Chicago*, 2010 WL 3034254, *5 (N.D.Ill. Aug. 3, 2010) (granting defendant's *motion in limine* because it is plaintiff's burden to show lost wages and plaintiff failed to produce evidence to support such a claim). We are left to wonder if and how Plaintiff believes that her inability to work was causally related to RCS's conduct. *Saunders v. City of Chicago*, 320 F.Supp.2d 735, 739 (N.D.Ill. June 10, 2004) (granting defendant's *motion in limine* because plaintiff failed to provide evidence of a causal link between her claim for lost wages and defendant's conduct). Thus, RCS's motion should be granted.

## CONCLUSION

WHEREFORE, defendant, Residential Credit Solutions, Inc., respectfully requests this Court to enter an order granting this motion to prohibit comment, argument, or statement by any witness or counsel during opening or closing statement, *Vior Dire*, or otherwise during trial, the existence of Plaintiff's alleged damages for lost wages or lost time and for any other relief to the Defendant that this Court deems equitable and just.

Respectfully submitted,

Residential Credit Solutions, Inc.

By: /s/ John P. Ryan
    One of its Attorneys
    John P. Ryan
    HINSHAW & CULBERTSON LLP
    222 N. LaSalle Street, Ste 300
    Chicago, IL 60601
    (312) 704-3000

131000882v1 0951421