# MOTION IN LIMINE NO. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALENA W. HAMMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 13 C 6397 |
| v. ) | |
| ) | Judge Durkin |
| RESIDENTIAL CREDIT SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

### MOTION IN LIMINE NO. 3
### TO BAR TESTIMONY BY PLAINTIFF OR ANY OTHER LAY WITNESS REGARDING ANY MEDICAL/MENTAL HEALTH DIAGNOSES, PROGNOSES OR RELATED CAUSATION, OR ANY STATEMENTS MADE TO HER BY HER DOCTOR(S)

Defendant, Residential Credit Solutions ("RCS"), by and through its attorneys, David M. Schultz, James M. Lydon, John P. Ryan, Palak N. Shah, and Linnea Schramm moves in limine for an Order prohibiting comment, argument, or statement by Plaintiff or any lay witness regarding any medical or mental health diagnosis, prognoses, or related causation, or any statements made to her by any of her doctors. In support of its motion, RCS states as follows:

Plaintiff and all other lay witnesses should be barred from testifying as to any medical/mental health diagnoses or prognoses that she claims were a result of the incident complained of. Matters relating to the causation of any of Plaintiff's medical, psychological or psychiatric conditions require expert testimony. *Frazier v. Indiana Dept. of Labor*, 2003 WL 21354424, *4 (S.D.Ind. March 17, 2003) (granting a similar motion in limine). Likewise, any diagnoses of Plaintiff's conditions require expert testimony. *Id.*

Plaintiff and other lay witnesses are not physicians or a psychiatrists, and therefore, are not competent to offer such testimony. While Plaintiff may testify as to her subjective symptoms

(e.g. "pain"), as a lay witness, Plaintiff lacks the knowledge, skill, experience, training and education that would qualify her to testify about the nature of any underlying medical or mental health condition, its cause, or its permanence as a result of the incidents complained about. Such testimony may only be offered by a properly disclosed and qualified expert witness. Thus, Plaintiff and all other lay witnesses should be barred from testifying personally as to these issues.

Additionally, Plaintiff should be barred from testifying as to statements, diagnoses or prognoses made to him by any doctor or other treater. Such testimony would clearly be hearsay.

## CONCLUSION

WHEREFORE, defendant, Residential Credit Solutions, Inc., respectfully requests this Court to enter an order prohibiting comment, argument, or statement by Plaintiff or any other lay witness regarding any medical or mental health diagnosis, prognoses, or related causation, or any statements made to her by any of her doctors and for any other relief to the Defendant that this Court deems equitable and just.

Respectfully submitted,

Residential Credit Solutions, Inc.

By: /s/ John P. Ryan
One of its Attorneys
John P. Ryan
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

131010338v1 0951421