# MOTION IN LIMINE NO. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 13 C 6397 |
| | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) | Judge Durkin |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE NO. 5
TO BAR PLAINTIFF FROM OFFERING ANY EVIDENCE REGARDING PRIOR OR CURRENT LAWSUITS OR GOVERNMENT COMPLAINTS INVOLVING DEFENDANT AND/OR OTHER PRIOR OR CURRENT LAWSUITS OR GOVERNMENT COMPLAINTS NOT INVOLVING DEFENDANT**

Defendant, Residential Credit Solutions ("RCS"), by and through its attorneys, David M. Schultz, James M. Lydon, John P. Ryan, Palak N. Shah, and Linnea Schramm moves in limine for an Order prohibiting comment, argument, or statement by counsel or any witness during *Voir Dire*, opening or closing statement, or otherwise during trial, on any testimony or evidence relating to prior or current lawsuits or government complaints involving RCS and/or prior or current lawsuits or government complaints, not involving RCS. In support of its motion, RCS states as follows:

I. **Information Regarding Other Lawsuits Or Government Complaints Involving Defendant Should Be Barred.**

    A. **Materials from of any other lawsuits or government complaints in which RCS may have been named as a party are irrelevant under Rules 401 and 402.**

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. In order for evidence to be relevant, an item of proof must tend to prove or disprove a material issue of fact in the case. Fed. R. Evid. 401 defines relevance as follows:

131002979v1 0951421

'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Any alleged relevance of evidence regarding the existence of any other lawsuits in which RCS may have been named as a party has no relevance to any issue, defense or the alleged damages in this case.

### B. Even if relevant, the probative value of evidence regarding RCS's other law suits and other lawsuits involving entities not named in this action would be substantially outweighed by the danger of unfair prejudice.

Even if relevant, evidence of other lawsuits regarding different collection actions in which there was no finding of liability should be excluded because its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

Rule 403 is concerned with "unfair prejudice," that is, "'an undue tendency to suggest decision on an improper basis.'" Unfair prejudice, means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403, advisory committee notes, *U.S. v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003).

Any mention of or reference to any other lawsuits in which RCS may have been named as a party would be unfairly prejudicial because the jury might incorrectly conclude that those lawsuits were rulings on the merits of this case. Further, documents and other information from other cases or government complaints in which RCS may have been named as a party would be confusing to the jury because they involve applications of laws and rules to different facts that are not at issue in this case. Specifically, anyone can file an unsubstantiated complaint with the Consumer Federal Protection Bureau ("CFPB"), so such claims would be high prejudicial. Without a context for any other lawsuits in which RCS may have been named as a party, such as

2

a review of all the inadmissible pleadings, the jury will not understand what a ruling from any other case means and could incorrectly conclude that it was a finding of liability. *Goldberg v. 401 North Wabash Venture LLC*, 2013 WL 1499043, *3 (N.D.Ill. April 11, 2013) (evidence regarding defendant involved in other litigation should be barred because any probative value is substantially outweighed by the risk of unnecessary delay or confusion it will cause).

No limiting instruction can cure the potential for unfair prejudice. Therefore, this evidence is barred by Federal Rule of Evidence 403, which provides that "…evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…." Fed. R. Evid. 403.

II. **Materials from any other lawsuits or government complaints are inadmissible hearsay under Rules 801, 802 and 803.**

Introducing information about other cases or government complaints filed against RCS or some other entity to the jury is hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is generally not admissible unless it falls within an exception identified by the Federal Rules of Evidence. Fed. R. Evid. 802. Double hearsay, or "hearsay included within hearsay," is only admissible if each part of the combined statements conforms with an exception to the hearsay rule provided in the Federal Rules of Evidence. Fed. R. Evid. 805.

Pleadings filed in another lawsuit is hearsay. *Baikie v. Cook County Sheriff's Dept. of Corrections*, 2012 WL 1068774, *7 (N.D.Ill. March 29, 2012). Any documents from any other lawsuits in which RCS may have been named as a defendant, including the documents that were the subjects of the complaints and briefs also constitute inadmissible hearsay. *Goldberg*, 2013

WL 1499043, at *5, fn. 5. Similarly, any documents involving a consumer's complaint to the government (such as a CFPB complaint) constitutes inadmissible hearsay.

### III. Information Regarding Other Lawsuits Or Government Complaints Not Involving Defendant Should Be Barred.

**A. Materials from of any other lawsuits or government complaints in which RCS is not named as a party are irrelevant under Rules 401 and 402.**

Materials, statements or any other information relating to lawsuits evidence or government complaints not involving RCS are not relevant because they do not tend to prove or disprove a material issue of fact in the case. Therefore, under Rules 401 and 402, materials, statements or any other information relating to lawsuits or government complaints not involving Defendant should be barred.

**B. Even if relevant, the probative value of evidence regarding RCS's other law suits and other lawsuits involving entities not named in this action would be substantially outweighed by the danger of unfair prejudice.**

Statements, materials or any other information relating to other lawsuits or government complaints not involving RCS should be barred under Fed.R.Evid. 403. Any mention of or reference to lawsuits or government complaints involving other entities not named in this lawsuit would unfairly prejudice RCS because the jury might incorrectly conclude that those other lawsuits involving other entities might have some bearing on RCS's liability or the claim for damages. Similarly, lawsuits involving other entities not named in this lawsuit would confuse the jury because these other lawsuits involve application of laws to facts not at issue in this case.

### CONCLUSION

WHEREFORE, defendant, Residential Credit Solutions, Inc., respectfully requests this Court to enter an order prohibiting comment, argument, or statement by counsel or any witness

during *Voir Dire*, opening or closing statement, or otherwise during trial, on any testimony or evidence relating to prior or current lawsuits or government complaints involving RCS and/or prior or current lawsuits or government complaints, not involving RCS and for any other relief to the Defendant that this Court deems equitable and just.

>Respectfully submitted,
>
>Residential Credit Solutions, Inc.

By: /s/ John P. Ryan
    One of its Attorneys
    John P. Ryan
    HINSHAW & CULBERTSON LLP
    222 N. LaSalle Street, Ste 300
    Chicago, IL 60601
    (312) 704-3000

131002979v1 0951421