# MOTION IN LIMINE NO. 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALENA W. HAMMER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 13 C 6397 |
| | ) |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) Judge Durkin |
| | ) |
| Defendant. | ) |

### MOTION IN LIMINE NO. 8
### TO BAR PLAINTIFF FROM OFFERING ANY STATEMENT REGARDING HER ALLEGED CLAIM FOR DAMAGE TO HER CREDIT

Defendant, Residential Credit Solutions ("RCS"), by and through its attorneys, David M. Schultz, James M. Lydon, John P. Ryan, Palak N. Shah, and Linnea Schramm respectfully moves in limine for this Court to enter an order granting this motion to prohibit comment, argument, or statement by any witness or counsel during opening or closing statement, *Vior Dire*, or otherwise during trial, regarding that Plaintiff suffered a damage as a result of RCS reporting her account to the credit bureaus. In support of its motion, RCS states as follows:

Plaintiff failed to produce any evidence regarding how she was denied credit or charged higher interest as a result direct result of RCS's conduct. Therefore, Plaintiff cannot assert any claim for damages based upon RCS's credit reporting for her account *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001) (plaintiff failed to show actual damages because he failed to present evidence that she was denied credit as a result of defendant's conduct); *Bagby v. Experian Information Solutions, Inc.*, 162 Fed.Appx. 600, 604 (7th Cir. 2006) (same). Plaintiff testified that she does not remember applying for any credit in the last seven years, so she does not remember whether she has been rejected for any credit. Instead, Plaintiff simply disputes whether the credit reporting made by RCS was accurate, but, this argument does not support a

claim for actual damages. *Novak v. Experian Information Solutions, Inc.*, 782 F.Supp.2d 617, 623, (N.D.Ill. 2011) (dismissing plaintiff's claim because he failed to allege actual damages as he does not say that he was denied credit or was charged a higher interest rate. Alleged inaccurate reporting is not enough to establish actual damages); *Konieczka v. Wachovia Mortgage Corp.*, 2012 WL 1049910, *4 (N.D.Ill. March 28, 2012) (need to allege pecuniary loss in addition to the alleged inaccurate reporting).

Moreover, since Plaintiff does not remember apply for any credit or being charged a higher rate, she cannot possibly argue that she suffered emotional distress from a lower credit score. *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 610 (7th Cir. 2005) (the 7th Circuit has a "high threshold for proof of damages for emotional distress"). There is no evidence to show that Plaintiff suffered emotional distress due to RCS's credit reporting. *McClelland v. Experian Information Solutions, Inc.*, 2006 WL 2191973 (N.D.Ill. July 28, 2006). Therefore, this information should be barred.

## CONCLUSION

WHEREFORE, defendant, Residential Credit Solutions, Inc., respectfully requests this Court to enter an order granting this motion to prohibit comment, argument, or statement by any witness or counsel during opening or closing statement, *Vior Dire*, or otherwise during trial, regarding that Plaintiff suffered a damage as a result of RCS reporting her account to the credit bureaus and for any other relief to the Defendant that this Court deems equitable and just.

131028514v1 0951421

        Respectfully submitted,

        Residential Credit Solutions, Inc.

By: /s/ John P. Ryan
    One of its Attorneys
    John P. Ryan
    HINSHAW & CULBERTSON LLP
    222 N. LaSalle Street, Ste 300
    Chicago, IL 60601
    (312) 704-3000

131028514v1 0951421