# MOTION IN LIMINE NO. 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 13 C 6397 |
| | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) | Judge Durkin |
| | ) | |
| Defendant. | ) | |

## MOTION IN LIMINE NO. 11
### TO BAR PLAINTIFF, HER COUNSEL, AND ANY WITNESS FROM ASSERTING THAT THE FILING OF EITHER FORECLOSURE COMPLAINT AMOUNTED TO A BREACH OF CONTRACT AND/OR VIOLATION OF THE ICFA AND/OR A VIOLATION OF RESPA

Defendant, Residential Credit Solutions ("RCS"), by and through its attorneys, David M. Schultz, James M. Lydon, John P. Ryan, Palak N. Shah, and Linnea Schramm moves in limine for an Order prohibiting comment, argument, or statement by Plaintiff or her Counsel or any witness on any testimony, assertions, or statements that the filing of either foreclosure complaint amounted to or constituted a breach of contract and/or a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) and/or the Real Estate Settlement Procedures Act. In support of its motion, RCS states as follows:

At trial, Plaintiff should not be allowed to use the filing of either foreclosure complaint, which RCS filed against her, as a basis for her breach of contract, ICFA, or RESPA claims.

The filing of a lawsuit and the allegations contained therein, cannot be the basis for a ICFA claim. *PSN Illinois, Inc. v. Ivoclar Vivadent, Inc.*, 2005 WL 2347209, at *6 (N.D. Ill. Sept. 21, 2005) (in dismissing Ivoclar's counterclaim for an alleged violation of the ICFA, the court held that "the litigation privilege also precludes Ivoclar's deceptive trade practices claim

based on statements made in the course of litigation."). The filing of a lawsuit and the allegations contained therein also cannot be the basis for a breach of contract claim. *Johnson v. Johnson and Bell, Ltd.,* 2014 IL App (1st) 122677, ¶19 (Feb. 24, 2014). There "is no civil cause of action for misconduct which occurred in prior litigation." *Id.* "Petitions to redress injuries resulting from misconduct in judicial proceedings should be brought in the same litigation." *Id.*

"Free access to the Courts as a means of settling private claims or disputes is a fundamental component of our judicial system, and courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights . . . This same public interest demands that we reject any effort to extend tort liability for the wrongful filing of a lawsuit beyond the ambit of an action for malicious prosecution or abuse of process." *Havoco of America, Ltd. v. Hollobow,* 702 F.2d 643, 647 (7th Cir. 1983), quoting, *Lyddon v. Shaw,* 56 Ill.App.3d 815, 821 (2d Dist. 1978). These considerations apply with equal force to both litigants and their attorneys. *Lyddon,* 56 Ill.App.3d at 822. "The very purpose of a court of law is to determine whether an action filed by a party has merit and we refuse to recognize a rule which render a litigant and his attorney liable in tort for negligently (or even, willfully and wantonly) failing to determine in advance that which, ultimately, only the Courts could determine." *Id.*

WHEREFORE, Defendant, Residential Credit Solutions, Inc., respectfully requests this Court enter an Order prohibiting comment, argument, or statement by Plaintiff or her Counsel or any witness on any testimony, assertions, or statements that the filing of the foreclosure complaint amounted to or constituted a breach of contract and/or a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) and/or the Real Estate Settlement Procedures Act.

Respectfully submitted,

Residential Credit Solutions, Inc.

By: /s/ John P. Ryan
    One of its Attorneys
    John P. Ryan
    HINSHAW & CULBERTSON LLP
    222 N. LaSalle Street, Ste 300
    Chicago, IL 60601
    (312) 704-3000