# EXHIBIT E

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, WHEATON ILLINOIS

Residential Credit Solutions, Inc. )
    Plaintiff, )
       ) CASE NO. 09 CH 3951
-vs- )
       )
Alena W. Hammer, )
    Defendant. )

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES, the Defendant, Alena W. Hammer, by and through her attorney, SCOTT A. BROWER, and in support of her Reply to the Plaintiff's Response states as follows:

1. The Plaintiff's main argument is that a contract was never reached between Ms. Hammer and AmTrust Bank or Residential Credit Solutions because that loan modification agreement was modified and never signed by either AmTrust Bank or Residential Credit Solutions.
2. This argument, however, does not take into account the facts surrounding that loan modification agreement.
3. Ms. Hammer had been dealing with Chris (last name unknown) a loan processor for the FDIC that was acting as the receiver for AmTrust Bank providing loan modification agreements to parties in potential default on their home loans. Ms. Hammer was assured that the modification would be based on the balance of the loan with no additional fees or costs.
4. In June and July of 2010 Ms. Hammer made her first two payments to AmTrust Bank of $749.88 under the proposed loan modification as previously attached to Defendant's Motion to Dismiss. This amount represented the amount due under the modification with over $2300.00 in additional fees added into the balance. The loan processor, Chris, had given an extension to Ms. Hammer to sign the modification because of the dispute in additional fees. Ms. Hammer received a

Electronically Certified
[Certification stamp: 18th Judicial Circuit Court, DuPage County, Illinois, do hereby certify the above to be correct.
Date: 6/29/2015
CHRIS KACHIROUBAS, Clerk
DEWEY HARTMAN, Deputy Clerk
This order is the command of the Circuit Court and violation thereof is subject to the penalty of the law. 7660243]

Hammer000522
REQUEST RECEIVED ON-AHMADSULAJMAN-01/07/2015 06:49:45 PM DOCUMENT SUPPLIED ON 01/07/2015 06:49:46 PM # 17043335299
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01072015-0649-46228

message regarding sending the loan modification agreement in spite of there being no resolution on the additional charges. Finally, Chris suggested she simply cross off the additional fees, sign the modification agreement and send it to Residential Credit Solutions directly and not to AmTrust Bank. In the interim, her original loan and not the modification agreement had been sold to Residential Credit Solutions, Inc.

5. After receiving notice that RCS had become servicer of the loan, Ms. Hammer contacted RCS. On August 1, 2010, Ms. Hammer was notified that Residential Credit Solutions had no record of her loan or the modification.

6. Since that date, Ms. Hammer has continued to make payments monthly to Residential Credit Solutions as required under the modification agreement. Each and every payment has been returned by RCS.

7. Ms. Hammer spoke with Jim Bass, manager at Residential Credit Solutions, in an attempt to have them honor the loan modification agreement. RCS sent her a new modification agreement (attached as Exhibit A). This agreement now contained over $3,400.00 in additional fees and costs contrary to her understanding that no fees would be assessed. Ms. Hammer spoke to Jim Bass who gave her no basis for the additional fees, but stated that before the new modification would even be honored she now owed over $27,000.00 that needed to be paid.

8. Ms. Hammer continued to insist that she had an oral agreement to amend the written modification agreement sent by AmTrust Bank. It is interesting to note that the modification agreement with RCS contains an additional page of Notice of No Oral Agreements.

9. Ms. Hammer's contention is that the issue does not lie between RCS and her, but between RCS and AmTrust Bank. It is clear that despite the Defendant's honest and diligent attempts to sign a modification agreement, RCS and AmTrust Bank continue to change the facts and circumstances surrounding her modification.

Hammer000523
REQUEST RECEIVED ON-AHMADSULAIMAN-01/07/2015 06:49:45 PM DOCUMENT SUPPLIED ON 01/07/2015 06:49:46 PM # 17043335299
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01072015-0649-46228

WHEREFORE, Defendant, Alena W. Hammer, prays this Honorable Court as follows:

A) Dismiss the Plaintiff's complaint for foreclosure; and

B) And award any further relief this court deems just and reasonable.

Respectfully submitted,

SCOTT A. BROWER

LAW OFFICE OF SCOTT A. BROWER
1 S 450 Summit Ave. Suite 140
Oakbrook Terrace, IL 60181
630-678-0008
Atty No. 100

Hammer000524
REQUEST RECEIVED ON-AHMADSULAIMAN-01/07/2015 06:49:45 PM DOCUMENT SUPPLIED ON 01/07/2015 06:49:46 PM # 17043335299
Click here or Visit http://www.i2file.net/dv to validate this document. Validation ID:: IF01072015-0649-46228

## CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS Section 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he believes the same to be true.

_____
ALENA W. HAMMER

## ATTORNEY CERTIFICATE

I certify, as attorney of record in this cause, I have read the above and to the best of my knowledge, information, and belief, formed after reasonable inquiry of my client, is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

_____
SCOTT A. BROWER

LAW OFFICE OF SCOTT A. BROWER
1 S 450 Summit Ave. Suite 140
Oakbrook Terrace, IL 60181
630-678-0008
Atty No. 100