IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALENA W. HAMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 13 C 6397 |
| | ) |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) Judge Durkin |
| | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION IN LIMINE NO. 13 TO BAR PLAINTIFF FROM OFFERING ANY EVIDENCE REGARDING HER ALLEGED HER CLAIM FOR EMOTIONAL DISTRESS BASED UPON ALLEGED VIOLATIONS OF RESPA OR ICFA

Defendant, Residential Credit Solutions ("RCS"), by and through its attorneys, David M. Schultz, John P. Ryan, Palak N. Shah, and Linnea Schramm moves in limine for an Order prohibiting comment, argument, or statement by counsel or any witness during opening statement or otherwise during trial, on any testimony or evidence regarding the existence of Plaintiff's alleged emotional distress damages based upon alleged violations of RESPA or the ICFA, and in support of its motion, RCS states as follows:

### ARGUMENT

Plaintiff should be barred from offering testimony, comment or any other evidence that she suffered emotional distress under Count IV (RESPA) because she has no evidence to establish a causal link between the alleged RESPA violation and the emotional distress. Neither Plaintiff nor her treating physicians testified that she suffered emotional distress as a result of her alleged RESPA violations.

Moreover, Plaintiff should be barred from making any claim for emotional distress damages under the ICFA.

## I.  Bar Plaintiff From Arguing That She Suffered Emotional Distress Under RESPA.

Plaintiff should be barred from offering any testimony, comments, or evidence regarding whether she suffered emotional distress as a direct result of the alleged RESPA violation. Neither Dr. Phillips nor Dr. Hasanain testified that Plaintiff suffered emotional distress, which was caused by the alleged RESPA violation. Simply put, Plaintiff has not produced any evidence to show that Plaintiff suffered emotional distress, which was caused by either RCS's alleged failure to respond to a QWR or for charging her a late fee.

Plaintiff alleges that RCS violated RESPA in only two ways: a) §2605(e) for failing to respond to two QWRS and b) RESPA §2605(d) for charging her an improper late fee within the first 60 days of receiving her account. RCS denies that it violated RESPA, but regardless, there is no evidence which shows that Plaintiff suffered emotional distress as a direct result of her alleged RESPA violations. *See Tsakanikas v. JP Morgan Chase Bank, N.A.*, 2012 WL 6042836, *4 (S.D. Ohio 2012) (plaintiff must establish that "the emotional distress was a result of a RESPA violation.").

Plaintiff must establish how the alleged violations of RESPA proximately caused her damages. *Fournier v. Bank of America Corp.*, 2014 WL 421295, *4 (N.D.N.Y. Feb. 4, 2014) (dismissing plaintiff's RESPA claim because she failed to allege facts about how her physical ailments were proximately caused by defendant's alleged violations of RESPA); *Marquette v. Bank of America, N.A.*, 2014 WL 3773559, *4-5 (S.D.Cal. July 30, 2014) (dismissing a RESPA claim because plaintiff failed to allege a causal connection between the alleged RESPA violation and the emotional distress). "[A] plaintiff must suffer actual, demonstrable damages, and the damages, must occur 'as a result of' that specific violation." *Tsakanikas*, 2012 WL 6042836, at

*2.

Alleged emotional distress due to a foreclosure action does not support a claim for emotional distress damages under RESPA. *Foregger v. Residential Credit Solutions, Inc.*, 2013 WL 6388665, *5 (D.Mass. Dec. 5, 2013) (plaintiff must establish that his emotional distress damages were a result of the alleged RESPA violation. Emotional distress damages as a result of a pending foreclosure are not recoverable under RESPA); *Tsakanikas*, 2012 WL 6042836, at *4 (plaintiff's RESPA claim fails because plaintiff's alleged emotional distress was "due to the possibility of foreclosure . . . rather than defendant's alleged RESPA violation."); *Crafton v. Law Firm of Jonathon B. Levine*, 957 F.Supp.2d 992, 1003 (E.D.Wis. 2013) (no emotional distress damages allowed under FDCPA claim because Plaintiff failed to show that "her emotional damages were caused by the letter's inaccurate statement of the amount of the debt."). Neither Dr. Phillips nor Dr. Hasanain testified that Plaintiff suffered emotional distress as a result of RCS failing to respond to a QWR or for charging Plaintiff a late fee; which are the two violations of RESPA that Plaintiff alleges occurred.

