# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ALENA W. HAMMER, | | ) | CIVIL ACTION |
| | Plaintiff, | ) | |
| | | ) | File No. 1:13-cv-6397 |
| | | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | v. | ) | JURY TRIAL DEMANDED |
| | | ) | |
| | Defendant. | ) | Honorable Judge Durkin |

**ALENA HAMMER'S AMENDED DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Plaintiff Alena Hammer ("Hammer") hereby provides the following amended disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Hammer continues her investigation and reserves the right to supplement these disclosures in accordance with Rule 26(a).

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

1. **Alena Hammer.** Alena Hammer has information related to the matters, allegations, and damages in the complaint. Alena Hammer has information related to the loan servicing, loss mitigation activities, escrow account, communications, and the conduct of RCS.

   **Contact Information**
   Contact through:
   Ross Zambon
   900 Jorie Blvd., Ste 150
   Oak Brook, IL 60523
   (630) 585-8181

1

2. **Mike Hammer.** Mike Hammer has information related to the matters, allegations, and damages in the Complaint. Mike Hammer has information related to the loan servicing, loss mitigation activities, escrow account, communications, and the conduct of RCS.

   **Contact Information**
   Contact through:
   Ross Zambon
   900 Jorie Blvd., Ste 150
   Oak Brook, IL 60523
   (630) 585-8181

3. **Kozar Law Office (and its employees).** Kozar Law Office has information related to the allegations in the complaint including but not limited to the foreclosure cases 09 CH 3951 and 11 CH 4503 (DuPage County).

   **Contact Information**
   P.O. Box 705
   Elmhurst, IL 60126
   (630) 561 - 1408

4. **Codilis and Associates, P.C. (and its employees).** Codilis and Associates, P.C. has information related to the allegations in the complaint including but not limited to foreclosure cases 09 CH 3951 and 11 CH 4503 (DuPage County).

   **Contact Information**
   Codilis & Associates, P.C.
   15W030 North Frontage Road, Suite 100
   Burr Ridge, Illinois 60527

5. **Dr. Ofelia Phillips, M.D.** Dr. Phillips has information related to Alena Hammer's medical condition.

   **Contact Information**
   Butterfield Family Medical Canter
   242 N. York Road, Suite 106
   Elmhurst, IL 60126
   (630) 834 – 6246

   Or

   360 W. Butterfield Rd., Ste 140
   Elmhurst, IL 60126

6. **Dr. S. J. Hasanain, M.D.** Dr. Hasanain has information related to Alena Hammer's medical condition.

    **Contact Information**
    675 West North Ave., Suite 309
    Melrose Park, IL 60160
    (708) 450 – 5757

7. **Dr. Rukhsana Muneer, M.D.** Dr. Muneer has information related to Alena Hammer's medical condition.

    **Contact Information**
    Elmhurst Memorial Hospital
    West Medical Office Building
    133 E. Brush Hill Road, Suite 301
    Elmhurst, IL 60126
    (630) 832 - 2183

8. **Loyola University Health System (Hospital).** – Information related to Alena Hammer's medical condition.

    **Contact Information**
    Loyola University Health System
    2160 S. First Ave.
    Maywood, IL 60153

9. **Elmhurst Memorial Healthcare.** – Information related to Alena Hammer's medical condition.

    **Contact Information**
    155 E. Brush Hill Road
    Elmhurst, IL 60126
    (331) 221-1000

10. **Gottlieb Memorial Hospital.** – Information related to Alena Hammer's medical condition.

    **Contact Information**
    Loyola University Health System
    2160 S. First Ave.
    Maywood, IL 60153

3

11. **AmTrust Bank (and its employees).** AmTrust Bank has information related to the matters and allegations in the complaint, including but not limited to the loan servicing, loss mitigation activities, and communications.

    **Contact Information**
    FDIC as Receiver of AmTrust Bank
    1601 Bryan St.
    Dallas, TX 75201-3430

12. **Federal Deposit Insurance Corporation (and its employees).** The FDIC has information related to the matters and allegations in the complaint, including but not limited to the loan servicing, loss mitigation activities, and communications.

    **Contact information**
    FDIC as Receiver of AmTrust Bank
    1601 Bryan St.
    Dallas, TX 75201-3430

13. **State Farm Insurance.** State Farm Insurance has information regarding Hammer's insurance policies.

    **Contact information**
    Mary Trynzolyn
    501 Pennsylvania Ave Ste 1
    Glen Ellyn, IL 60137-4456
    (630) 469-1760

14. **Ocwen Loan Servicing, LLC.** Ocwen Loan Servicing, LLC has information related to the subject mortgage loan.

