# EXHIBIT H

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   ALENA W. HAMMER,                  )  Docket No. 13 C 6397
                                       )
 4                  Plaintiff,         )  Chicago, Illinois
                                       )  January 6, 2015
 5            v.                       )  9:04 a.m.
                                       )
 6   RESIDENTIAL CREDIT SOLUTIONS,     )
     INC.,                             )
 7                                     )
                    Defendant.         )
 8

 9             TRANSCRIPT OF PROCEEDINGS - Status
             BEFORE THE HONORABLE THOMAS M. DURKIN
10

11   APPEARANCES:

12
     For the Plaintiff:    SULAIMAN LAW GROUP LTD. by
13                         MR. ROSS M. ZAMBON
                           900 Jorie Boulevard
14                         Suite 150
                           Oak Brook, IL 60523
15

16
     For the Defendant:    HINSHAW & CULBERTSON LLP by
17                         MR. JOHN P. RYAN
                           222 N. LaSalle Street
18                         Suite 300
                           Chicago, IL 60601-1081
19

20
     Court Reporter:       LAURA R. RENKE, CSR, RDR, CRR
21                         Official Court Reporter
                           219 S. Dearborn Street, Room 1432
22                         Chicago, IL 60604
                           312.435.6053
23                         laura_renke@ilnd.uscourts.gov

