**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | File No. 1:13-cv-6397 |
| | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Honorable Judge Durkin |

**PRETRIAL MEMORANDUM**

**1.     Trial Attorneys:**

**Plaintiff's Attorneys**:

Nicholas Heath Wooten
Nick Wooten, LLC
1702 Catherine Court
P.O. Box 3389
Auburn, AL 36831
(334) 887 – 3000 Office
(334) 497 – 2132 Cell
nick@nickwooten.com

Ross M. Zambon
Sulaiman Law Group, Ltd.
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
(630) 575-8181 Office
(217) 898 – 3939 Cell
rzambon@sulaimanlaw.com

Mara A. Baltabols
Sulaiman Law Group, Ltd.
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
(630) 575-8181 Phone
mbaltabols@sulaimanlaw.com

1

Ahmad Tayseer Sulaiman
Sulaiman Law Group, Ltd.
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
(630) 575-8181 Phone
ahmad.sulaiman@sulaimanlaw.com

**Defendant's Attorneys**:

John P. Ryan
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3464 Phone
jryan@hinshawlaw.com

James M. Lydon
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3561 Phone
jlydon@hinshawlaw.com

David M. Schultz
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000 Phone
dschultz@hinshawlaw.com

Palak Naimesh Shah
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000 Phone
pshah@hinshawlaw.com

Linnea L. Schramm
Hinshaw & Culbertson LLP

> 222 N. LaSalle Street, Suite 300
> Chicago, IL 60601
> (312) 704-3000 Phone
> lschramm@hinshawlaw.com

2. **Case Statement:**

   *(a)    the nature of the case;*

   PLAINTIFF'S PROPOSED STATEMENT OF THE CASE:

   Alena Hammer is the plaintiff in this action and is a resident of Villa Park, Illinois. Residential Credit Solutions, Inc., referred to as RCS, is a national mortgage servicer whose principal business operations are located in Texas.

   Hammer alleges that while RCS serviced her mortgage loan that RCS breached a contract for a loan modification, violated the Illinois Consumer Fraud and Deceptive Business Practices Act and the Real Estate Settlement Procedures Act. RCS denies all of Hammer's allegations. The Jury in this matter will be called upon to decide this dispute.

   DEFENDANT'S PROPOSED STATEMENT OF THE CASE:

   Alena Hammer is the plaintiff in this action and is a resident of Villa Park, Illinois. Residential Credit Solutions, referred to as RCS, is the defendant in this action.

   Hammer alleges that RCS breached a contract for a loan modification, violated the Illinois Consumer Fraud and Deceptive Business Practices Act and the Real Estate Settlement Procedures Act. RCS denies Hammer's allegations.

3. **Trial Length and Number of Jurors:**

   Hammer now believes that the trial can be completed in three full days but RCS still believes the trial will take five days. Both parties recommend 12 jurors be selected.

4. **Witness Lists:**

   **Plaintiff's Witness List**

   **(a) Witnesses who will be called**:

3

131032199v1 0951421

1. **Alena Hammer** – Hammer will testify as to her actions with respect to the mortgage loan and the allegations in the complaint, RCS's conduct and actions with respect to the mortgage loan and allegations in the complaint, and the effect of RCS's conduct on Hammer;
2. **Dr. Ofelia Phillips, M.D.** – Dr. Phillips is Hammer's primary care physician. Dr. Phillips will testify as to her observations, diagnosis, and treatment of Hammer including prescriptions issued during the course of her treatment and care of Hammer; RCS objects to this witness for the reasons explained in RCS's motion in limine.
3. **Dr S.J. Hasanain, M.D.** – Dr. Hasanain is Hammer's cardiologist. Dr. Hasanain will testify as to his observations, diagnosis, and treatment of Hammer including prescriptions issued during the course of his treatment and care of Hammer; RCS objects to this witness for the reasons explained in RCS's motion in limine.
4. **Ann O'Malley** – O'Malley is Hammer's neighbor of 27 years. O'Malley observed Hammer's physical and mental health during the relevant time period and assisted Hammer with maintenance of her home; RCS objects to this witness as she admitted that she did not really see the Plaintiff at all in 2010 and all of her knowledge regarding Ms. Hammer's physical and mental health is based upon hearsay statements from Ms. Hammer.
5. **Spencer Cull** – Cull is RCS's corporate representative. Cull was a supervisor, manager or director in RCS's loss mitigation department during the time RCS's serviced Hammer's mortgage loan and has information as to RCS's conduct and handling of Hammer's account;
6. Any individual designated by RCS as its corporate representative, even if for appearance purposes only, or any employees of RCS on RCS's witness list.
7. Any witness needed solely for rebuttal.

