**RESIDENTIAL CREDIT SOLUTIONS INC.'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**DISPUTED**

**HAMMER'S PROPOSED INSTRUCTION NO. 1**
**FIRST CLAIM – BREACH OF CONTRACT IPI 700.01, 700.02 AS MODIFIED**

The first claim to be decided by you is for breach of contract, which is a state law claim.

In order to recover for breach of contract, Hammer has the burden of proving by the preponderance of the evidence that:

1. There was a binding contract;

2. Hammer performed under the contract;

3. RCS breached the contract; and

4. Hammer suffered damages as a result of RCS's breach.

I will explain these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven by a preponderance of the evidence, then you must find in favor of RCS. If you find from your consideration of all the evidence that each of the above elements have been proven by a preponderance of the evidence, then you must find in favor of Hammer and consider the amount of damages to be awarded.

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------


Authorities:

IPI 700.01, 700.02 as modified. *Demes v. ABN Amro Services Co., Inc.*, 2001 WL 563813, at *1 (N.D.Ill. 2001); *Petri v. Gatlin*, 997 F.Supp. 956, 963-64 (N.D.Ill. 1997); *Barille v. Sears Roebuck & Co.,* 289 Ill.App.3d 171, 175, 682 N.E.2d 118, 121 (Ill.1997); *Wigod v. Wells Fargo, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012).

**Defendant's Objections/Comments – the elements should be more clearly stated. Plaintiff is required to prove that the contract existed before RCS began servicing her loan and that she performed all of the obligations.  Plaintiff's proposed instruction uses legal terms that may be confusing to the jury (i.e., stating "RCS breached the contract").  The instruction should also include that if the elements are proven, jury must consider affirmative defense.   See Defendant's proposed instruction:**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26**
**Breach of Contract Dispute as to Contract Formation**

Under Count I, Alena Hammer claims she is entitled to recover contract damages from Residential Credit Solutions, Inc., for breach of contract. Alena Hammer has the burden of proving:

1. The existence of a contract for a loan modification between Alena Hammer and the FDIC before the loan was transferred to Residential Credit Solutions, Inc.

2. Performance by Alena Hammer of all the her obligations.

3. Residential Credit Solutions, Inc.'s failure to perform its obligations under the contract.

4. Resulting damage to Alena Hammer

I will explain and define these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of Residential Credit Solutions, Inc. If you find that each of the above elements has been proven then you must find for Alena Hammer unless you determine that Residential Credit Solutions has proven an affirmative defense to Hammer's breach of contract claim. I will give you separate instructions regarding Residential Credit Solutions affirmative defenses.

If you find that each of the above elements has been proved, then you must consider Residential Credit Solutions, Inc.'s claims of affirmative defenses. Residential Credit Solutions, Inc. claims and has the burden of proving its affirmative defenses. Alena Hammer denies Residential Credit Solutions, Inc.'s affirmative defenses.

**Authority: "Illinois Pattern Jury Instructions – Civil, 700.02"** *drafted by the Supreme Court Committee on Jury Instructions in Civil Cases.*

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

**Plaintiff failed to include instructions on the elements to prove the formation of a contract. Plaintiff must first prove the existence of a contract, then comes performance. Defendant proposes the following instruction:**

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27
**700.03 Proof of Formation of Contract**

**Comment [A1]:** Consider this if the Judge doesn't rule the contract exists.

As stated in Instruction 26, the first element of a contract claim Alena Hammer must prove is the existence of a contract. There is a contract if ~~a~~ Alena Hammer proves there was an loan modification offer by the FDIC ~~before the loan was transferred to Residential Credit Solutions Inc. and~~, acceptance of that offer by Alena Hammer and consideration between the parties.

Alena Hammer claims the parties entered into a loan modification contract.
To prove the existence of a contract between Alena Hammer and Residential Credit Solutions, Inc., Alena Hammer has the burden of proving each of the following propositions:

First the FDIC must have made an offer to Alena Hammer ~~before the loan was transferred Residential Credit Solutions, Inc.~~
.

1. An *"offer"* is a communication of a willingness to enter into a contract. The communication must satisfy four conditions:

      [1] the communication must have included a definite promise by the person making the communication, showing a willingness to make an agreement;

      [2] the important and necessary terms must be definite;

      [3] the terms must be communicated by words or conduct to the other party; and

      [4] the communication must give the other party the power to agree to its terms.

2. Second Alena Hammer must prove she accepted an offer made by the FDIC before the loan was transferred.

"Acceptance" of an offer is a communication of agreement to the terms of the offer. For the acceptance to be valid:

      [1] Alena Hammer, must have agreed to all of the material terms in the offer; and

      [2] Alena Hammer, must have communicated agreement to the FDIC according to the terms by accepting the offer in writing.

3. Third the agreement included an exchange of promises or value, which is known as consideration. There is sufficient consideration if Alena Hammer can prove that something of value was bargained for by the parties and given by one party in exchange for the other's promise. "Something of value" may consist of a promise, an act, a promise to act or not act, or any payment that was of benefit to one party or a disadvantage to the other.

~~Modification: A modification of a contract is a change in one or more respects that introduces new elements into the details of the contract. No contract can be modified by only one party, without knowledge and consent of the remaining party to the agreement. If Alena Hammer changed the terms of an offer from the FDIC, then Alena Hammer made a counter offer, which does not qualify as acceptance. A counter offer requires acceptance in writing from the FDIC before the loan was transferred or acceptance in writing from Residential Credit Solutions, Inc. after the loan was transferred.~~

~~You will address these issues in questions 1 through 3 of your verdict form.~~

> **Comment [A2]:** Don't consent to verdict by interrogatories.

**Authority:** *Modified* "Illinois Pattern Jury Instructions – Civil, 700.03" *drafted by the Supreme Court Committee on Jury Instructions in Civil Cases*; *Schwinder v. Austin Bank of Chi.*, 348 Ill.App.3d 461, 809 N.E.2d 180, 189 (1st Dist. 2004); *Brooks v. Village of Wilmette*, 72 Ill.App.3d 753, 391 N.E.2d 133, 136, 28 Ill.Dec. 934 (1st Dist. 1979).

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Objection: This instruction ignores the evidence in the case and the binding effect of the FDIC's decision to modify Hammer's loan, the State Court's rulings in dismissing the first foreclosure action, the State Court's rulings in the second foreclosure action with respect to both the motion to dismiss and the motion to stay filed by Mr. Ryan.

6

**HAMMER'S PROPOSED INSTRUCTION NO. 2**
**FIRST CLAIM – PERFORMANCE BY HAMMER IPI 700.07 AS MODIFIED**

As stated in Instruction 1, as the second element of a contract claim, Hammer must prove that she performed all obligations required of her under the loan modification contract. To recover on her claim, Hammer must prove by the preponderance of the evidence that Hammer did what the contract required her to do as follows:

1. Complied with the loan modification provided by the FDIC;
2. Properly tendered payments over the period of time that RCS serviced the loan;
3. Maintained hazard insurance on the subject property;
4. Paid her property taxes.

> **Comment [A3]:** Fine with this change.

Given -----------------
Given as Modified -----------------
Refused -----------------
Withdrawn ----------------

Authorities:

IPI 700.07 as modified. *Thilman & Company v. Esposito*, 87 Ill.App. 289, 296; 408 N.E.2d 1014, 1020; 42 Ill.Dec.305, 311 (1st Dist.1980). *Wigod v. Wells Fargo, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012).

**Defendant's Objections:** The obligations numbered 3 and 4 in this instruction were not part of the alleged contract at issue. This case is not about performance, but rather, whether a contract was ever formed. The additional obligations in Defendant's proposed instruction below should be included in the instruction because those were required under the contract that Plaintiff alleges existed.

7

**Error! Unknown document property name.**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28**
**700.07 Performance by Plaintiff**

As stated in Instruction 26, as the second element of a contract claim, Alena Hammer must prove is she performed all obligation(s) required of her under the contract. To recover on her claim, Alena Hammer must prove she did what the contract required her to do, as follows:

(1) ~~Sign, notarize and  return the loan modification before June 25, 2010 without making any changes to it; And~~ Performed her obligations under the loan modification agreement.

(2)  Make timely monthly payments of $749.88 per month to the holder of the note.

~~You will address this issue in question 4 on your verdict.~~

The defendant cannot redefine the issues for trial through the jury instructions. The statement in paragraph 1 of this instruction is improper and completely ignores the evidence and prior rulings in the case.

**Formatted:** Indent: Left:  0"

**Authority: "Illinois Pattern Jury Instructions – Civil, 700.07"** *drafted by the Supreme Court Committee on Jury Instructions in Civil Cases*.

GIVEN:_____

REFUSED:_____

8

Error! Unknown document property name.

WITHDRAWN:_____

OBJECTION:_____

## DISPUTED

## HAMMER'S PROPOSED INSTRUCTION NO. 3
## FIRST CLAIM – BREACH OF CONTRACT IPI 700.10 AS MODIFIED

Generally, if a party fails to perform its obligations according to the terms of a contract, the party has breached the contract. You must decide whether RCS failed to do what RCS was required to do under the contract.

As stated in Instruction 1, the third element of a contract claim which Hammer must prove is RCS's breach of the contract. To recover on her claim, Hammer has the burden to prove RCS failed to do something the contract required it to do. ~~Hammer claims and has the burden of proving that under the contract RCS was required to do the following:~~

> **Comment [A4]:** Don't agree to these changes

~~1. Honor the loan modification provided by the FDIC;~~
~~2. Properly receive, apply, and credit Hammer's payments tendered by Hammer over the period of time that RCS serviced the loan;~~
~~3. Comply with a court order affirming the loan modification;~~
~~4. Provide accurate repayment and reinstatement figures;~~
~~5. Provide an accurate accounting;~~
~~6. Comply with Federal law governing the management of escrow accounts; and~~
~~7. Conduct its affairs in good faith.~~

~~Hammer claims RCS breached the loan modification and mortgage contract by:~~

~~1. Refusing to honor the loan modification provided by the FDIC;~~
~~2. Failing to properly receive, apply, and credit Hammer's payments tendered by Hammer over the period of time that RCS serviced the loan;~~
~~3. Failing to comply with a court order affirming the loan modification;~~
~~4. Providing inaccurate and conflicting repayment and reinstatement figures;~~
~~5. Failing to provide and accurate accounting of the loan;~~
~~6. Failing to comply with Federal law governing the management of escrow accounts; and~~
~~7. Failing to conduct is affairs in good faith.~~

RCS claims it did not breach the contract. ~~because Hammer failed to tender all payments due.~~

Given ----------------
Given as Modified ----------------

9

**Error! Unknown document property name.**

Refused ----------------
Withdrawn ----------------

Authorities: IPI 700.10 as modified. *Wigod v. Wells Fargo*, *N.A.*, 673 F.3d 547, 560 (7th Cir. 2012).

**Defendant's Objections:** Defendant objects to this instruction entirely. This case is not about performance, but rather, whether a contract was ever formed. Moreover, none of the "obligations" that Plaintiff lists in this instruction are part of the alleged contract Plaintiff claims existed. The whole issue in this case is whether there was a contract, and if so, what it was. This instruction improperly answers those questions of fact for the jury.

Additionally, Plaintiff should not be allowed to make her case in the instructions. It is not necessary for her to list the ways in which she believes RCS "breached a contract". That is reserved for trial. Listing Plaintiff's allegations and arguments in an instruction is improper and unfairly prejudicial. Plaintiff bears the burden of proving the existence of a contract, if she does so, she can argue at trial what the terms of the contract were and whether Defendant breached any of those terms.

