UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ALENA W. HAMMER, | | ) | |
| | Plaintiff, | ) | CIVIL ACTION |
| | | ) | |
| | | ) | File No. 1:13-cv-6397 |
| | v. | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | | ) | JURY TRIAL DEMANDED |
| | | ) | |
| | Defendant. | ) | Honorable Judge Durkin |

**PLAINTIFF ALENA HAMMER'S MOTION FOR PERMISSION TO USE THE VIDEO DEPOSITION OF DR. S. J. HASANAIN, M.D. AT TRIAL PURSUANT TO RULE 32(A)(4) BASED UPON THE UNAVAILABILITY OF THE WITNESS[1]**

Alena W. Hammer ("Hammer") brings this motion pursuant to Federal Rule of Civil Procedure 32(a)(4) to permit the use of the video deposition of Dr. S. J. Hasanain at trail based upon his unavailability. In support of this motion, Hammer states as follows:

1. This matter was originally set for trail on February 28, 2015. Thereafter, the trial was continued to March 23, 2015 and later continued to April 13, 2015.

2. At trial, Hammer intends to use the testimony of her treating cardiologist, Dr. Hasanain, with respect to the exacerbation of her existing heart conditions.

3. On September 26, 2014, Hammer disclosed under Rule 26(a)(1) her treating cardiologist, Dr. Hasanain as witness. On February 5, 2015, Hammer provided a summary report pursuant to Fed. R. Civ. P. 26(a)(2)(C).

4. Dr. Hasanain is unavailable to testify during the trial set to begin on April 13, 2015.

---

[1] Hammer requests leave to file this motion in limine after the initial Court ordered deadline as explained below. Dr. Hasanain's deposition was not completed until March 27, 2015, after the deadline.

1

5. The parties deposed Dr. Hasanain on January 28, 2015 for approximately two and a half hours. The parties resumed and completed the deposition of Dr. Hasanain on March 27, 2015 for approximately two additional hours. *See* Exhibit A of RCS's motion in limine no. 15 is the full transcript of Dr. Hasanain's testimony. Hammer will bring a copy of the full transcript to Court this afternoon.

6. Both deposition sessions were taken before a stenographer and videographer.

7. Counsel for RCS conducted a vast majority of the depositions via cross examination. Hammer's counsel asked approximately 10 minutes worth of questions.

8. After the March 27, 2015 deposition, and in the presence of RCS's counsel, Hammer's counsel notified Dr. Hasanain that his appearance at trial was necessary.

9. Dr. Hasanain informed Hammer's counsel, in the presence of RCS's counsel, that he would be out of the country for most of the month of April 2015 on vacation and could not attend the trial.

10. The following day, on March 28, 2015, Hammer served Dr. Hasanain with a trial subpoena via certified mail. *See* Exhibit A attached hereto.

11. Dr. Hasanain received the certified mailing on April 2, 2015. *Id*.

12. Hammer's counsel has attempted to contact Dr. Hasanain but has only reached his answering service.

13. Hammer seeks to introduce the video deposition of Dr. Hasanain during trial due to his unavailability to appear as a witness pursuant to Fed. R. Civ. P. 32(a)(4)(B)&(D).

## STANDARD

14. Rule 32(a)(1) states, in relevant part:

    (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

    (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

    (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

    (C) the use is allowed by Rule 32(a)(2) through (8).

15. Rule 32(a)(4) states, in relevant part:

    (4) *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

    (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

    ...

    (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

16. Dr. Hasanain is out of the United States and will be more than 100 miles from the place of the trial on a pre-arranged vacation through April 2015 during the time of trial under Fed. R. Civ. P. 32(a)(4)(B). Additionally, Hammer has been unable to procure the witness's attendance by subpoena under Fed. R. Civ. P. 32(a)(4)(D). Hammer has also not procured Dr. Hasanain's absence from the United States.

17. Hammer has been diligent in attempting to secure Dr. Hasanain's appearance at trial.

18. Counsel for Ms. Hammer spoke to Dr. Hasanain as well as his assistant to determine his schedule and availability during the week of trial after his deposition on March 27, 2015. Counsel immediately served a trial subpoena on the Doctor by certified mail on March 28, 2015 after orally advising the Doctor that his attendance at trial would be necessary and a subpoena would be forthcoming.

19. Hammer would also point out difficulty in reaching Dr. Hasanain or scheduling his deposition sessions. Counsel would also remind the Court of Dr. Hasanain's unwillingness to discuss the treatment of Hammer with Hammer's counsel due to RCS's subpoena for a deposition. Hammer's counsel trusts the Court has already appreciated the difficulties experienced in dealing with the Doctor to date by all parties.

20. Dr. Hasanain has not responded to the subpoena and Hammer's counsel has not been able to reach his staff. Dr. Hasanain's answering service simply states that he is away on vacation.

21. Dr. Hasanain was available for the March 23, 2015 trial date, which was continued in response to RCS's oral motion requesting more time to retain an expert and prepare for trial.

22. The parties have taken over four hours of video deposition testimony of Dr. Hasanain, on two separate dates, during which time RCS asked the overwhelming majority of questions.

23. During the deposition, Defendant RCS engaged in extensive questioning and cross-examination of Dr. Hasanain and his treatment and diagnosis of Ms. Hammer.