Furthermore, "nonpecuniary damages in the form of mental anguish are not recoverable under RESPA." *Steele v. Quantum Servicing Corp.*, 2013 WL 3196544, *8 (N.D.Texas June 25, 2013); *Trahan v. GMAC Mortg. Corp.*, 2006 WL 5249733, *8 (W.D.Texas July 21, 2006) (RESPA "does not permit mental anguish damages and this court is not at liberty to award damages which are not provided for in the statute.").

As a result, Plaintiff should be barred from offering any statements, comments or evidence that she suffered emotional distress damages based upon her alleged RESPA violations.

3

## II. Plaintiff Should Barred From Offering Any Comment, Argument Or Statement Regarding Her Alleged Claim That She Has Emotional Distress Damages Which Were Proximately Caused By Some Deception From RCS.

Plaintiff should be barred from offering comment, argument or statement regarding her alleged claim for emotional distress under the ICFA because no evidence has been presented to establish that she suffered emotional distress as a result of RCS's deception. *DeBouse v. Bayer AG*, 235 Ill.2d 544, 550 (2009); *Avery v. State Farm Mutual Auto. Ins. Co.*, 216 Ill.2d 100, 97-98 (2005). "Illinois case law holds that a claim of statutory consumer fraud can only be premised upon acts or statements made prior to the date of purchase, because plaintiff can recover damages under the statute only for injuries that were proximately caused by the consumer fraud." *Zarins v. Bob Rohrman Auto Group*, 2013 WL 3367196 (Ill.App. 1st Dist. 2013) [unpublished].

No evidence exists to show that RCS committed any unfair or deceptive act prior to Plaintiff signing any agreement with RCS. In fact, neither Plaintiff nor her treating physicians testified that Plaintiff suffered emotional distress as a result of some deceptive or unfair conduct committed by RCS. Plaintiff testified that RCS acted unfairly by not agreeing to her loan modification, acting unprofessional and using foul language. *See* Plaintiff's Depo. pg. 98. Both Dr. Phillips and Dr. Hasanain testified that Plaintiff appeared to suffer some emotional distress due to the filing of a foreclosure action.

Moreover, Plaintiff admits that she never suffered any economic loss because she did not make any payments to RCS for any alleged fees. *Id.* 92-93; *Mulligan v. QVC, Inc.*, 382 Ill.App.3d 620, 630 (1st Dist. 2008) (plaintiff must have been actually deceived to assert ICFA claim). Instead, she disputed the fees. Plaintiff's Depo. pg. 92-93; *Mulligan*, 382 Ill.App.3d at 629 (purpose of damages is not to punish but to make plaintiff whole). *Id.* Therefore, since Plaintiff never suffered any out-of-pocket expenses she cannot seek emotional distress damages

because she has no ICFA claim. *Morris v. Harvey Cycle & Camper Inc.*, 392 Ill. App. 3d 399, 402 (Ill.App. 1st Dist. 2009) ("plaintiff did not allege actual damages in the form of specific economic injuries. She alleged only emotional damages. For this reason, the trial court correctly dismissed plaintiff's count I for relief under the Consumer Fraud Act."); *Cinfio v. Lynam*, 2013 WL 6458181, *3 (Ill.App. 1st Dist. 2013) [unpublished] (medical bills related to mental and emotional distress are not allowed on their own under the ICFA).

## CONCLUSION

WHEREFORE, defendant, Residential Credit Solutions, Inc., respectfully requests this Court to enter an Order prohibiting comment, argument, or statement by counsel or any witness during opening statement or otherwise during trial, on any testimony or evidence regarding the existence of Plaintiff's alleged emotional distress damages based upon alleged violations of RESPA or the ICFA, and for any other relief to the Defendant that this Court deems equitable and just.

Respectfully submitted,

Residential Credit Solutions, Inc.

By: /s/ John P. Ryan
One of its Attorneys
John P. Ryan
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

131006153v1 0951421

## CERTIFICATE OF SERVICE

I hereby certify that on **March 30, 2015,** I electronically filed the forgoing Defendant's motion in limine number 13 with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service to be served upon all parties of record.

                                            HINSHAW & CULBERTSON LLP

                                            s/*John P. Ryan*

131006153v1 0951421