    **Contact information**
    1661 Worthington Road
    Suite 100
    West Palm Beach, FL 33409

15. **Joseph A. Giralamo.**

    **Contact information**
    226 North West Avenue, Suite 102
    Elmhurst, IL 60126

**16. <u>Residential Credit Solutions, Inc.</u>** All matters, allegations, and damages in the complaint.

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

1. Notices, statements, contracts, and correspondences to, from, and with the parties identified above.
2. Foreclosure Complaints.
3. Payment histories, including bank statements.
4. Insurance policies.
5. Certified mailings and other proofs of delivery.
6. Medical records.

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

a. **Illegal charges, fees, and costs assessed to the loan** – Unknown. Estimated to be over $30,000.00;

b. **Loss of equity in real property** – Uncertain. May be ascertained by comparing an appraisal of the property to the principal balance of the loan under the modification and the amount sought by the reinstatement provided by the defendant. Expected to be over $30,000.00 depending upon RCS' final claim for reinstatement.

c. **Damage to Credit** – Loss of personal credit. The plaintiff has suffered a loss of access to credit and this has resulted in mental anguish and emotional distress damages to the plaintiff. The exact amount of unliquidated compensatory damages is for the determination by the finder of fact.

d. **Physical Injury/Medical Bills/Medications –** Uncertain, estimated to be in excess of $300,000.00. The plaintiff believes that her treating physicians will relate her repeated issues with congestive heart failure to the aggravation of her chronic fibrillation brought on by the stress, worry, and fear experienced by the plaintiff while she was and is concerned that the defendant's conduct will result in the loss of her home. Thus, the plaintiff believes that all medical bills paid by Medicare or Medicaid or secondary insurance related to the issues identified by her treating physicians are recoverable and properly repayable under a subrogation theory to the paying agency.

e. **Emotional Distress, Mental Anguish, and Psychological Damages** – The plaintiff cannot monetize general unliquidated compensatory damages. That is responsibility of the trier of fact. It is plaintiff's counsel's normal position not to seek a specific amount of pain and suffering or mental anguish damages but to rather place that burden upon the finder of fact based upon the evidence. Plaintiff's counsel will not "bushwhack" the defendant with a demand for a specific amount of damages at the trial of this matter. If plaintiff seeks a specific amount of mental anguish damages from the jury that amount will be disclosed prior to the trial.

f. **Pain and Suffering** – The plaintiff cannot monetize general unliquidated compensatory damages. That is responsibility of the trier of fact. It is plaintiff's counsel's normal position not to seek a specific amount of pain and suffering or mental anguish damages but to rather place that burden upon the finder of fact based upon the evidence. Plaintiff's counsel will not "bushwhack" the defendant with a demand for a specific amount of damages at the trial of this matter. If plaintiff seeks a specific amount of mental anguish damages from the jury that amount will be disclosed prior to the trial.

g. **Punitive Damages** – The plaintiff cannot monetize general unliquidated damages including punitive damages. That is responsibility of the trier of fact. It is plaintiff's counsel's normal position not to seek a specific amount of punitive damages but to rather place that burden upon the finder of fact based upon the evidence. Plaintiff's counsel will not "bushwhack" the defendant with a demand for a specific amount of damages at the trial of this matter. If plaintiff seeks a specific amount of punitive damages from the jury that amount will be disclosed prior to the trial.

Plaintiff suffered additional damages in legal fees and costs in this lawsuit and the corresponding foreclosure cases that continue to accrue.

Plaintiff will make available for inspection and copying, in accordance with Rule 34, non-privileged or otherwise non-protected documents relating to the computation of damages at a mutually agreeable time and place.

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Not applicable.

| | |
|---|---|
| December 27, 2014 | Respectfully submitted on behalf of |
| | Plaintiff Alena Hammer, |
| | /s/Ross Zambon |
| | Attorney for Plaintiff |

Sulaiman Law Group, Ltd.
Ross M. Zambon (ARDC # 6294149)
Mara A. Baltabols (ARDC # 6299033)
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
(630) 575-8181

## CERTIFICATE OF SERVICE

I, Ross M. Zambon, an attorney, certify that on December 27, 2014 I caused the foregoing **Amended Rule 26(a)(1) Disclosures** to be served upon counsel of record, as listed below, via email.

/s/ Ross M. Zambon
--------------------------------------------
ROSS M. ZAMBON, No. 6294149
SULAIMAN LAW GROUP, LTD.
Attorney for Plaintiff
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, ILLINOIS 60523
(630) 575-8181

**John P. Ryan**
Hinshaw & Culbertson LLP
222 N LaSalle Street, Suite 300
Chicago, IL 60601
jryan@hinshawlaw.com

7