24

25
```

1         (In open court.)
2             MR. ZAMBON:  Both here for Hammer.
3             THE COURT:  Hammer?  Okay.
4             THE CLERK:  Okay.  13 C 6397, Hammer v. Residential
5     Credit.
6             THE COURT:  Good morning.
7             MR. ZAMBON:  Good morning, your Honor.  Ross Zambon on
8     behalf of the plaintiff, Ms. Hammer.
9             MR. RYAN:  Good morning, your Honor.  John Ryan on
10    behalf of the defendant, RCS, Residential Credit Solutions.
11            THE COURT:  All right.  There's a March 23rd trial
12    date, which we're keeping, and a January 15th discovery cutoff,
13    and you were going to come back today and report on whether
14    that ought to be extended in light of scheduling of the
15    treaters and the defendants possibly retaining an expert to
16    respond to the treating physicians' testimony.
17            MR. ZAMBON:  So I can comment on some of this.  Two of
18    the doctors that we're planning to depose are not available
19    until the week of I think it's January 20th.  We scheduled it
20    for -- I think it's the week of January 19th.  We scheduled two
21    for January 21st.  We also scheduled the 30(b)(6) of RCS for
22    January 22nd.  They advised us they weren't even available
23    until January 12th, and we weren't available that week.
24            Final piece I'll add is we just got about a
25    hundred-document privilege log yesterday afternoon after

1 waiting three months, and there's two other key players in the
2 mix here that we'd likely try to depose over the next two or
3 three weeks.
4     THE COURT: Okay.
5     MR. RYAN: Your Honor, if I may follow up on that.
6     THE COURT: Sure.
7     MR. RYAN: The doctors, we sent subpoenas to the two
8 treating physicians that he's noticed up for subpoenas.
9 They -- one doctor has reported, so we do have some records.
10     THE COURT: All right.
11     MR. RYAN: But one of the big issues is the records
12 are limited to only a three-year span, and these are the same
13 records that they sent to us, like, just before Christmas. And
14 I don't understand why the doctor is limiting it to a
15 three-year span.
16     THE COURT: Maybe that's all he has.
17     MR. RYAN: But, well, in talking to opposing counsel,
18 he told the doctor just to give a three-year span to him. I
19 don't know if he was limiting my subpoena. I guess that's
20 something we can work out. If not, I'll bring a motion.
21     THE COURT: All right.
22     MR. RYAN: But, well, the reason why I raise it is it
23 may affect deposition dates because I still don't have all the
24 records.
25     THE COURT: All right. Well, we're still far out from

1   the trial date.  It's in the plaintiff's best interests,
2   obviously, to do everything they can to cooperate.  You know,
3   you can't force a treating physician to turn over records of
4   their doctors or third parties, but the plaintiff has a
5   relationship with them because she's their patient, and I would
6   think they'd be cooperative with you.
7            So if there are more records beyond the three-year
8   period that -- and you're going to be -- well, really more
9   records than the three-year period, they ought to be turning
10  them over.  And whatever you can do to persuade them to do it,
11  you ought to do it.
12           MR. ZAMBON:  Right.  And we requested records all the
13  way back from 2010.
14           THE COURT:  Okay.
15           MR. ZAMBON:  So I think we've got a lot of them.
16  We're still waiting on a couple.  But the two that we're
17  planning to depose, I think we have everything we need.  I'm
18  not sure if counsel agrees.  But we're going to move forward
19  with the dep on that date.
20           MR. RYAN:  Your Honor, I can't proceed with the
21  deposition if I don't have the records.
22           THE COURT:  No, that's not unreasonable.  You've got
23  three years from now, basically three years backwards from now.
24           MR. RYAN:  I think -- well, it actually goes back to
25  2011, but -- late 2011.  But if you recall, the first

1    foreclosure action was in 2010.
2             THE COURT:  All right.
3             MR. RYAN:  So a lot of these events happened in 2010,
4    not to mention I think she's got a lot of pre medical.  And
5    that's --
6             THE COURT:  No, no.  I understand.
7             Well, you can't go on these deps until the entirety of
8    the medical records are produced.  And, you know, I don't know
9    what the holdup would be.  But you're going to end up deposing
10   these doctors twice, and they're not going to want to do that.
11            And if it's a dep that proceeds without full medical
12   records, the problem is if your client is going to offer
13   medical testimony that she -- well, it's really not fair to the
14   defendants because if -- at her age, there's likely some
15   preexisting medical conditions that may have been exacerbated
16   by the events in the lawsuit, but they need to know, as will
17   their expert if they get one, what those preexisting medical
18   conditions are.
19            So if you're going to schedule a dep and go forward
20   with it, you've got to make sure the entirety of the medical
21   history of the plaintiff is available to the extent a doctor
22   has it.
23            MR. ZAMBON:  Sure.
24            THE COURT:  I mean, you're not going to go back to
25   when she was in her 20s or 30s, but certainly the entirety of

1    the records of the treating physician who is being deposed
2    ought to be produced.
3            And if they're not there, don't keep that dep date.
4    But the doctors don't want to do this twice, so they ought to
5    be able to get one of their admins to copy these things for
6    you.
7            But, you know, I just caution you to not do this more
8    than once.  I've had enough doctors as clients and as deponents
9    that -- they'll never sit a second time.
10           MR. ZAMBON:  Understand.  I'm going to go back and
11   look at the records.  I think they date back before what we're
12   discussing here today, into 2009 and into 2010.  But I'm going
13   to check myself, and we'll get in touch with them.
14           THE COURT:  Yeah.  I mean, if there's -- if it's a
15   preexisting condition that's been exacerbated, then they need
16   those documents relating to the preexisting condition if you
17   are going to allege, as you have, physical disabilities being
18   occasioned by the events in this case.  If that's your claim
19   for damages, you're going to have to make those kind of records
20   available.
21           So okay.  Well, do you have a date you want to suggest
22   for a discovery cutoff?  Because unless we set one, you'll be
23   taking deps on the morning of trial.
24           MR. ZAMBON:  Right.  I'd suggest the end of February.
25   I don't -- I understand the trial would be three weeks

1  thereafter.  But I think there's going to be at least with the
2  doctors a couple deps that are scheduled and a couple more to
3  be scheduled.  I think there's about six or eight more
4  depositions.
5              THE COURT:  All right.
6              MR. RYAN:  Your Honor --
7              THE COURT:  Well -- go ahead.
8              MR. RYAN:  -- if I may.
9              I just think it's unfair to my client because I'm