**(b) Witnesses who may be called**:

8. **Mike Hammer** – Mike Hammer is Alena Hammer's son. Mike Hammer observed Alena Hammer's physical and mental health during the relevant time period and assisted Hammer with day to day activities;
9. **Scott Brower** – Brower was Hammer's attorney in the first foreclosure case;
10. **A corporate representative of Ocwen Loan Servicing, LLC** – Ocwen was the successor servicer to Hammer's mortgage loan beginning in December 2013. Ocwen knows that status of the Hammer's loan as sold by RCS;
11. Any person listed on RCS's witness list but not named on Hammer's witness list.

4

**(c) Witness whose testimony Plaintiff will present by deposition or other testimony**:

12. **Spencer Cull** - Cull is RCS's 30(b)(6) deponent. Hammer may use portions of Cull's 30(b)(6) testimony via video for impeachment purposes;
13. **Ocwen Loan Servicing, LLC** – Hammer may use affidavits of Ocwen to authenticate its business records or for rebuttal purposes.

**Defendant's witness list**

    **(a)    Witnesses who will be called:**

    **1)    Joseph Giralamo.** He is expected to testify regarding his representation of Ms. Hammer which included her application for a loan modification. He is expected to testify regarding his correspondence with AmTrust, RCS and any other persons who he had discussions with regarding Ms. Hammer's mortgage. Mr. Giralamo is expected to testify regarding why his representation of Ms. Hammer ended.

    **2)    Scott Brower will testify via deposition.** He will testify regarding his representation of Ms. Hammer in the first foreclosure action. He will testify regarding the basis of his motion to dismiss, that Ms. Hammer verified the factual basis of the motion to dismiss and the Court's ruling. Mr. Brower will also testify regarding his conversation with Mike Hammer. Mr. Brower will also testify regarding how he no longer represented Ms. Hammer following the hearing on the motion to dismiss. Please see the attachment for the designation. Plaintiff objects to Mr. Brower's testimony by deposition as there is no showing that he is unavailable and the defendant has refused to agree to the introduction of deposition testimony of Hammer's physicians.

    **3)    Jack Kozar will testify via deposition.** He will testify regarding his representation of Ms. Hammer in the second foreclosure action. Mr. Kozar will testify regarding how he believed that he was able to obtain a resolution for Ms. Hammer. He will also testify regarding the amount of money that Ms. Hammer's son, Mike Hammer, wished to recover from RCS. Please see the attachment for the designation. Plaintiff objects to Mr. Kozar's testimony by deposition as there is no showing that he is unavailable and the defendant has refused to agree to the introduction of deposition testimony of Hammer's physicians.

    **4)    Jason Robin, M.D., F.A.C.C.** is expected to testify consistent with his expert report and disclosure.

    **(b)    Witnesses who may be called:**

      **1)**     **Robert Spickerman.** He works as attorney with Codilis & Associates and he may be to testify regarding his correspondence with Jack Kozar, Ms. Hammer and her son regarding the foreclosure. He is also expected to testify regarding his attempts to resolve the foreclosure action with Mr. Kozar, but, Ms. Hammer refused and wished to continue the litigation. He is also expected to testify regarding his knowledge of Ms. Hammer's account and the procedural history of the foreclosure actions.