**Plaintiff's Response:** It is proper for the Court to delineate for the jury ways in which the contract was breached to clarify the types of conduct and actions by RCS which would amount to a breach of the contract. This listing of these ways in which Hammer contends the contract was breached does not "make an argument" or an "allegation" in the instruction. These are the ways that Hammer contends RCS breached the contract. If the Court agrees this conduct would be a breach of the contract then it would be proper for the Court to give the jury those instructions to clarify what constitutes a breach of the contract in question.

Error! Unknown document property name.

**Plaintiff failed to include "No Need to Consider Damages Instruction" – See Defendant's Proposed Below which should be included:**

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30
**NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for Residential Credit Solutions, Inc. on the question of liability, then you should not consider the question of damages.

**Plaintiff's Response:** Plaintiff agrees that a charge of this nature should be given but that it should be given one time and the timing of the delivery of the instruction should be in the discussion of damages in the overall jury instructions. Plaintiff did not include this charge because the Court's PTO states that only jury charges on the applicable legal questions should be offered and that the general pattern charges would be provided by the Court.

> Formatted: Font: Not Bold

**Authority: 7th Cir. pattern instruction 1.31.**

GIVEN:_____

REFUSED:_____

11

Error! Unknown document property name.

WITHDRAWN:_____
OBJECTION:_____

12

Error! Unknown document property name.

**HAMMER'S PROPOSED INSTRUCTION NO. 4**
**FIRST CLAIM – DAMAGES ELEMENT IPI 700.11 AS MODIFIED**

The last element of a contract claim is damages. You must decide whether Hammer sustained damages as a result of RCS's breach of the contract. Hammer must prove she sustained damage resulting from RCS's breach. To recover on her claim, Hammer must prove that because of RCS's failure to perform on the contract, Hammer has been damaged ~~or has not received the benefits~~ to which she is entitled under the contract.

RCS has denied that Hammer has ~~sustained suffered~~ any damages.

~~You will address the issues in question 7 on your verdict form.~~

> Comment [A5]: Don't agree to this change

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities: IPI 700.11 as modified.

**Defendant's Objections: This instruction is agreeable with these modification to conform with the pattern instruction.**

13

Error! Unknown document property name.

**DISPUTED**

**HAMMER'S PROPOSED INSTRUCTION NO. 5**
**FIRST CLAIM – MEASURE OF DAMAGES ELEMENT IPI 700.13 AS MODIFIED**

If you find in favor of Hammer, you must then decide how much money, if any, would fairly compensate Hammer for RCS's breach of contract. Hammer has the burden of proving each element of damages claimed and that they occurred as a direct and natural result of RCS's breach. In calculating Hammer's damages, you should determine the sum of money that will put Hammer in as good a position as she would have been in if ~~Alena Hammer and~~ RCS had performed all of their promises under the contract.

> **Comment [A6]:** Don't agree to change.

Given -----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities:

IPI 700.13 as modified.

**Defendant's Objections:** Defendant objects to this instruction entirely.  This is *not*  based on IPI 700.13. Rather, Defendant's proposed Instruction below on damages *is*  modeled directly after IPI 700.13.   Plaintiff's cited authority is misstated and inaccurate.  The explanation of direct vs. incidental damages is necessary for the jury and is part of the IPI.  This must be included to provide clarity for the jury in assessing damages. See Defendant's proposed:

Error! Unknown document property name.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31
700.13 Damages

If you find in favor of Alena Hammer you must then decide how much money, if any, would fairly compensate Alena Hammer for the breach of contract. Alena Hammer has the burden of proving each element of damages claimed and that they occurred as a direct and natural result of Residential Credit Solutions, Inc.'s breach. In calculating Alena Hammers' damages, you should determine that sum of money that will put Alena Hammer in as good a position as she would have been in if both Alena Hammer and Residential Credit Solutions, Inc., had performed all of their promises under the contract.

Alena Hammer seeks an award of several different categories of contract damages.

[1] Direct damages for:

"Direct Damages" are the amount of gain Alena Hammer would have received if the parties had fully performed the contract. You calculate the amount of this gain by determining the value of the contract benefits Alena Hammer did not receive because of Residential Credit Solutions, Inc.'s breach and then subtracting from that value, the amount you calculate the value of whatever expenses Alena Hammer saved because of the breach.

[2] Incidental damages for:

Incidental damages are different from direct and special damages.

"Incidental Damages" are costs that were reasonably spent either in responding to Residential Credit Solutions Inc.'s breach of the contract or in securing the benefits Residential Credit Solutions, Inc. was to have provided.

You will address these issues in questions 7 through 9 of your verdict form.

**Authority: "Illinois Pattern Jury Instructions – Civil, 700.13"** *drafted by the Supreme Court Committee on Jury Instructions in Civil Cases.*

Comment [A7]: Atrocious

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

15

Error! Unknown document property name.

**DISPUTED**

**HAMMER'S PROPOSED INSTRUCTION NO. 6**
**FIRST CLAIM – MEASURE OF EMOTIONAL DISTRESS DAMAGES**
**SPECIAL INTERROGATORY NO. 1**

Damages for emotional distress under breach of contract are treated differently than any other damages under breach of contract. You should only award emotional distress damages for breach of contract if you determine that Hammer has proven by a preponderance of the evidence either of the following:

(a) That the breach of contract by RCS was wanton and reckless and caused bodily harm to Hammer;

or

(b) That RCS had reason to know, at the time the contract was made, that the breach would cause more than a pecuniary loss.

If you decide in favor of Hammer on this issue, there is no fixed standard or measure in the case of intangible items such as anxiety, humiliation, embarrassment, mental anguish and emotional distress. You must determine a fair and adequate award for those items using your judgment and experience in the affairs of the world considering all the facts and circumstances presented during the trial of this case. A person may recover for emotional distress based on her own subjective testimony about her feelings. She does not have to introduce medical or other testimony.


Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------


Authorities: *Woodard v. Chicago Bd. of Educ.*, No. 00 C 5515, 2001 WL 1631892, at *3 (N.D.Ill. Dec. 18, 2001) ("[C]ompensation for emotional distress is allowed where the breach of contract was wanton or reckless and caused bodily harm or where the defendant had reason to know, when the contract was made, that its breach would cause more than pecuniary loss."); *Stafford v. Puro,* 63 F.3d 1436, 1443 (7th Cir.1995) ("[D]amages for breach will not be given as compensation for mental suffering except where the breach was wanton or reckless and caused bodily harm, or where defendant had reason to know, when the contract was made, that its breach would cause more than mere pecuniary loss."); *Morrow v. L.A. Goldschmidt*, 112 Ill.2d 87 (1986); *Maere v. Churchill,* 116 Ill.App.3d 939, 944 72 Ill.Dec. 441, 444, 452 N.E.2d 694, 697 (3d Dist.1983) ("In the contract area, damages for breach will not be given as compensation for mental

16

Error! Unknown document property name.

suffering, except where the breach was wanton or reckless and caused bodily harm, or where the defendant had reason to know, when the contract was made, that its breach would cause mental suffering for reasons other than mere pecuniary loss.") (citing *Restatement (Second) of Contracts*, sec. 353, at 149 (1981) ("Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result.")).

*Harms v. Laboratory Corp. of America*, 155 F.Supp.2d 891, 899 (N.D.Ill. 2001) (a party may testify as to her emotional state, and explaining the circumstances surrounding her injury); *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 187-88 (D. Del. 1990); *Bryant v. TRW, Inc*., 487 F. Supp. 1234, 1238 – 1239 (D. Mich. 1980), aff'd 689 F.2d 72 (6th Cir. 1982); *Johnson v. Dept. of Treasury, I.R.S*., 700 F.2d 971, 977 (5th Cir. 1983); *Jones v. Credit Bureau of Huntington*, 399 S.E. 2d 694, 699 fn. 5 (W.Va. 1990); *Giordano v. Giordano*, 39 Conn. App. 183, 207-08, 664 A.2d 1136 (1995); *Oakes v. New England Dairies, Inc*., 219 Conn. 1, 13, 591 A.2d 1261 (1991); *Berry v. Loiseau*, 223 Conn. 786, 811, 614 A.2d 414 (1992).

**Defendant's Objections:** Defendant objects to this Instruction as a whole. Defendant objects for the reasons stated in its Motion in Limine # 6. Additionally, Emotional Distress damages a part of incidental damages which were explained in an earlier instruction. This is not a valid instruction, but rather, an argument to the jury as to why Plaintiff should be awarded emotional distress damages *as part of* her incidental damages. Plaintiff can make this claim to the jury at trial but cannot assert her arguments through an instruction. Defendant also objects to the numerous parentheticals plaintiff recites in the authority for this improper instruction. Plaintiff is attempting to lay out legal arguments to the jury in the instruction. This is unfairly prejudicial.

**Plaintiff's Response:** The Court has already addressed this issue and determined that emotional distress damages can be available to a plaintiff in a breach of contract claim in certain circumstances. The authority cited and the instruction itself comes from the holdings that the Court cited in its decisions on this issue in the Order on the Motion to Dismiss.

**Plaintiff excluded the Illinois Pattern Instruction Verdict Form for Breach of Contract which accompanies all of the instructions for breach of contract.  See Defendant's Proposed instruction as this should be included and references to the questions should be cited in each individual instruction above.**

**Breach of Contract Verdict Form**

Please answer the questions in the order they are numbered, starting with Question 1, and then follow the instructions appearing after your answer.

[1] Did Alena Hammer prove there was an offer?
          YES __ NO __

          If your answer to question 1 is NO, then your deliberations are complete. You should disregard the remaining numbered questions and, go to Verdict B at the end of this verdict and sign it. If your answer to question 1 is YES, you should then answer question 2.

[2] Did Alena Hammer prove there was an acceptance?
          YES __ NO __

          If your answer to question 2 is NO, then your deliberations are complete. You should disregard the remaining numbered questions and, go to Verdict B at the end of this verdict and sign it. If your answer to question 2 is YES, you should then answer question 3.

[3] Did Alena Hammer prove there was consideration?
          YES __ NO __

          If your answer to question 3 is NO, then your deliberations are complete. You should disregard the remaining numbered questions and, go to Verdict B at the end of this verdict and sign it. If your answer to question 3 is YES, you should then answer question 4.

[4] Did Alena Hammer prove she performed her obligations under the contract?
          YES __ NO __

          If your answer to questions 4 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 4 is YES, you should then answer question 5.

[5]. Did Alena Hammer prove she had a valid excuse for not performing the contract?
          YES __ NO __

          If your answer to questions 5 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 5 is YES, you should then answer question 6.

[6]. Did Alena Hammer prove Residential Credit Solutions Inc. breached the contract by its failure to perform its obligations under the contract?
          YES __ NO __

          If your answer to questions 6 is NO, then your deliberations are complete. You should

disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 6 is YES, you should then answer question 7.

[7]. Did Alena Hammer prove she sustained damages resulting from the breach?

     YES __ NO __

If your answer to questions 7 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 7 is YES, you should then answer question 8.

[8]. Did Alena Hammer prove these damages were caused by Residential Credit Solutions Inc.'s breach of the contract?

     YES __ NO __

If your answer to question 8 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 8 is YES, you should then answer question 9.

.
[9]. Did Alena Hammer present evidence from which you can determine the fair and reasonable value of the loss?

     YES __ NO __

If your answer to question 9 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 9 is YES, you should then answer question 10.

[10]. Did Alena Hammer prove Residential Credit Solutions, Inc. was required to maintain the load modification as revised and changed by Alena Hammer under the contract?

     YES __ NO __

If your answer to question 10 is NO, then your deliberations are complete. You should disregard the remaining numbered questions, and go to Verdict B at the end of this verdict and sign it. If your answer to question 10 is YES, you should then answer question 11.