24. RCS had the opportunity to fully question Dr. Hasanain during the deposition will not be prejudiced by the use of Dr. Hasanain's video testimony in place of his personal appearance at trial.

25. Under the circumstances, it is appropriate to use Dr. Hasanain's video deposition in lieu of live testimony at trial pursuant to Fed. R. Civ. P. 32(a)(4)(B)&(D). *See Jones v. Connors*,

4

2013 WL 5423854, at *4 (N.D.Ill. Sept. 26, 2013) (Castillo) (finding the use of the doctor's deposition testimony as evidence at trial was not erroneous under Rule 32(a)(4) where the doctor was unavailable simply due to his busy schedule and work obligations where defendants has used reasonable diligence to get him to attend) (citing *Griman v. Makorsky,* 76 F.3d 151, 153–54 (7th Cir.1996) ("For a party to be 'unable' to procure a witness's attendance at trial by subpoena implies that the party used reasonable diligence to get him to attend, and it is up to the district judge, within broad limits, to decide whether, in the circumstances, this condition has been satisfied"). *Stanfield v. Dart*, 2014 WL 996482, at *12-*13 (N.D.Ill March 13, 2014) (deposition of an unavailable witness was read aloud at trial); *Ueland v. U.S.*, 291 F.3d 993, 995-6 (7th Cir. 2002) (finding deposition testimony admissible where the witness was over 100 miles away in jail. "Use of depositions as substantive evidence is normal in federal practice."). *Rizza v. Underwriters*, 2011 WL 867492, at *1 (N.D.Ill. 2011) (video deposition testimony under Rule 32(a)(4) where witness was over 100 miles away and was confined to a wheelchair). *See also Kyeame v. Buchheit*, 2011 WL 4949220 (M.D. 2011) (the court permitted use of video deposition testimony of a doctor under Rule 32 because he resided outside of the United States); *MMG Ins. Co. v. Samsung Electronics America, Inc.*, 293 F.R.D. 58, 67 (D.N.H. 2013) (denying a motion to prevent use of video deposition at trial where the witness was away on vacation).

26. Rule 32 does not require an evidentiary showing of unavailability. "[T]he rule itself imposes no such condition—and we see no reason to read such a condition into it. Under ordinary circumstances, a district court possesses the power to accept, and act upon, a reliable explanation of a deponent's whereabouts without convening an evidentiary hearing." *Daigle v. Maine Medical Center, Inc.*, 14 F.3d 684, 691-92 (1st Cir. 1994) (sustaining the district court's finding that the doctor was unavailable under Rule 32, where the doctor had stated he would

soon move to Wisconsin and would be unable to leave to testify) (citing *Hartman v. United States,* 538 F.2d 1336, 1345–46 (8th Cir.1976) (upholding district court's admission of deposition solely upon deponent's uncontradicted statement, seven months before trial, that he lived more than one hundred miles from the courthouse; noting, *inter alia,* that deponent had no apparent reason to return for trial)).[2]

27. Alternatively, exceptional circumstances exist to permit the use of Dr. Hasanain's video deposition testimony at trial pursuant to Rule 32(a)(4)(E). Fed. R. Civ. P. 32(a)(4)(E) ("on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.) *See McDaniel v. BSN Medical, Inc.,* 2010 WL 2464970, at *4 (W.D.Ky 2010) (exceptional circumstances existed under Rule 32(a)(4)(E) where the orthopedic surgeon's video deposition testimony in lieu of live testimony at trial where the surgeon was injured and had a sufficiently busy surgical and clinical schedule).

28. Furthermore, the parties video-taped the deposition Dr. Hasanain in preparation for the possibility that due to his schedule he would not be available to testify at trial. *McDaniel,* 2010 WL 2464970, at *5 ("Videotaped testimony prepared specifically for use at trial mitigates the concerns militating against the use of depositions in lieu of live testimony.").

WHEREFORE, Plaintiff Alena Hammer prays that this Court:

a. Grant Hammer's motion in its entirety;

---

[2] "Next, appellant intimates that a witness, though at the stated distance from the place of trial, is not unavailable if, with reasonable efforts, he might be persuaded to attend. But the language of the rule does not permit a court to read this sort of qualification into it. Distance is the decisive criterion: so long as a witness is shown to be more than one hundred miles from the place of trial, the admissibility of deposition testimony under the aegis of Rule 32(a)(3)(B) is not contingent upon a showing that the witness is otherwise unavailable." *Daigle,* 14 F.3d at 691-92.

    b.   Permit the use of Dr. Hasanain's deposition testimony as evidence at trial;

    c.   Enter any other relief this Honorable Court deems just and proper.

Done and filed this 9th day of April 2015.

*/s/ Nick Wooten*
Nick Wooten (WOO084)
NICK WOOTEN, LLC
P.O. Box 3389
Auburn, Alabama 36831

*/s/ Ross M. Zambon*
Sulaiman Law Group, Ltd.
Ross M. Zambon – ARDC # 6294149
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523

## CERTIFICATE OF SERVICE

I, Ross M. Zambon, an attorney, certify that on April 9, 2015, I caused the foregoing motion to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

                                                    /s/ Ross M. Zambon
                                                    Sulaiman Law Group, Ltd.
                                                    Ross M. Zambon - ARDC # 6294149
                                                    Mara A. Baltabols - ARDC # 6299033
                                                    900 Jorie Blvd., Suite 150
                                                    Oak Brook, IL 60523