10 going to have a motion for summary judgment, I believe, as
11 well.
12             THE COURT:  Yeah.  They aren't going to go to damages,
13 though.  It's going to go to liability, I assume.
14             MR. RYAN:  Right, right.
15             THE COURT:  And that won't have anything to do with
16 doctors' testimony.
17             MR. RYAN:  And I'm totally fine with that.
18             But there -- I -- as of last week, I got a ten-page
19 30(b)(6) notice.  And so they've been sitting on this since
20 August.  I just feel -- I'm not trying to push back the trial
21 date, but I feel like --
22             THE COURT:  Nor can you.
23             MR. RYAN:  Nor can you.
24             But I'm not -- I feel like my hands are getting tied
25 here, like, because we're going to push it all the way up to

1  the end of February, the ADC date, and then I have three weeks
2  to brief a motion for summary judgment.
3         THE COURT:  Well, here's the story.  We'll make it the
4  fact discovery that doesn't deal with the medical condition of
5  the plaintiff is -- needs to be completed by the end of this
6  month.
7         Today is what, January 6th?  Lot of time between now
8  and January 31st.  Get it done before that.  That means,
9  Mr. Ryan, you're going to have to cooperate and have your
10 client available for that 30(b)(6) deposition.
11        And if there's any additional deps that the defendant
12 wants to take that go to fact discovery unrelated to damages,
13 get it done by the end of the month.  Okay?
14        Any reason why it can't be?
15        MR. ZAMBON:  As far as -- I can get it in by the end
16 of the month.  It's a matter of some of these parties'
17 availability.  But I --
18        THE COURT:  Well, what parties?  Other than the
19 treaters, which I'm going to give you more time on, we're
20 talking about a 30(b)(6) dep of the defendant.
21        MR. ZAMBON:  There's two -- two names that popped up
22 on this hundred-document privilege log.
23        THE COURT:  Okay.
24        MR. ZAMBON:  I think it's a guy named Sean Lill and a
25 guy with the last name Kaminski that we're probably likely

1  going to notice up.  But I think if they're going to cooperate,
2  we can get it done by the end of the month.
3          THE COURT:  Who are they?
4          MR. RYAN:  Your Honor, I'd have to look at the
5  privilege log again.  I can't recall off the top of my head, to
6  be honest with you.
7          THE COURT:  All right.  Well, make them available by
8  the end of the month.  Maybe a 30(b)(6) dep will solve the need
9  to take their deps, but you ought to be able to cooperatively
10 work this out.  I always say that, and we'll see.
11         All right.  End of January for fact discovery
12 unrelated to the medical condition of the plaintiff.  End of
13 February for that latter discovery.  And we'll keep all other
14 dates.
15         Now, there is briefing on a motion to dismiss that's
16 going on right now, correct?
17         MR. RYAN:  Correct.
18         THE COURT:  Okay.  And there's also a motion to strike
19 a portion of your motion to dismiss which was filed by the
20 plaintiffs.  I hate to engage in -- and then there was also a
21 motion for leave to seek punitive damages.
22         Do you want to respond in writing to the request for
23 punitive?
24         MR. RYAN:  Yes, your Honor.
25         THE COURT:  How much time do you want?

1     MR. RYAN: 14 days. I believe it's the same motion.
2 As you said before, you needed evidence or some -- something
3 other than just citing to the complaint, and all it's just
4 doing is just citing to the complaint again.
5     THE COURT: All right. Well, 14 days to respond.
6 Then I'll give you five days to file a reply. So I'll give you
7 the dates right now.
8     THE CLERK: The 20th and then the 26th.
9     THE COURT: Okay. And I'm going to have you back for
10 a status in early February. I'm going to rule orally on that
11 motion so that if I grant it, you have the entire month of
12 February to get the net worth information out, and if I deny
13 it, then so be it. So we'll give you an early February date.
14     And I'll talk about the motion to dismiss in a minute.
15     THE CLERK: How about February the 5th at 9:00.
16 That's a Thursday. Does that work for everyone?
17     MR. RYAN: Yes, sure. Thank you.
18     THE COURT: All right. So that will be the status.
19 And I will rule on the net worth damage issue for punitive
20 purposes on that date.
21     All right. Now, the motion to strike a portion of
22 defendant's motion to dismiss. I understand why you made the
23 motion. On the other hand, it's just briefing about briefing,
24 you know, and that's not all that helpful. I'll give you more
25 time to file your brief because you should file a substantive

1   response to it.  And you want through January 8th to file it?
2           MR. ZAMBON:  Yeah, that will be sufficient.
3           THE COURT:  All right.  I think you had till when,
4   today?
5           MR. ZAMBON:  Today.
6           THE COURT:  Yeah.  No, you can have the extra time.
7   You can incorporate this if you want.
8           MR. ZAMBON:  Okay.
9           THE COURT:  I don't -- you don't have to refile
10  something -- you know, refile your same arguments.  You can say
11  that I ruled on this already and "see motion to strike."
12          MR. ZAMBON:  Okay.
13          THE COURT:  But in the event I don't agree with that,
14  you'd better respond substantively too.
15          Okay.  All right.  So if I give you till January 8th,
16  that pushes your reply back.  Whatever time you had, it pushes
17  it back two more days.
18          MR. RYAN:  Your Honor, I believe it's on a Friday, so
19  it would probably be the Monday.
20          THE COURT:  All right.  So the following -- I'll give
21  you till the following Wednesday to file the reply.
22          MR. RYAN:  Okay.  Thank you, your Honor.
23          THE COURT:  So that's what?
24          THE CLERK:  The following Wednesday would be the 14th.
25          THE COURT:  Okay.  And you'll have through the 8th,

1    which is, what, Thursday?  Friday?
2              MR. ZAMBON:  That's the Thursday.
3              THE COURT:  All right.  And you can make it by that
4    date?
5              MR. ZAMBON:  Sure.  I'll take till Friday if the Court
6    is fine with it.
7              THE COURT:  Yeah, I'll give you till Friday.
8              MR. ZAMBON:  I appreciate it.  Okay.
9              THE COURT:  Take it till Friday the 9th.
10             MR. ZAMBON:  Okay.
11             THE COURT:  And then the 14th is still fine.  Or you
12   want the 15th?
13             MR. RYAN:  Are we talking about February or January?
14             THE COURT:  January.
15             MR. RYAN:  Oh, I had until January 30th --
16             THE COURT:  Oh, you did?  For the -- oh, I'm sorry.
17             MR. RYAN:  -- to reply.
18             THE COURT:  I'm off by a month.  All right.
19             THE CLERK:  So you want February 4th?
20             MR. RYAN:  Yeah, that would be fine, your Honor.
21             THE COURT:  Yeah, okay.
22             All right.  So that will resolve how we're going to
23   deal with the motion to dismiss.  And I don't know if I'll have
24   a ruling for you on the 5th if your filing is by the 4th, but
25   we'll see on the motion to dismiss.