      **2)**     **Courtney Nogar.** She worked as attorney with Codilis & Associates and she may be called to testify regarding her correspondence with Jack Kozar, Ms. Hammer, her son and/or Scott Brower regarding the foreclosure. She is also expected to testify regarding her attempts to resolve the back payments that Ms. Hammer owed. She is also expected to testify regarding his knowledge of Ms. Hammer's account and the procedural history of the foreclosure actions.

      **3)**     **Undisclosed FDIC or AmTrust employee.** Counsel is still diligently attempting to locate any person with knowledge of Ms. Hammer's account from the FDIC or any former AmTrust employee. Our investigation to date has not been successful.

      **4)**     **Mike Hammer.** He may be called to testify regarding his knowledge of the foreclosure actions including but not limited to his interaction with his mother's attorneys and communication that he had with his mother. Mr. Hammer is also expected to testify regarding the reasons why his mother fired her previous attorneys.

      **5)**     **Alena Hammer.** She may be called to testify regarding her allegations and her claims in operative complaint. She also may be called to testify regarding her mortgage, the alleged modification and the foreclosure actions.

      **6)**     **Spencer Cull.** He may be called to testify in his capacity as a representative for RCS regarding his knowledge of Ms. Hammer's account.

5. **Exhibit Lists:**

Please see Exhibit III-P and III-D attached hereto. These are the parties' exhibit lists along with the parties' objections.

**6.**     **Motions in Limine**

    **Both Hammer and RCS agree:**

    a. Not to reference any motions in limine;
    b. Not to reference any settlement discussions in 13-cv-6397;
    c. To bar non-party witnesses from the courtroom prior to their testimony;

   d. Not to reference the Court's prior orders in this case on motions to dismiss, motions in limine, and discovery motions;
   e. Not to mention whether a party refused to stipulate to a fact;
   f. Not to mention any prior versions of the complaint other than the operative complaint;
   g. Not to reference a fee-shifting statute or that Hammer may have a contingency attorney's fee agreement;
   h. Not to use the following phrases: (a) McDonald's coffee cup case and its derivatives; (b) Runaway jury verdict; (c) Lawsuit lottery; (d) Frivolous lawsuit; (e) Jackpot Justice, or (f) Comparisons of the case to gambling.
   i. Not to mention the size of RCS's attorney's law firm;
   j. Not to mention liability insurance;
   k. Not to mention what Hammer would do with the proceeds from a judgment;
   l. Not to mention Hammer's religious faith;
   m. The Golden Rule;
   n. Not to present evidence of loss of equity in Hammer's home;
   o. Not to present a day in the life evidence for Hammer.

**7.** **Voir Dire Questions**

Please see exhibit I-P Hammer's *voir dire* questions and RCS's objections and I- D which is RCS's proposed *voir dire*.

Please see exhibit II-P Hammer's proposed Jury Questionnaire and RCS's objections and II-D RCS's proposed jury questionnaire.

**8.** **Jury Instructions and Verdict Forms**

Please see Exhibit IV-P attached hereto is Hammer's proposed jury instructions and RCS's objections and Exhibit IV-D RCS's proposed jury instructions and Hammer's objections.

Hammer's verdict forms are attached as Exhibit V-P and RCS's proposed jury verdict forms are attached as Exhibit V-D.

**9.** **Trial Briefs**

None.

Respectfully submitted, this ___ day of April, 2015.

/s/ Nicholas Heath Wooten
Nicholas Heath Wooten (WOO084), *pro hac vice*
Nick Wooten, LLC
1702 Catherine Court
 P.O. Box 3389
Auburn, Alabama, 36831
(334) 887-3000 Phone
 nick@nickwooten.com

/s/ Ross M. Zambon
Sulaiman Law Group, Ltd.
Ross M. Zambon - ARDC # 6294149
Mara A. Baltabols - ARDC # 6299033
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
rzambon@sulaimanlaw.com