[11]. *To determine Direct Damages*:

    [a] the value of the contract benefits Alena Hammer proved she should have received:

[a] = $_____

    [b] the expenses Alena Hammer saved because of the breach:

OR

the amount of money Alena Hammer has actually received from Residential Credit Solutions, Inc.

[b] = $_____

Alena Hammer 's Total Direct Damages (a minus b):

[12] = $_____

    13. *Incidental Damages*: the amount Alena Hammer proved were reasonably spent responding to Residential Credit Solutions Inc.'s breach of the contract.

[13] = $_____

    14. TOTAL DAMAGES = [12] + [13]

[14] = $_____

15. How much money did Alena Hammer lose because of Residential Credit Solutions Inc's breach of contract?      [15]= $_____

16. Could Alena Hammer have avoided losing some of his money with reasonable effort and ordinary care?
    YES __ NO __

If the is answer to Question 16 is NO, the amount named in Question 14 is the amount of damages that you should award to Alena Hammer. If the answer to question 16 above is YES, you should then answer question 17.

17. How much money could Alena Hammer have saved if she had exercised reasonable effort and ordinary care?     [17]= $_____

18. TOTAL AWARD = [14] minus [15] = amount of damages to be awarded [plaintiff's name].
[18]= $_____

       WE, THE JURY, AWARD _____ $_____

       Continue on with your verdict and sign Verdict A at the end of this

       verdict. Either Verdict A or Verdict B must be signed by each juror.

**Authority: "Illinois Pattern Jury Instructions – Civil, 700.02V, 700.03V, 700.07V, 700.11V**
**"** *drafted by the Supreme Court Committee on Jury Instructions in Civil Cases*.

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

**Plaintiff's Response:  The defendant wishes to insert a complicated jury verdict form on interrogatories in the hopes of making the process of returning a verdict so complicated and convoluted that the jury just throws up their hands and gives a defense verdict so they can only answer one question.  Reading this verdict form is painful, filling it out for the average juror, would be borderline abusive.** The plaintiff does not consent to a verdict on interrogatories.  A general verdict form simplifies the issues for the jury and doesn't make returning a verdict in the case more complicated than an IRS tax form.

DISPUTED ENTIRELY

**HAMMER'S PROPOSED INSTRUCTION NO. 7**
**SECOND AND THIRD CLAIMS – VIOLATION OF THE CONSUMER FRAUD ACT**
**FOR UNFAIR CONDUCT AND DECEPTIVE CONDUCT**

The second and third claims to be decided by you are for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act").

The Consumer Fraud Act is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices. The Act is liberally construed to effectuate its purpose.

The Consumer Fraud Act provides that:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact....in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

In the second claim, Hammer contends that RCS committed unfair acts and practices in violation of the Consumer Fraud Act.

In the third claim, Hammer contends that RCS committed deceptive acts or practices in violation of the Consumer Fraud Act.

Hammer may recover under the Consumer Fraud Act for unfair as well as deceptive conduct; a practice need not be deceptive to be unfair.

Given ----------------
Given as Modified ----------------
Refused -–----------------
Withdrawn ----------------

Authority: 815 ILCS 505/2. *Wigod v. Wells Fargo*, *N.A.*, 673 F.3d 547, 574 (7th Cir. 2012); *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d 403, 266 Ill.Dec.879, 775 N.E.2d 951, 960 (2002); *Siegel v. Shell Oil Co.,* 612 F.3d 932, 934 (7th Cir.2010).

**<u>Defendant's Objections:</u>**

Defendant objects to Plaintiff's ICFA instructions in their entirety.

Defendant objects to referring to statute as the "Consumer Fraud Act" through the instructions. The acronym, ICFA, is more appropriate as it is not persuasive in any direction. Plaintiff is improperly persuading the jury by repeating the term "Consumer Fraud Act" through the instructions.

Defendant objects to the use of the word "deceptive" throughout the instruction. This is unfairly prejudicial. The term should be explained pursuant to Plaintiff's allegations. She claims that RCS made false statements; therefore, that is how the instructions should be phrased. Plaintiff is improperly trying to persuade the jury by using the title of the statute within the instructions as opposed to identifying the fact that she alleges that RCS made false statements. Defendant seeks to use its proposed instructions as they clearly lay out all elements that must be proven for an ICFA claim, and then includes specific instructions for claims of unfairness and claims for false statements.

 Plaintiff's instruction does not lay out the elements. Instead, it only summarizes her allegations and the statute. See Defendant's Proposed instructions.

Additionally, the burden of proof for an ICFA claim is "clear and convincing" therefore, an instruction explaining that burden must be included and all subsequent instructions must make clear that plaintiff must prove by "clear and convincing evidence." Defendant objects to all of plaintiff's references to "preponderance of evidence" or "more true than not" or "more likely than not", etc., throughout her proposed ICFA instructions.

Plaintiff also fails to include an instruction on what is "trade or commerce" – this is a requirement to prove an ICFA claim. She also fails to include an instruction on proximate cause.

Finally, Defendant objects to Plaintiff's instructions on punitive damages for the reasons stated in Defendant's Motion in Limine #7.

Defendant proposes the  following instructions:

Plaintiff's Response:

The Consumer Fraud Act does not expressly provide the standard of proof required to succeed in a private cause of action. However, as noted, the Act is to be liberally construed to effect its purpose, which is to provide broader protection to consumers than an action for common law fraud. Accordingly, based on the liberal intent of the legislature behind the Act, and based on the fact that the Act does not expressly require a greater standard of proof, the appellate court has held that the appropriate standard of proof for a statutory fraud claim is preponderance of the evidence. See Cuculich v. Thomson Consumer Electronics, Inc., 317 Ill. App. 3d 709, 717-18, 739 N.E.2d 934, 251 Ill. Dec. 1 (2000); Malooley v. Alice, 251 Ill. App. 3d 51, 56, 621 N.E.2d 265, 190 Ill. Dec. 396 (1993).

In this case, the appellate court agreed with this reasoning and conclusion. 321 Ill. App. 3d at 291. We do likewise and so hold. Cases requiring a clear and convincing standard of proof (see, e.g., General Motors Acceptance Corp. v. Grissom, 150 Ill. App. 3d 62, 65, 501 N.E.2d 764, 103 Ill. Dec. 447 (1986); Munjal v. Baird & Warner, Inc., 138 Ill. App. 3d 172, 183, 485 N.E.2d 855, 92 Ill. Dec. 809 (1985)) are overruled on this point.

Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005)

**Defendant's Proposed Jury Instruction No.**
**CLEAR AND CONVINCING EVIDENCE**

All of Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") must be proven by clear and convincing evidence.

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean:

When you have considered all of the evidence, you have no reasonable doubt that it is true.
This is a higher burden of proof than "more probably true than not true." Clear and convincing evidence must persuade you that it is "highly probably true."

**Plaintiff's Objection:** This instruction does not correctly state the burden of proof upon the plaintiff in this case. The Plaintiff has cited numerous authorities for the proposition that the burden of proof is preponderance of the evidence under ICFA. See Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005)

**Formatted:** Font: Not Bold

**Authority:** *Duchossois Indus., Inc. v. Crawford & Co.,* No. 99 C 3766, 2001 WL 59031, at *3 (N.D. Ill. Jan. 19, 2001)

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

**Defendant's Proposed Jury Instruction No. __**

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT –**

Plaintiff, Alena Hammer, brings two separate claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), one for making false statements and one for unfair conduct as the phrase is defined under the ICFA. These will be addressed in particular in a later instruction. However, for each claim, ~~Plaintiff must prove by clear and convincing evidence,~~ [Comment [A8]: Do not agree, wrong statement of the law.]

as described in Instruction No. __, that all of the following:

1. A false statement or unfair act as by the Residential Credit Solutions, Inc. as defined by the ICFA.

2. That Residential Credit Solutions, Inc. intended that the plaintiff rely on the deception

3. That the false statement or unfair act occurred in the course of trade or commerce;

4. That Residential Credit Solutions, Inc.s' conduct proximately caused the plaintiff ~~actual economic loss~~ injury.
.

Each of these elements will be defined in the following instructions

If you find Plaintiff has proven that all of the criteria above by ~~clear and convincing evidence~~, then you must find in favor of Hammer for deception under the ICFA and consider the amount of damages to be awarded. However, if you are not persuaded that Hammer has proven all of these criteria by ~~clear and convincing evidence~~, then you must find in favor of RCS for her claims under the ICFA.

**Authority:** *Siegel v. Shell Oil Co.,* 656 F. Supp. 2d 825, 831-32 (N.D. Ill. 2009) aff'd, 612 F.3d 932 (7th Cir. 2010); *Rickher v. Home Depot, Inc.,* 535 F.3d 661, 665 (7th Cir. 2008); *White v. DaimlerChrysler Corp.,* 368 Ill.App.3d 278, 305 Ill.Dec. 737, 856 N.E.2d 542, 546 (2006); *see also Connick v. Suzuki Motor Co.,* 174 Ill.2d 482, 221 Ill.Dec. 389, 675 N.E.2d 584, 593 (1996). *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d 403, 266 Ill.Dec. 879, 775 N.E.2d 951, 961 (2002).

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Objection: See Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005). The cases cited by RCS do not use the words "actual economic loss," in the third prong, but the word "injury." *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 831-32 (N.D. Ill. 2009) aff'd, 612 F.3d 932 (7th Cir. 2010); *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 665 (7th Cir. 2008. *White v. DaimlerChrysler Corp.*, 368 Ill.App.3d 278, 305 Ill.Dec. 737, 856 N.E.2d 542, 546 (2006); *see also Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 501, 221 Ill.Dec. 389, 675 N.E.2d 584, 593 (1996); *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 266 Ill.Dec. 879, 775 N.E.2d 951, 961 (2002). RCS provides no case to support the terminology "actual economic loss." *Id. See* Hammer's Proposed Instruction No. 10.

**DISPUTED**

**HAMMER'S PROPOSED INSTRUCTION NO. 8**
**SECOND CLAIM – CONSUMER FRAUD ACT – UNFAIRNESS**

For the second claim, Hammer contends that RCS committed unfair acts and practices under the ~~Consumer Fraud Act~~.

To recover for unfair acts and practices under the Consumer Fraud Act, Hammer must persuade you that it is more probably true than not true that:

1. RCS committed one or more unfair acts or practices;
2. with the intent that Hammer rely upon the unfair act(s) or practice(s); and
3. Hammer suffered damages proximately caused by one or more of the unfair act(s) or practice(s).

~~A practice may be unfair if RCS's conduct gave Hammer no reasonable alternative to avoid a charge or penalty.~~

If you find Hammer has proven that the three criteria above ~~is more probably true than not true~~, then you must find in favor of Hammer for unfairness under the ~~Consumer Fraud Act~~ and consider the amount of damages to be awarded. However, if you are not persuaded that Hammer has proven the three criteria above ~~by a preponderance of the evidence~~, then you must find in favor of RCS for unfairness under the ~~Consumer Fraud Act~~.


Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities: 815 ILCS 505/1 et seq. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574-75 (7th Cir. 2012). *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 266 Ill.Dec.879, 775 N.E.2d 951, 961 (2002); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669, 670 (7th Cir.2008); *Hill v. PS Ill. Trust,* 368 Ill.App.3d 310, 856 N.E.2d 560, 568-69 (1st Dist.2006); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F.Supp.2d 768, 780 (N.D.Ill. 2008); *Typpi v. PNC Bank, N.A,* 2014 WL 296035, at *8 (N.D.Ill. 2014); *Dubey v. Public Storage, Inc.*, 395 Ill. App. 3d 342, 918 N.E.2d 265, 279 (1st Dist. 2009) ("The appropriate standard for a statutory fraud claim is preponderance of the evidence." Or, "more probably true than not true.").