```
 1              It's not going to affect the fact we have a trial.
 2   It's just, as I said before, which counts are going to trial
 3   and what our instructions look like.
 4              Okay.  Anything else we need to deal with?
 5              MR. RYAN:  No.
 6              MR. ZAMBON:  I think that's it.
 7              MR. RYAN:  Your Honor, would you like to set a
 8   pretrial date today or --
 9              THE COURT:  Yeah.  I think -- we didn't have a
10   pretrial conference date set?
11              MR. RYAN:  No.
12              THE COURT:  All right.  Let's set one.
13              So let's set it for -- with the trial being
14   March 23rd, let's set it for the 19th.
15              THE CLERK:  You've got the judges' meeting that day.
16              THE COURT:  Oh, do I?  All right.  We'll do it right
17   after the judges' meeting.  I don't think I'm on trial that
18   week, am I?
19              THE CLERK:  No.
20              THE COURT:  All right.  We'll do it at 2:00 on the
21   19th.  And all motions *in limine* to be filed -- did we do
22   motions *in limine* dates before?
23              MR. RYAN:  No, your Honor.
24              MR. ZAMBON:  No.
25              THE COURT:  All right.  All motions *in limine* to be
```

1  filed by March 5th, any responses by March 12th, and the final
2  pretrial order to be filed by March 16th.
3          And I'll give you rulings on the motions *in limine* on
4  the -- at the final pretrial conference on the 19th.  Okay?
5          MR. RYAN:  Thank you, your Honor.
6          THE COURT:  Great.
7          MR. ZAMBON:  Thank you, your Honor.
8          THE COURT:  All right.  Thank you.
9       (Concluded at 9:16 a.m.)
10                      C E R T I F I C A T E
11    I certify that the foregoing is a correct transcript of the
12  record of proceedings in the above-entitled matter.
13
14  */s/ LAURA R. RENKE*                          *March 24, 2015*
    LAURA R. RENKE, CSR, RDR, CRR
15  Official Court Reporter