**Defendant's Objections:**

Plaintiff misstates the law in this instruction. The three criteria are not what Plaintiff has listed Plaintiff cites *Robinson v. Toyota* which clearly identify the three criteria to assess an unfairness claim. See Defendant's proposed instruction.

Also, plaintiff's statement that "a practice may be unfair if plaintiff has no reasonable alternative to avoid a charge or penalty" is not an accurate statement and will mislead the jury in this case. Plaintiff fought and disputed the charges she claims were erroneous and she never made any payments on the charges. If plaintiff's instruction was accurate, then anytime someone was charged a fee on their mortgage that the borrower disputed, they could then bring an ICFA claim.

The burden of proof plaintiff cites is also incorrect.

Defendant proposes the following instruction:

Plaintiff's Response See Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005)

**Defendant's Proposed Jury Instruction No. __**

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT –
Unfairness Claim**

As to the first element for Plaintiff's claim of unfairness, Plaintiff must prove by ~~clear and convincing evidence~~ that Residential Credit Solutions, Inc., acted unfair under the ICFA:

1. whether the practice offends public policy;
2. whether it is immoral, unethical, oppressive, or unscrupulous;
3. whether it causes substantial injury to consumers.

~~An individual breach of contract between does not establish that Residential Credit Solutions, Inc. acted unfairly under the ICFA.~~

**Formatted:** Body Text

**Authority:** *Siegel v. Shell Oil Co.,* 656 F. Supp. 2d 825, 831-32 (N.D. Ill. 2009) aff'd, 612 F.3d 932 (7th Cir. 2010); *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 514–15 (7th Cir.2006); *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill.2d 100, 200, 296 Ill.Dec. 448, 835 N.E.2d 801 (2005); *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d 403, 266 Ill.Dec. 879, 775 N.E.2d 951, 961 (2002); *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (2005); *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 233, 115 S.Ct. 817, 826, 130 L.Ed.2d 715, 728 (1995), quoting *Golembiewski v. Hallberg Insurance Agency, Inc.,* 262 Ill.App.3d 1082, 1093, 200 Ill.Dec. 113, 635 N.E.2d 452 (1994); *Citibank (S. Dakota) N.A. v. Covaci*, 2014 WL 7390836 (Ill. App. 1 Dist. Dec. 29, 2014) citing *Lake County Grading Company of Libertyville, Inc. v. Advance Mechanical Contractors,* 275 Ill.App.3d 452, 459 (1995); *Neumann v. John Hancock Mutual Life Insurance Co.,* 736 F.Supp. 182, 185 (N.D.Ill.1990).

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Objection: The defendant's jury charge is an incorrect statement of the law.

**HAMMER'S PROPOSED INSTRUCTION NO. 9**
**CONSUMER FRAUD ACT –**
**ACTS CLAIMED TO BE UNFAIR BY HAMMER**

Hammer contends that RCS committed one or more of the following acts or practices and that these acts or practices are unfair:

a. Denying the existence of the FDIC loan modification;
b. Ignoring the DuPage County State Court's order finding the FDIC loan modification valid and enforceable;
c. Rejecting Hammer's monthly payments;
d. Continuing the 2009 foreclosure against Hammer after the FDIC loan modification;
e. Instituting the 2011 foreclosure against Hammer after the Dupage County State Court's order finding the FDIC loan modification valid and enforceable;
f. Providing inaccurate and conflicting letters and reinstatement figures to Hammer;
g. Force-placing insurance on Hammer's mortgage loan account when Hammer had her own insurance;
h. Assessing late charges, attorney's fees, and other fees to the loan account;
i. Increasing Hammer's monthly payment amount.

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities: 815 ILCS 505/1 et seq. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574-75 (7th Cir. 2012). *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 266 Ill.Dec.879, 775 N.E.2d 951, 961 (2002); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669, 670 (7th Cir.2008); *Hill v. PS Ill. Trust*, 368 Ill.App.3d 310, 856 N.E.2d 560, 568-69 (1st Dist.2006); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F.Supp.2d 768, 780 (N.D.Ill. 2008); *Typpi v. PNC Bank, National Ass'n*, 2014 WL 296035, at *8 (N.D.Ill. 2014); *Dubey v. Public Storage, Inc.*, 395 Ill. App. 3d 342, 918 N.E.2d 265, 279 (1st Dist. 2009) ("The appropriate standard for a statutory fraud claim is preponderance of the evidence." Or, "more probably true than not true.").

**Defendant's Objections**
This instruction is improper as it does not explain the elements of the claim whatsoever. Rather, it improperly seeks to argue Plaintiff's case to the jury by summarizing her allegations and claims. This instruction should be stricken entirely. Plaintiff's arguments should be reserved for trial. Moreover, the allegations cited in this instruction are not what is alleged in the complaint. See Defendant's previous instruction regarding unfairness claims.

**HAMMER'S PROPOSED INSTRUCTION NO. 10**
**THIRD CLAIM – CONSUMER FRAUD ACT – DECEPTION**

For the third claim, Hammer contends that RCS committed deception under the ~~Consumer Fraud Act~~.

To recover for deception under the ~~Consumer Fraud Act~~, Hammer must persuade you that it is ~~more probably true than not~~ true that:

1. RCS committed one or more deceptive acts or practices;
2. with the intent that Hammer rely upon the deceptive act(s) or practice(s);
3. the deception occurred in trade or commerce; and
4. Hammer suffered damages proximately caused by one or more of the deceptive act(s) or practice(s).

The first and second elements may be satisfied by even innocent misrepresentations.

If you find Hammer has proven that all of the criteria above is more probably true than not true, then you must find in favor of Hammer for deception under the ~~Consumer Fraud Act~~ and consider the amount of damages to be awarded. However, if you are not persuaded that Hammer has proven all of these criteria by a preponderance of the evidence, then you must find in favor of RCS for deception under the ~~Consumer Fraud Act~~.

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities: 815 ILCS 505/1 et seq. *Wigod v. Wells Fargo Bank, N.A,* 673 F.3d 547, 574-75 (7th Cir. 2002); Cozzi *Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001); *Choi v. Aegis Morg. Corp.*, 286 F.Supp.2d 956, 963-64 (N.D.Ill. 2003); *Siegel v. Levy Org. Dev. Co.,* 153 Ill.2d 534, 180 Ill.Dec. 300, 607 N.E.2d 194, 198 (1992).

**Defendant's Objections:** This instruction is incorrect and misleading. There are four elements apply to *all* ICFA claims, and therefore, should be stated earlier to explain to the jury that for both of Plaintiff's ICFA claims, she must prove all four elements. Plaintiff is trying to distort the law by showing the jury only 3 elements for an unfairness claim, and 4 elements for a deception claim. This is incorrect. The jury would be better suited to have all elements explained upfront, then instructed on particularities applicable to claims for a false statement and claims of unfairness. Defendant proposes the following instructions:

**Defendant's Proposed Jury Instruction No. __**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT –**
**False Statement**


As to the first element for Plaintiff's claims of a false statement, Plaintiff must prove by clear and convincing evidence that Residential Credit Solutions, Inc., made a false statement. A false statement must be material. Plaintiff must also prove that she was actually deceived by the false statement.

Plaintiff's Response See Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005)

**Formatted:** Indent: First line: 0"

**Formatted:** Indent: First line: 0"

**Authority:** *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 199, 835 N.E.2d 801, 861 (2005); *Zekman v. Direct American Marketers, Inc.,* 182 Ill.2d 359, 231 Ill.Dec. 80, 695 N.E.2d 853 (1998), *Oliveira v. Amoco Oil Co.,* 201 Ill.2d 134, 267 Ill.Dec. 14, 776 N.E.2d 151 (2002), and *Shannon v. Boise Cascade Corp.,* 208 Ill.2d 517, 281 Ill.Dec. 845, 805 N.E.2d 213 (2004).


GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

**HAMMER'S PROPOSED INSTRUCTION NO. 11**
**CONSUMER FRAUD ACT –**
**ACTS CLAIMED TO BE DECEPTIVE BY HAMMER**

Hammer contends that RCS committed one or more of the following acts or practices and that these acts or practices are deceptive:

a. ~~Denying Hammer the FDIC loan modification after she made payments on the loan modification;~~

b. ~~Denying Hammer the FDIC loan modification after the court ordered that the loan modification was valid and enforceable;~~

c. ~~Denying Hammer the loan modification after RCS admitted the existence of the loan modification in writing;~~

d. ~~Claiming that Hammer did not have insurance when she had insurance;~~

e. ~~Imposing an escrow account on the loan to pay taxes and insurance when Hammer paid her taxes and insurance separate from the loan;~~

f. ~~Increasing Hammer's monthly payment;~~

g. ~~Sending inaccurate and conflicting reinstatement letters to Hammer.~~

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities: 815 ILCS 505/1 et seq. *Wigod v. Wells Fargo Bank, N.A,* 673 F.3d 547, 574-75 (7th Cir. 2002); Cozzi *Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001); *Choi v. Aegis Morg. Corp.*, 286 F.Supp.2d 956, 963-64 (N.D.Ill. 2003); *Siegel v. Levy Org. Dev. Co.,* 153 Ill.2d 534, 180 Ill.Dec. 300, 607 N.E.2d 194, 198 (1992).

**Defendant's Objection:** this instruction is improper as it does not explain the elements of the claim whatsoever. Rather, it improperly seeks to argue Plaintiff's case to the jury by summarizing her allegations and claims. This instruction should be stricken entirely. Plaintiff's arguments should be reserved for trial. Plaintiff is required to show a false statement of material fact for a deception claim, see Defendant's proposed instruction above.
Your Honor also ruled on Defendant's Motion to Dismiss that Plaintiff must allege specific facts related to the unfairness claim and those related to the deception claim and that they should not be incorporated by reference. (Dkt. #42, p.32) The list of allegations in this instruction are nearly identical to those in Plaintiff's proposed instruction No. 9.

**Defendant proposes this instruction because Plaintiff exclude an instruction on the third element of an ICFA claim:**

**Defendant's Proposed Jury Instruction No. __**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT –**
**Trade or commerce**

As to the third element for both of Plaintiff's ICFA claims, Plaintiff must prove by ~~clear and convincing evidence~~ that the false statement or unfair act occurred in the course of trade or commerce as defined by the ICFA:

The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

The filing of a foreclosure action is not trade or commerce under the ICFA.

Plaintiff's Response See *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005). Plaintiff continues to cite to the wrong burden of proof under applicable law.

**Authority:** 815 ILCS 505/1(f); *Genschorck v. Suttell & Hammer, P.S.*, 2013 WL 6118678 (E.D.Wash. Nov. 2013).

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

**DISPUTED**
**HAMMER'S PROPOSED INSTRUCTION NO. 12**
**MEASURE OF DAMAGES – SECOND AND THIRD CLAIMS**

If you decide for Hammer on the question of liability for unfairness, deception, or both under the ~~Consumer Fraud Act~~, you must then decide how much money would fairly compensate Hammer for any of the following elements of damages proved by the evidence to have resulted from RCS's unfair conduct or deceptive conduct.

~~a.   Attorney's fees Hammer expended defending two foreclosure cases;~~
~~b.   Charges, fees, and costs assessed to Hammer's loan;~~
~~c.   Payments misapplied by RCS on Hammer's loan;~~
~~d.   Postage fees for rejected payments tendered by Hammer;~~
~~e.   The mental suffering or emotional distress experienced by Hammer.~~

Whether any of these elements of damages has been proven ~~more likely true than not~~ true by the evidence submitted is for you to determine.

In determining Hammer's actual damages, there is no unit value or mathematical formula the Court can give you. You should allow an amount which you find to be fair and just under all the facts and circumstances. The amount to be awarded rests within your sound discretion.

If you decide for Hammer on the question of liability you may not deny or limit Hammer's right to damages resulting from this occurrence because any injury resulted from an aggravation of a pre-existing condition or a pre-existing condition which rendered Hammer more susceptible to injury.


Given -----------------
Given as Modified -----------------
Refused -----------------
Withdrawn -----------------

Authorities: <u>IPI 30.01, IPI 30.05.01,  IPI 30.21</u> as modified. 815 Ill. Comp. Stat. 505/10a. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 575 (7th Cir. 2012). *Armbrister v. Pushpin Holdings, LLC*, 896 F.Supp.2d 746, 756 (N.D.Ill. 2012); *Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.,* 235 Ill.App.3d 70, 86 175 Ill.Dec. 760, 600 N.E.2d 1218, 1228 (2d Dist. 1992) *Hayman v. Autohaus on Edens, Inc.,* 315 Ill.App.3d 1075, 248 Ill.Dec. 721, 734 N.E.2d 1012, 1015 (Ill.App.Ct.2000) *Fleming-Dudley v. Legal Investigations, Inc.,* No, 05 C 4648, 2007 WL 952026, at *10 (N.D.Ill. 2007) *Fogle v. William Chevrolet/GEO, Inc.,* No. 99 C 5960, 2000 WL 1129983, at *6 (N.D.Ill. Aug.9, 2000); *Greisz v. Household Bank,* 8 F.Supp.2d 1031, 1043 (N.D.Ill.1998) (stating actual damages under ICFA include compensation for mental suffering).

**Defendant's Objection:**
This instruction is improper in its entirety. Plaintiff has modeled this after the Illinois Pattern Instruction for Damages relating "only to injury to person or property"(30.01, 30.05, 30.21). This instruction is used for personal injury cases, not ICFA. There are no Illinois Pattern Instructions for ICFA claims because the claim does not go to the jury.

If this Court decides the allow the jury to decide the ICFA claims, the damages instructions should be divided into one for compensatory and one for punitive, with each one explained. See Defendant's proposed instructions for damages:

Plaintiff's Response See Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005). Plaintiff continues to cite to the wrong burden of proof under applicable law.

**Defendant's Proposed Jury Instruction No. __**

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT –**
**Proximate Cause**

As to the fourth element for both of Plaintiff's ICFA claims, Plaintiff must prove by clear and convincing evidence that the false statement or unfair act proximately caused Plaintiff actual economic loss.

To demonstrate proximate cause, Plaintiff must prove that the false statement or unfair act caused Plaintiff actual damages. Illinois law requires a finding of proximate causation under ICFA, and does not provide for such causation to be inferred.

Actual damages means "purely economic injuries". The ICFA does not define the term "actual damages." According to Black's Law Dictionary, "actual damages" are:

Real, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury, as opposed on the one hand to "nominal" damages, and on the other to "exemplary" or "punitive" damages. Synonymous with "compensatory damages" and with "general damages."

Actual damages must be calculable and measured by the plaintiff's loss.

Loss of credit, without a causal connection, is not an "actual damage."

Emotional damages without any actual economic loss is not enough to prove an ICFA claim.

**Authority:** *Clark v. Experian Info. Solutions, Inc.,* 256 F. App'x 818, 821-22 (7th Cir. 2007); *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill.App.3d 399 (1st Dist. 2009); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *Greisz v. Household Bank (Illinois)*, 8 F. Supp. 2d 1031, 1043 (N.D. Ill. 1998), *modified* (Aug. 6, 1998), *aff'd sub nom. Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012 (7th Cir. 1999); S.H.A. 815 ILCS 505/10a(a).

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Response See Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005). Plaintiff continues to cite to the wrong burden of proof under applicable law. Also misstates the definition of actual damages by stating they are "purely economic injuries" a term that has no definition and is confusing and misleading.

**Defendant's Proposed Jury Instruction No. __**

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT –**
**Compensatory Damages**

The ICFA provides remedies for purely economic injuries and you may not award emotional damages unless Plaintiff also proves, by clear and convincing evidence, an actual economic loss as explained in Instruction No. ___.

Plaintiff's Response See Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 192, 296 Ill. Dec. 448, 503-04, 835 N.E.2d 801, 856-57 (2005). Plaintiff continues to cite to the wrong burden of proof under applicable law.  Also misstates the definition of actual damages by stating they are "purely economic injuries" a term that has no definition and is confusing and misleading.

**Authority:** *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill.App.3d 399 (1st Dist. 2009); S.H.A. 815 ILCS 505/10a(a).

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

**HAMMER'S PROPOSED INSTRUCTION NO. 13**
**PUNITIVE DAMAGES – SECOND AND THIRD CLAIMS**

~~In addition to compensatory damages,~~ the ~~Consumer Fraud Act~~ permits you under certain circumstances to award punitive damages. If you find that RCS acted ~~fraudulently, maliciously, or with deliberate indifference~~ for Hammer and proximately caused damages to Hammer, and if you believe that justice and the public good require it, you may award an amount of money which will punish RCS and discourage it and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

    1. How reprehensible was RCS's conduct?

    On this subject, you should consider the following:

        a.  The facts and circumstances of RCS's conduct;
        b.  The <u>financial</u> vulnerability of Hammer;
        c.  The duration of the misconduct;
        d.  The frequency of RCS's misconduct;
        e.  Whether the harm was physical as opposed to economic; and
        f.  Whether RCS tried to conceal the misconduct.

    2. What actual and potential harm did RCS's conduct cause Hammer in this case?

    3. What amount of money is necessary<u>, if any,</u> to punish RCS and discourage RCS and others from
       future wrongful conduct ~~in light of RCS's financial condition~~?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by the plaintiff.

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities: IPI 14.01 as modified. IP 35.01 as modified. 815 ILCS 505/10a(a); *Wendorf v. Landers*, 755 F.Supp.2d 972, 981-82 (N.D.Ill. 2010). *Dubey v. Pub. Storage, Inc.,* 395 Ill.App.3d 342, 335 Ill.Dec.181, 918 N.E.2d 265, 277–81 (2009); *Kirkpatrick v. Strosberg*, 894 N.E.2d 781 (2d Dist. 2008). *Smith v. Prime Cable of Chicago,* 276 Ill.App.3d 843, 213 Ill.Dec. 304, 658 N.E.2d 1325, 1336 (1995) (in ICFA cases, "[p]unitive damages, while disfavored,...are recoverable where the alleged misconduct is outrageous either because the acts are done with malice or an evil motive or because they are performed with a reckless indifference toward the

rights of others."). *Carter v. Mueller*, 120 Ill.App. 3d 314, 457 N.E.2d 1335, 1343 (1st Dist. 1983) "[A] pattern of deception will justify an award of punitive damages."). *Kirkpatrick v. Strosberg*, 385 Ill. App. 3d 119, 132-33 (2d Dist. 2008). *Totz v. Continental Du Page Acura,* 236 Ill. App. 3d 891, 909, 177 Ill.Dec. 202, 602 N.E.2d 1374 (1992). *See Kemezy v. Peters,* 79 F.3d 33, 36 (7th Cir.1996) ("plaintiffs who are seeking punitive damages often present evidence of the defendant's wealth"); *see also EEOC v. Staffing Network,* No. 02 CV 1591, 2002 WL 31473840, at * 3-4 (N.D.Ill. 2002) (a plaintiff seeking punitive damages is entitled to discovery regarding the defendant's financial status). *See Hollowell v. Wilder Corp.,* 318 Ill.App.3d 984, 252 Ill.Dec. 839, 743 N.E.2d 707, 712 (5th Dist. 2001) (the factors relevant to determining punitive damages are the nature and enormity of the wrong, the potential liability of the defendant, and the financial status of the defendant).

**Defendant's Objections:** Defendant objects to this instruction for the reasons stated in its motion in limine No. 7.

Defendant further objects to the language in the first paragraph. The terms used in the case law explaining punitive damages under the ICFA require a showing of Willful, wanton, malice, oppression. The expression "willful and wanton" should be explained in this instruction. There is a pattern instruction for that which Defendant incorporated in their proposed instructions. Per the pattern instruction, paragraph 1(b) should included "financial" before vulnerability as that is highly relevant to this case.

Defendant objects to the use of Defendant's "financial condition" in this instruction. That is irrelevant and need not be considered in the instruction. That argument can be asserted by plaintiff at trial.

Plaintiff's Response:

Plaintiff contends that the definition is correct. Hammer was financially and physically vulnerable and the definition of vulnerability should not be improperly limited.

Defendant proposes the following instruction:

**Defendant's Proposed Jury Instruction No. __**

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT –**
**Punitive Damages**


The ICFA provides for punitive damages. Punitive damages are different than compensatory damages, which are the damages you award to compensate Plaintiff for her proven actual loss. Punitive damages may be awarded only if you find that Plaintiff proved by clear and convincing evidence that the false statement or unfair act could be characterized as willful, wantonness, malice, oppression or other circumstances of aggravation.

The expression "willful and wanton conduct" means a course of action which shows actual or deliberate intention to harm, or if unintentional, shows utter indifference to or conscious disregard for others.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was Residential Credit Solutions, Inc.'s conduct?
   On this subject, you should consider the following:
   a) The facts and circumstances of the conduct;
   b) The financial vulnerability of the plaintiff;
   c) The duration of the conduct;
   d) The frequency of the misconduct;
   e) Whether the harm was physical as opposed to economic;

2. What actual and potential harm did Residential Credit Solutions, Inc.'s conduct cause to the plaintiff in this case?

3. What amount of money is necessary, if any, to punish defendant and discourage defendant and others from future conduct?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by the plaintiff.


**Authority:** IPI 35.00; 815 ILCS 505/10; *Gehrett v. Chrysler Corp.,* 379 Ill. App. 3d 162, 178-79, 882 N.E.2d 1102, 1117-18 (2008); *Los Amigos Supermarket, Inc. v. Metropolitan Bank & Trust Co.,* 306 Ill.App.3d 115, 129, 239 Ill.Dec. 155, 713 N.E.2d 686 (1999); Ill. Pattern Jury Instr.-Civ. 14.01,


GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Position:

Plaintiff's charge is more correct on the law and is taken directly from the IPI.

**HAMMER'S PROPOSED INSTRUCTION NO. 14**
**PUNITIVE DAMAGES – WILLFUL AND WANTON CONDUCT –**
**CORPORATE DEFENDANT'S LIABILITY IPI 35.02**

RCS is a corporation and can act only through its officers and employees. As to Hammer's claim for actual or compensatory damages against RCS, any act or omission of an officer or employee within the scope of his employment is the act or omission of RCS.

As to Hammer's claim for punitive damages against RCS, a different rule applies. Punitive damages may be awarded against RCS only (i) if you find in favor of Hammer under the ICFA ~~Consumer Fraud Act~~ for either unfairness, deception, or both, and (ii) if you find that, as to the act(s) giving rise to liability under the ICFA ~~Consumer Fraud Act~~, one or more of the following conditions are proved:

   a.  RCS, through its management, authorized the doing and the manner of the act or omission;

        or

   b.  The act or omission was that of a managerial employee who was acting in the scope of his employment;

        or

   c.  RCS, through its management or a managerial employee, ratified or approved the act or omission.

~~If you find for Hammer and against RCS under the Consumer Fraud Act for unfairness, deception, or both, and if you further find that either (a) or (b) or (c) are proved, and if you further believe that justice and the public good require it, you may, in addition to any other damages to which you find Hammer is entitled, award an amount which will serve to punish RCS and to deter RCS from similar conduct.~~

Given -----------------
Given as Modified -----------------
Refused -----------------
Withdrawn -----------------

Authorities: IPI 35.02

**Defendant's Objections:** Defendant agrees to this instruction to the extent it follows the pattern instruction. Plaintiff as included superfluous and unnecessary language in the last paragraph which Defendant objects to.

Plaintiff's response: The language is taken directly from the IPI.

DISPUTED

**HAMMER'S PROPOSED INSTRUCTION NO. 15**
**FOURTH CLAIM –**
**VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT**

The fourth claim to be decided by you is for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), which is a federal law.

Hammer has alleged that RCS has violated three different sections of RESPA on more than one occasion.

First, Hammer claims that her mortgage payments were treated as late during the 60 day period following the transfer of her loan from the FDIC to RCS in violation of RESPA.

Second, Hammer claims that RCS did not properly administer the imposed escrow account on Hammer's mortgage loan or make payments for taxes and insurance in violation of RESPA.

Third, Hammer claims that RCS did not properly respond to two letters from Hammer, did not make corrections to Hammer's loan account in response to the letters, and reported Hammer's loan as delinquent to credit bureaus in the 60 days following receipt of the two letters.

Hammer bears the burden of proving her RESPA claims by a preponderance of the evidence. Each of the above claims will be defined in the following instructions. Each alleged violation, although brought under the same statute, is independent of the others. If you find in favor of either Hammer or RCS on one alleged violation, you may reach a different determination on the others.

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities:

12 U.S.C. § 2605, et seq.

**Defendant's Objection:** Defendant objects to this instruction because it misstates RESPA law and also misstates the basis for Plaintiff's claims alleged in her First Amended Complaint. There is only one section of RESPA at issue and that is § 2605, subparagraphs (d) and (e). The instruction improperly refers to taxes and insurance but this claim was dismissed on March 2, 2015. Further, this instruction should just merely state that Plaintiff alleges violations under §2695(d) and (e), then the following instructions will define the elements for each claim. See Defendant's proposed instruction:

**DISPUTED -** DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32
**Real Estate Settlement Procedures Act**


Alena Hammer also claims RCS violated the Real Estate Settlement Procedures Act, also known as RESPA. Ms. Hammer claims that RCS violated sections 2605(d) and (e) of RESPA. RESPA establishes certain disclosure requirements that ensure that those people responsible for servicing a federally-related mortgage loan provide information relating to the assignment, sale or transfer of a loan.


Plaintiff's Objection: Plaintiff has raised claims under three sections of RESPA: 2605(d), (g),

and (e). These sections cover obligations upon transfer of the loan from the FDIC, obligations to

respond to Plaintiff's QWR's, and obligations with the imposed escrow account. Defendant's

language is inaccurate, too narrow, and misstates the law.


**Authority:** *Jenkins v. BAC Home Loan Servicing, LP*, **822 F.Supp.2d 1369, 1376 (M.D.Georgia 2011).**


GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

**DISPUTED**

**HAMMER'S PROPOSED INSTRUCTION NO. 16**
**RESPA ~~— FIRST VIOLATION —~~ SECTION 2605(d)**

Hammer first contends that RCS violated RESPA by treating as late or charging a late fee with respect to her payments made during the 60 day period immediately following the August 1, 2010 transfer of her loan from the FDIC to RCS.

RESPA states that:

During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment.

Hammer has the burden of proving either of the following propositions ~~by a preponderance of evidence~~: That during the 60 day period following the August 1, 2010 transfer of Hammer's loan from the FDIC to RCS:

    a.  RCS treated Hammer's monthly mortgage payments as late during the 60 day period;

        or

    b.  RCS charged a late fee to Hammer's account during the 60 day period.

If you find from your consideration of all the evidence that either of the two propositions above have been proved ~~by a preponderance of evidence~~, then you must find in favor of Hammer and consider the amount of damages to be awarded. On the other hand, if you find from your consideration of all the evidence that neither of these propositions has been proved by a ~~preponderance of the evidence~~, then you must in favor of RCS.

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities:

12 U.S.C. § 2605(d).

**Defendant's Objections:** Defendant objects to titling the instruction a "VIOLATION", this is improperly misleading. Plaintiff must prove a violation and the jury must find a violation. Plaintiff is attempting to assert a violation automatically exists through this instruction. Defendant also objects to Plaintiff's repetitive assertion that she must only prove her claim by a preponderance of the evidence. She cites no authority in support of that assertion. Plaintiff misstates her burden of proof. Defendant proposes the following instruction regarding Plaintiff's burden of proof.

Defendant further objects to this instruction because it misstates the law. Plaintiff does not cite a single piece of authority to establish that there can be a violation of RESPA for simply treating a payment as late. An improper late free is required to state a claim under §2605(d). *See Seelbach v. Wells Fargo Home Mortgage*, 2010 WL 1189482 (E.D. Tex. Feb. 22, 2010)(2605(d) prohibits the imposition of any *late fees* for mortgage payments during the sixty day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan if the payment is received by the transferor or servicer).

Defendant proposes the following instruction:

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37**
**RESPA Section 2605(d) – Charging a late fee within 60 days of receiving transfer**

RESPA §2605(d) addresses what happens when the loan is transferred to a new mortgage company, but the borrower continues to send payments to the old mortgage company In order to prevail on her claim that the RCS is liable to her for a violation of RESPA section 2605(d), Alena Hammer has the burden of proof to establish each of following elements:

1) Between August 1, 2010 and October 1, 2010, Hammer made a proper timely payment to AmTrust, instead of RCS; And

2) RCS charged Alean Hammer a late fee between August 1, 2010 and October 1, 2010 because Hammer paid her old mortgage servicer instead of her new one.

**Authority:** *Lopez v. U.S. National Bank Association*, 2010 WL 3463622 (S.D.Cal. Aug. 31, 2010); *Wiebe NDEX West, LLC*, 2010 WL 2035992 (C.D.Cal. May 17, 2010); *Ford v. Saxon Mortgage Services, Inc.*, 2012 WL 2862035 (N.D.Ala. June 14, 2012)

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

**DISPUTED**

**HAMMER'S PROPOSED INSTRUCTION NO. 17**
**RESPA - SECOND ~~VIOLATION~~ - SECTION 2605(g)**

Second, Hammer contends that RCS violated RESPA when it failed to make payments for taxes and insurance from the escrow account that it imposed on Hammer's mortgage loan.

RESPA states that:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

If you determine that Hammer has proved ~~by a preponderance of the evidence~~ that RCS did not make payments for taxes and insurance from the escrow account as such payments became due, then you must find in favor of Hammer and consider the amount of damages to be awarded. On the other hand, if you find from your consideration of all the evidence that this proposition has not been proved ~~by a preponderance of the evidence~~, then you must in favor of RCS.

Given -----------------
Given as Modified -----------------
Refused -----------------
Withdrawn -----------------

Authorities:

12 U.S.C. § 2605(g)

**Defendant's Objections:** Defendant objects to this instruction as it misstates the law and the nature of Plaintiff's Amended Complaint. Plaintiff makes two claims for an alleged violation under RESPA – Section 2605(d) and (e). Plaintiff makes no claim for an alleged violation under RESPA § 2605(g) in her First Amended Complaint. Moreover, the parties _agreed_ to a motion in limine that Plaintiff would not raise claims which are not raised in the operative Complaint. The first time Plaintiff raised a RESPA claim under § 2605(g) was in this instruction.

Morevoer, §2605(g) does not apply. _See Luberda v. Regions Bank_, 2011 WL 2600412 at *2 (June 29, 2011 E.D. Mo.) aff'd, 445 F. App'x 893 (8th Cir. 2011). In _Luberda_, the court stated "to prevail on a claim of a §2605(g) violation, the plaintiff-borrower must prove: (1) he had a federally related mortgage loan; (2) the terms of the loan agreement require him to make

payments to an escrow account; (3) he owed taxes or premiums that were to be paid out of the escrow account; (4) the defendant-servicer failed to make such payments in a timely manner; and (5) at the time the tax or premium was due, he was not more than 30 days delinquent in making mortgage payments." *Id.* citing *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 399 (N.D. Ill. 2006). None of these issues are presented in this case.

Defendant further objects to titling the instruction a "VIOLATION", this is improperly misleading. Plaintiff must prove a violation and the jury must find a violation. Plaintiff is attempting to assert a violation automatically exists through this instruction. Defendant also objects to Plaintiff's repetitive assertion that she must only prove her claim by a preponderance of the evidence. She cites no authority in support of that assertion. Plaintiff misstates her burden of proof.

**DISPUTED**

**HAMMER'S PROPOSED INSTRUCTION NO. 18**
**RESPA – THIRD ~~VIOLATION~~ SECTION 2605(e)**
**FIRST ELEMENT**

Third, Hammer claims that she sent "Qualified Written Requests" to RCS on October 28, 2011 and October 31, 2013, which RCS failed to acknowledge or respond to as required by the statute. Under this section of RESPA, Hammer must fist prove ~~by a preponderance of the evidence\~~ that she sent and RCS received a Qualified Written Request.

A Qualified Witten Request is a written correspondence from a borrower to a mortgage servicer that (a) enables the mortgage servicer to identify the name and account of the borrower, and (b) states reasons that the borrower believes the account to be in error or sufficiently details any information sought by the borrower.

RESPA does not require any magic language for a written letter to qualify as a Qualified Written Request. A letter that inquires about charges on an account or disputes the application of payments may qualify as a Qualified Written Request. A borrower may send a Qualified Written Request through an agent, such as the borrower's attorney.

If you find from your consideration of all the evidence that Hammer has proved by a ~~preponderance of the evidence\~~ that Hammer sent and RCS received one or more Qualified Written Requests, then you must determine if RCS properly responded to each Qualified Written Request in the following jury instruction.

However, if you find Hammer failed to prove that she sent and RCS received one or more Qualified Written Requests, then your verdict form for this alleged violation should be for RCS and you can skip the following instruction.

Given -----------------
Given as Modified -----------------
Refused -----------------

Withdrawn -----------------

Authorities:

12 U.S.C. § 2605(e)(1); 12 U.S.C. § 2605(e)(2); 12 U.S.C. § 2605(e)(3). *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011); *Baginski v. JP Morgan Chase Bank, N.A.,* 2012 WL 5989295 (N.D.Ill. 2012); *Arriaga v. Wells Fargo Bank, N.A.,* 2013 WL 130383 1, *4 (N.D.Ill. 2013) (finding that letter inquiring about charges on account could be construed as a QWR); *Chatman v. Fairbanks Capital Corp.,* 2002 WL 1338492, *7 (N.D.Ill. June 18, 2002) (finding a letter that questioned and disputed the application of their payments was a QWR).

**Defendant's Objections:** Defendant objects to this Instruction for the reasons stated in Defendant's Motion in Limine #10. Plaintiff attempts to argue that she sent a QWR almost two months after this litigation was filed and after counsel for Defendant had appeared. Moreover, the parties agreed to a motion in limine that Plaintiff would not raise new claims which were not alleged in the operative complaint. Plaintiff's operative complaint makes no mention of the letter from October 3, 2013, which opposing counsel sent directly to RCS, even though Defense counsel already had an appearance on file in this case. Additionally, the instruction misstates the law regarding a QWR because the instruction attempts to limit the requirements under the Act. Moreover, the instruction fails to identify what a QWR is not. What is more, it is not enough to simply establish that a QWR was sent. Defendant proposes the following instruction.

Defendant objects to titling the instruction a "VIOLATION", this is improperly misleading. Plaintiff must prove a violation and the jury must find a violation. Plaintiff is attempting to assert a violation automatically exists through this instruction. Defendant also objects to Plaintiff's repetitive assertion that she must only prove her claim by a preponderance of the evidence. She cites no authority in support of that assertion. Plaintiff misstates her burden of proof.

**DISPUTED - DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33**
**Hammer's Burden of Proof Under RESPA – Section 2605(e)**

In order to prevail on her claim that the RCS is liable to her for a violation of RESPA section 2605(e), Alena Hammer has the burden of proof to establish each of following elements:

1) RCS was servicing Alena Hammer's loan under RESPA;

2) Alena Hammer's loan was federally related mortgage loan under RESPA;

3) Alena Hammer sent RCS a qualified written request under RESPA;

4) RCS failed to respond to Alena Hammer's qualified written request within the time and manner allowed under RESPA or RCS charged Alena Hammer with a late fee within the 60 day after the loan was transferred to RCS; And

5) Alena Hammer suffered actual damages as a direct result of RCS failure to respond to her written request or she suffered actual damage by paying RCS an improper late fee.

RESPA's definition of the terms servicing, federally related mortgage loan and qualified written request are contained in the following instructions.

**Authority: 12 U.S.C. §2605; *Jenkins v. BAC Home Loan Servicing, LP*, 822 F.Supp.2d 1369, 1376 (M.D.Georgia 2011); *Tsakanikas v. JP Morgan Chase Bank, N.A.*, 2012 WL 6042836, \*2-3, (S.D.Ohio Dec. 4, 2012); *Pasillas v. Deutsche Bank Nat. Trust Co.*, 2013 WL 5225982, \*4 (N.D.Cal. Sept. 17, 2013); *Thepvongsa v. Regional Trustee Services Corp.*, 972 F.Supp.2d 1221, 1229 (W.D.Wash. Sept. 25, 2013); *Mernatti v. Nationstar Mortgage, LLC*, 2013 WL 5587821, \*8 (E.D.Mich. Oct. 13, 2013); *Jester v. CitiMortgage*, 2015 WL 631964, \*4 (N.D.Ohio Feb. 13, 2015) (plaintiff's damages must occur as a result of that specific violation); *Oden v. JP Morgan Chase Bank, N.A.*, 2012 WL 1610782, \*2 (S.D.Tex. May 8, 2012); *Bates v. JP Morgan Chase Bank*, 768 F.3d 1126, 1134 (11th Cir. 2014) (no actual damages under RESPA for a return of payments, which were insufficient to bring the loan current).**

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Objection: Plaintiff Objects to Defendant's proposed instruction as an inaccurate statement of law that cites only out of district cases. This section has nothing to do with whether

*of not* Defendant charged a late fee or paid a late fee. It also excludes Defendants' obligation to *not* report Plaintiff negatively to the credit bureaus within 60 days of receipt of a QWR. Lastly, damages must be "proximately caused" by the violation and those damages are not contingent on paying an improper fee. 12 U.S.C. § 2605(e)(1); 12 U.S.C. § 2605(e)(2)&(e)(3); *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011); *Baginski v. JPMorgan Chase Bank N.A.*, 2012 WL 5989295, at *5 (N.D.Ill 2012); *Marais v. Chase Home Finance, LLC*, 24 F.Supp.3d 712, 721-22 (S.D. Ohio 2014).

Plaintiff's proposed instructions in response to Defendant's instructions no. 33 through 36 will be stated after Defendant's instruction no. 36 below.

**<u>Plaintiff failed to include an instruction for the 1st element she must prove under 2605(e).</u>**

**DISPUTED - Defendant proposes:** DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34
**Servicer and Servicing**

Alena Hammer must establish that RCS was the servicer of her loan and RCS was servicing her loan at the time she issued her written request.

i) Alena Hammer must establish that RCS is the person responsible for servicing of a loan

ii) Alena Hammer must establish that RCS received scheduled periodic payments from a borrower pursuant to the terms of a mortgage.

The creation, denial or rejection of a loan modification is not servicing under RESPA.

**Authority: 12 U.S.C. §2605;** *Saucedo v. Bank of America, N.A.*, **2011 WL 6014008, \*2 (D.Ore. Dec. 1, 2011) ("denial of a loan modification is not servicing");** *Gates v. Wachovia Mortgage, FSB*, **2010 WL 2606511, \*3 (E.D.Cal. June 28, 2010) (courts have "routinely interpret[ed]" RESPA §2605 as requiring that a QWR relate to servicing and the creation or modification of a loan is not servicing);** *Guerra v. Just Mortgage, Inc.*, **2013 WL 1561114, \*2 (D.Nev. April 12, 2013) (same);** *Vettrus v. Bank of America, N.A.*, **2012 WL 2905167, \*8-9 (D.Ore. July 13, 2012) (same);** *Medrano v. Flagstar Bank, FSB*, **704 F.3d 661, 666-667 (9th Cir. 2012) (servicing under RESPA §2605 does not include challenges to the validity of an underlying debt or the terms of a loan agreement);** *Meyer v. EMC Mortgage Co.*, **2014 WL 1607443, \*5 (N.D.Ind. 2014) ("any actions related to any loan modification are outside the term 'servicing', and thus cannot be pursued under RESPA.");** *Yakowicz v. BAC Home Loans Servicing, LP*, **2013 WL 593902, \*5 (D.Minn. Feb. 15, 2012);** *Morequity Inc. v. Naeem*, **118 F.Supp.2d 885, 901 (N.D.Ill. 2000);** *Givant v. Vitek Real Estate Indutries Group*, **2012 WL 2912357, \*7 (E.D.Cal. July 16, 2012).**

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Objection: Plaintiff Objects to Defendant's proposed instruction as an inaccurate

statement of law that cites only out of district cases. This section has nothing to do whether or not periodic payments were received by Defendant. Additionally, the statement with respect to a loan modification is inaccurate and misleading. RESPA requires servicers to properly respond to the borrower's QWR's and not report negatively to the credit bureaus. 12 U.S.C. § 2605(e)(1); 12 U.S.C. § 2605(e)(2)&(e)(3). *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011); *Baginski v. JPMorgan Chase Bank N.A.*, 2012 WL 5989295, at *5 (N.D.Ill 2012); *Marais v. Chase Home Finance, LLC*, 24 F.Supp.3d 712, 721-22 (S.D. Ohio 2014).

Plaintiff's proposed instructions in response to Defendant's instructions no. 33 through 36 will be stated after Defendant's instruction no. 36 below.

**HAMMER'S PROPOSED INSTRUCTION NO. 19**
**RESPA – THIRD ~~VIOLATION~~ SECTION 2605(e)**
**SECOND ELEMENT**

If you have determined that Hammer sent and RCS received at least one Qualified Written Request in the previous instruction, Hammer must also prove by ~~preponderance of the evidence~~ that RCS improperly responded to either of the Qualified Written Requests in one or more of the following two ways:

1. RCS failed to respond to a Qualified Written Request within sixty (60) days in one or more of the following ways:

   a. Made appropriate corrections to Hammer's account, ~~including the crediting of any late charges or penalties,~~ and sent to Hammer written notification of the corrections which must also include the name and telephone number of a representative of RCS who could provide assistance to Hammer;

   <u>or</u>

   b. Conducted an investigation and provided Hammer with a written explanation that includes: (i) a statement of the reasons for which RCS believed Hammer's account was correct, and (ii) the name and telephone number of a representative of RCS who could provide assistance to Hammer;

   <u>or</u>

   c. Conducted an investigation and provided Hammer a written explanation that includes: (i) ~~information requested by Hammer or an~~ explanation of why the information requested <u>was not available</u>~~could not be obtained by RCS~~, and (ii) the name and telephone number of a representative of RCS who could provide assistance to Hammer;

   or

2. RCS reported Hammer as having ~~delinquent~~ <u>owed overdue</u> payments to any credit <u>reporting agency</u> ~~bureau~~ within the sixty (60) day period after receipt of a Qualified Written Request.

If you find from your consideration of all the evidence that Hammer has not proven either #1 or #2 above by a ~~preponderance of the evidence~~, then you must find in favor of RCS on this alleged violation. If you find from your consideration of all the evidence that Hammer has proven either #1, #2, or both ~~by a preponderance of the evidence~~, then you must find in favor of Hammer and consider the amount of damages to be awarded.

You should consider each of the letters that Hammer claims is a Qualified Written Request separately.

Given -----------------
Given as Modified -----------------
Refused -----------------
Withdrawn -----------------

Authorities:

12 U.S.C. § 2605(e)(1); 12 U.S.C. § 2605(e)(2). *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011); *Baginski v. JPMorgan Chase Bank N.A.*, 2012 WL 5989295, at *5 (N.D.Ill 2012); *Marais v. Chase Home Finance, LLC*, 24 F.Supp.3d 712, 721-22 (S.D. Ohio 2014).

**Defendant's Objections:** Defendant objects to this Instruction for the reasons stated in its motion in limine #8 as Plaintiff has not claim regarding what was reported to the credit bureaus. Further, the instruction misstates the language contained in RESPA § 2605(e), and therefore, misstates the law.  The instruction also fails to address how a QWR relates to a loan modification.

Defendant objects to titling the instruction a "VIOLATION", this is improperly misleading. Plaintiff must prove a violation and the jury must find a violation.  Plaintiff is attempting to assert a violation automatically exists through this instruction. Defendant also objects to Plaintiff's repetitive assertion that she must only prove her claim by a preponderance of the evidence. She cites no authority in support of that assertion.  Plaintiff misstates her burden of proof.

Defendant proposes the following instructions which provide both a definition of QWR under RESPA and explanation of the element:

DISPUTED - DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35
**RESPA's Definition of Qualified Written Request**

Alena Hammer must establish the following to show that her correspondence qualifies as qualified written request under RESPA:

i) her written correspondence includes, or otherwise enables the servicer to identify, the name and account of the borrower;

ii) her written correspondence includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower;

And

iii) she mailed her written correspondence to RCS at the address which RCS provided.

A loan servicer only has an obligation to respond to a qualified written response when the information requested relates to the actual servicing of the loan.

**Authority: 12 U.S.C. §2605;** *Givant v. Vitek Real Estate Indutries Group*, **2012 WL 2912357, *7 (E.D.Cal. July 16, 2012);** *Yakowicz v. BAC Home Loans Servicing, LP*, **2013 WL 593902, *5 (D.Minn. Feb. 15, 2012);**

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Objection: Plaintiff Objects to Defendant's proposed instruction as an inaccurate statement of law that cites only out of district cases. Defendant improperly limits where (i.e. the location) Plaintiff can send a QWR (see Plaintiff's response to Defendant's motion in limine no. 10). 12 U.S.C. § 2605(e)(1); 12 U.S.C. § 2605(e)(2)&(e)(3). *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011); *Baginski v. JPMorgan Chase Bank N.A.*, 2012 WL 5989295, at *5 (N.D.Ill 2012); *Marais v. Chase Home Finance, LLC*, 24 F.Supp.3d 712, 721-22 (S.D. Ohio 2014).

Plaintiff's proposed instructions in response to Defendant's instructions no. 33 through 36 will

be stated after Defendant's instruction no. 36 below.

**DISPUTED - DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36**
**RESPA's Time To Respond To A Qualified Written Request**

Alena Hammer must establish that RCS failed to respond to her qualified written request in the following manner:

Upon receipt of a valid qualified written response, a servicer has 20 days to acknowledge its receipt and 60 days to respond. A servicer shall respond by:

A) making appropriate corrections to the borrower's account and providing the borrower written notification of such corrections;

OR

B) after conducting an investigation, provide the borrower with a written explanation or clarification of why the servicer believes the borrower's account is correct; and provide the name and telephone number of an individual or the office or the department of the servicer that can provide assistance to the borrower.

OR

C) after conducting an investigation, provide the borrower with a written explanation or clarification of why the information requested by the borrower is unavailable or cannot be obtained; and and provide the name and telephone number of an individual or the office or the department of the servicer that can provide assistance to the borrower.

Under RESPA, it is irrelevant whether the servicer's understanding of the loan modification agreement is correct, so long as it is reasonable. Therefore, a reasonable explanation of the servicer's belief is sufficient, even if it is later determined that the belief is erroneous.

Further, correspondence will not be considered a qualified written request if the borrower sends the letter after a foreclosure has already been filed.

**Authority: 12 U.S.C. §2605;** *Vassalotti v. Wells Fargo Bank, N.A.*, **732 F.Supp.2d 503, 509 (E.D.Penn. Aug. 9, 2010) ("Under RESPA, it is irrelevant whether the servicer's understanding of the loan modification agreement is correct, so long as it is reasonable . . . A reasonable explanation of the servicer's belief is sufficient, even it is later determined that the belief is erroneous");** *Starkey v. JP Morgan Chase Bank, N.A.*, **2013 WL 6669268, \*4 (S.D.Ohio Dec. 18, 2013) ("A reasonable explanation of the servicer's belief is sufficient, even it is later determined that the belief is erroneous");** *Bates v. JP Morgan Chase Bank*, **768 F.3d 1126, 1134-35 (11th Cir. 2014) ("Chase explained that it had returned the funds from Bates's September and November payments because they were not certified funds and were inadequate to cure the default." This explanation satisfied 12 U.S.C. §2605(e)(2)(B)(i));** *Bajwa v. John Adams Mortgage Co.*, **2011 WL 6009266, \*5 (E.D.Mich. Nov. 30, 2011) (no RESPA claim because QWR was sent while home was already in foreclosure);** *Sanchez v. OneWest Bank FSB*, **2013 WL 139870 (N.D.Ill. Jan. 10, 2013) (property foreclosed before the time to respond to the QWR expired, so plaintiff has no claim under RESPA);** *Jones v. Wells Fargo Home Mortgage, Inc.*, **2014 WL 3974261, \*3-4 (N.D.Ill. 2014) (RESPA requirements to furnish plaintiff with information no longer applied because defendant stopped receiving scheduled payments and plaintiff was in default);** *Bilek v. Bank of America, N.A.*, **2011 WL 830948, \*6 (N.D.Ill. March 30, 2011) (granting summary judgment in favor of defendant on a RESPA count because the loan was in foreclosure proceedings at the time plaintiff sent his QWR).**

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Objection: Plaintiff Objects to Defendant's proposed instruction as an inaccurate statement of law that cites mostly out of district cases. The Court has already ruled that a QWR is valid if sent during a foreclosure case, and that remains the rule of the case [DKT# 42.] RCS's understanding (or misunderstanding) of the proper servicing is not the standard. The standard is whether RCS responded in one of the three required ways under section 2605(e). 12 U.S.C. § 2605(e)(1); 12 U.S.C. § 2605(e)(2)&(e)(3). *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011); *Baginski v. JPMorgan Chase Bank N.A.*, 2012 WL 5989295, at \*5 (N.D.Ill 2012); *Marais v. Chase Home Finance, LLC*, 24 F.Supp.3d 712, 721-22 (S.D. Ohio 2014).

Plaintiff's instructions are a more accurate statement of the law.

**DISPUTED**

**HAMMER'S PROPOSED INSTRUCTION NO. 20**
**MEASURE OF ACTUAL DAMAGES – RESPA**

       If you find in favor of Hammer on any of the alleged RESPA violations, then you must fix the amount of money which will reasonably and fairly compensate Hammer for any damages that have been proximately caused by RCS's violations and have been proved by a preponderance of the evidence, taking into consideration the nature, extent, and duration of the injury and the aggravation of any pre-existing ailment or condition.

       Hammer may recover actual damages under this provision, which may include damages resulting from RCS foreclosing on Hammer's home.

       Damages routinely include emotional damages such as damages for constant worry and distress over the impending loss of the home, and loss of time and inconvenience. Damages may also include those resulting from harm to Hammer's credit, time spent, and out of pocket expenses trying to correct the situation.

       In determining Hammer's actual damages, there is no unit value or mathematical formula the Court can give you. You should allow an amount which you find to be fair and just under all the facts and circumstances. The amount to be awarded rests within your sound discretion.

Given ----------------
Given as Modified ----------------
Refused ----------------
Withdrawn ----------------

Authorities:
12 U.S.C. §2605(f)(1); *Johnstone v. Bank of America, N.A.,* 173 F.Supp.2d 809, 815 (N.D.Ill.2001) (holding that RESPA's actual damages provision includes recovery for emotional damages and actual damages include damages for constant worry and distress over the impending loss of the home, and loss of time and inconvenience. ); *Rawlings v. Dovenmuehle Mortgage, Inc.*, 64 F. Supp. 2d 1156, 1166 (M.D. Ala. 1999) ("'actual damages' [under RESPA] ...encompass mental anguish damages."). *Allen v. Experian Info. Solutions, Inc.*, 2006 U.S. Dist. LEXIS 29049 (S.D. Ill. 2006) (Denying summary judgment when plaintiff claimed denial of credit constituted economic damage.); *Lamar v. Experian Info. Sys.*, 408 F. Supp. 2d 591, 595 (N.D. Ill. 2006); *Ploog v. Homeside Lending, Inc.*, 209 F.Supp.2d 863 (N.D.Ill. 2002); *Hrubec v. National Railroad Passenger Corp*, 829 F.Supp. 1502, 1505 (N.D.Ill.1993) 26 U.S.C. § 7341(a)(2), 26 U.S.C. § 6103.

**Defendant's Objections:** Defendant objects to this instruction in its entirety. It misstates the law on damages under RESPA and misstates the nature of Plaintiff's claims. Plaintiff's claim under RESPA does not pertain to the foreclosure. The first foreclosure was already pending when her loan was transferred to RCS. Moreover, the alleged letters were written to RCS after the second foreclosure action was already pending.

The instruction misstates the law because Plaintiff must show a direct causal link to the alleged RESPA violation. While Plaintiff *may* recover emotional damages, she must prove more than just emotional damages, yet that is left out of this instruction. Plaintiff must also prove proximate cause which is not mentioned in this instruction.

Further, Plaintiff admitted that she has no damages in regard to credit reporting. Defendant also objects to this instruction based upon its motions in limine.

Defendant proposes the following instruction on damages:

<span style="font-variant:small-caps">DISPUTED - DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37</span>
**RESPA's Damages Requirement**

Alena Hammer must establish more than showing a RESPA violation to state a claim. Alena Hammer must also establish that she suffered actual damages proximately caused by RCS for not responding to her qualified written request or that she made a payment to RCS for a late fee which was charged to her within 60 days of RCS receiving her loan.

Emotional distress caused by a foreclosure action does not establish that Alena Hammer's damages were proximately caused by the alleged violation of RESPA.

**Authority: 12 U.S.C. §2605; *Byrd v. Homecomings Financial Network*, 407 F.Supp.2d 937 (N.D.Ill. 2005) (RESPA "§2605(f) . . . requires a party show actual damage from a violation of §2605(e)(2)); *Guidi v. Paul Financial, LLC*, 2014 WL 60253, *4 (N.D.Cal. 2014); *Mernatti v. Nationstar Mortgage, LLC*, 2013 WL 5587821, *8 (E.D.Mich. 2013); *Collier v. Wells Fargo Home Mortgage*, 2006 WL 1464170 (N.D.Tex. 2006) (the alleged improper servicing had already occurred before plaintiff sent defendant a QWR, so plaintiff have not alleged any damage cause by defendant's failure to respond to the QWR); *Nikiforuk v. CitiMortgage, Inc.*, 2011 WL 7113469, *6 (E.D.Mich. 2011) (plaintiff failed to allege a causal link between the inadequate response to a QWR and any actual damage suffered); *Oden v. JP Morgan Chase*, 2012 WL 1610782, *2 (S.D.Tex. 2012) (same); *Mekani v. Homecomings Financial, LLC*, 752 F.Supp.2d 785, 796 (E.D.Mich. 2010); *Jester v. CitiMortgage*, 2015 WL 631964, *4 (N.D.Ohio 2015) ("Damages are a necessary element of a RESPA claim." The damages also must be as a result of the specific RESPA violation); *Pasillas v. Deutsche Bank Nat. Trust, Co.*, 2013 WL 5225982, *4 (N.D.Cal. 2013); *Tsakanikas v. JP Morgan Chase Bank, N.A.*, 2012 WL 6042836 (S.D.Ohio 2012) ("Recovery under RESPA requires more than establishing a violation; a plaintiff must suffer actual, demonstrable damages, and the damages must occur "as result of" that specific violation); *Banh v. Aurora Loan Services, LLC*, 2012 WL 2202982, *3 (N.D.Cal. 2012) (same); *Whittier v. Ocwen Loan Servicing, LLC*, 2014 WL 6791382, *3 (5th Cir. 2014) [unpublished] (plaintiff failed to satisfy the "actual damages requirement of a RESPA claim"); *Carswell v. JP Morgan Chase Bank N.A.*, 2012 WL 6053168, *1 (9th Cir. 2012) [unpublished] (actual damages are "required as an element of a RESPA claim"); *Foregger v. Residential Credit Solutions, Inc.*, 2013 WL 6388665, *5 (D.Mass. 2013) (plaintiff has not shown damages as a result of RESPA violation. Plaintiff does not distinguish damages enhanced or exacerbated by the alleged RESPA violation from those suffered as a result of the impending foreclosure).**

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

OBJECTION:_____

Plaintiff's Objection: Plaintiff Objects to Defendant's proposed instruction as an inaccurate statement of law that cites only out of district cases.  Section 2605(d) prohibits the charging of a late fee *or* treating a payment as late. 12 U.S.C. § 2605(d).

**Plaintiff failed to include any Verdict Forms, Defendant submits the following:**

**Plaintiff's Response: If Plaintiff did in fact fail to submit a verdict form it was mere oversight. Plaintiff believes she provided verdict forms to the defendant.  Plaintiff wishes to use the simplest general verdict form the Court is comfortable approving to make the process of reporting a verdict as easy as possible for a jury.**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.  38**

**VERDICT FORM A**


<u>VERDICT A</u>

WE, THE JURY, FIND FOR Alena Hammer AND AGAINST Residential Credit
Solutions, Inc. on all counts

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39**

**VERDICT FORM B**

<u>VERDICT B</u>

    WE, THE JURY, FIND FOR Residential Credit Solutions, Inc. AND AGAINST Alena Hammer on all counts.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.  40**

**VERDICT FORM C**

We the Jury find in favor of Alena Hammer against Residential Credit Solutions, Inc. for the Breach of Contract Count.

_____          _____
_____          _____
_____          _____

_____          _____
_____          _____
_____          _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.  41**

**VERDICT FORM D**

We the Jury find in favor of Residential Credit Solutions, Inc. and against Alena Hammer for the Breach of Contract Count.

_____        _____
_____        _____
_____        _____
_____        _____
_____        _____
_____        _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42**

**VERDICT FORM E**

We the Jury find in favor of Alena Hammer and against Residential Credit Solutions for the claim under the Real Estate Settlement Procedures Act.

_____               _____
_____               _____

_____               _____
_____               _____
_____               _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.  43**

**VERDICT FORM F**

We the Jury find in favor of Residential Credit Solutions, Inc. and against Alena Hammer for the claim under the Real Estate Settlement Procedures Act.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____