IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALENA W. HAMMER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 13 C 6397 |
| | ) |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) Judge Durkin |
| | ) |
| Defendant. | ) |

## RCS' RESPONSE TO PLAINTIFF'S MOTION FOR PERMISSION TO USE THE VIDEO DEPOSITION OF DR. S. J. HASANAIN, M.D. AT TRIAL

Defendant, Residential Credit Solutions ("RCS"), by and through its attorneys, David M. Schultz, James M. Lydon, John P. Ryan, and Palak N. Shah and in Response to Plaintiff's Motion for Permission to Use the Video Deposition of Dr. Hasanain states as follows:

Plaintiff seeks to introduce the video deposition Dr. Hasanain as his testimony at trial, due to his unavailability under Rule 32 of the Federal Rules of Civil Procedure. Defendant objects to this request because Plaintiff's dilatory tactics and overall inability to follow the rules has caused Dr. Hasanain's unavailability. Allowing Dr. Hasanain's deposition testimony in lieu of his actual testimony at trial will unfairly prejudice Defendant.

Plaintiff first informed Dr. Hasanain of her intent to call him at trial, after the completion of his deposition on March 27, 2015. (Dkt. #157, pg. 2). Plaintiff should have informed Dr. Hasanain that his appearance would be required at trial when he was first disclosed as a witness. Instead, Plaintiff waited until the trial was two weeks away to first inform Dr. Hasanain that his appearance at trial would be necessary. Plaintiff goes on to identify the numerous scheduling difficulties that have arisen with Dr. Hasanain, and then claims that she has been diligent in attempting to secure Dr. Hasanain's appearance at trial by allowing him only two weeks' notice. (Dkt. #157, pg. 3-4). Plaintiff was not diligent in attempting to procure Dr. Hasanain's

appearance at trial and her failure to provide adequate notice has resulted in a predictable outcome – Dr. Hasanain is unavailable to attend. Plaintiff now seeks to benefit from the unavailability that she has created. She argues that Dr. Hasanain's video deposition testimony is admissible as an unavailable witness under Rule 32(a)(4)(B) & (D). This is improper because Plaintiff's delay in informing Dr. Hasanain that he would be testifying at trial caused his unavailability. Therefore, under Rule 32(a)(4)(B) the court may not use Dr. Hasanain's testimony because Plaintiff's actions procured his unavailability.

Plaintiff cites a litany of cases identifying a court may use the deposition testimony when a witness is unavailable under Rule 32. However, none of these cases cited by Plaintiff are factually on point with this case. Plaintiff's reliance on *Jones* is misplaced because it involves a plaintiff using reasonable diligence in attempting to obtain a treating physician's appearance at trial. *Jones v. Connors* 2013 WL 5423854, *4 (N.D. Ill. Sept. 26, 2013).[1] The court identified that inability to procure a witness by subpoena under the circumstances is reasonable diligence. *Id. citing Griman v. Makousky* 76 F.3d 151, 154 (1996). Here, Plaintiff failed to use reasonable diligence because she failed to properly serve Dr. Hasanain with a trial subpoena and she waited until the week before trial to send him the trial subpoena, when she knew months in advance that she would be calling Dr. Hasanain at trial. The plain text of *FRCP 45* seems to require, that a subpoena must be hand-delivered to the person named therein (*FRCP 45(b)(1)*; *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co., No 08-cv-3657, 2008 WL 4829583, at *1 (E.D. La. Nov. 5, 2008)*). Plaintiff provided Dr. Hasanain's subpoena by certified mail, not by process

---

[1] The court ultimately allowed the deposition testimony of the physician but excluded the physician's causation testimony because the physician was not properly disclosed as under FRCP 26(a)(2) prior to his deposition. 2013 WL 5423854, *5. In this respect, *Jones* is similar to the current case. Therefore, if the court does allow Dr. Hasanain's testimony it should follow *Jones* and exclude all causation testimony as there was not an appropriate 26(a)(2) disclosure of Dr. Hasanain prior to his two part deposition.

server or hand delivery, and thus this service does not constitute reasonable diligence. Moreover, Plaintiff's own delay in attempted service of the trial subpoena on Dr. Hasanain caused his unavailability.

Finally, Plaintiff claims that the video deposition of Dr. Hasanain was done in anticipation of the possibility that he would not be available for trial. This is incorrect. Plaintiff never informed Defendant that Dr. Hasanain's schedule would not permit him to testify at trial. This motion is the first Defendant is hearing about Dr. Hasanain not being able to testify at trial. The deposition of Dr. Hasanain was done for discovery purposes, not for use at trial. Prior to his deposition, Defendant had no knowledge of the extent of Dr. Hasanain's opinions because at that time he had failed to file an expert report. Moreover, the opinions Dr. Hasanain offered in his deposition did not match the opinions contained in Plaintiff's disclosures. Therefore, Defendant was not able to adequately question Dr. Hasanain at his deposition. At trial, Defendant's questioning of Dr. Hasanain would be substantially different and cover several topics not discussed in his deposition. Defendant would be severely prejudiced if Dr. Hasanain's video deposition was to be presented to the jury Defendant's examination at trial would be substantially different than his deposition.

WHEREFORE, Defendant RCS, prays this Court deny Plaintiff's motion in its entirety and prevent Plaintiff from using the video deposition of Dr. Hasanain at trial and for any other relief this court deems just.

    Respectfully submitted,

    Residential Credit Solutions, Inc.

By: /s/ John P. Ryan
    One of its Attorneys
    John P. Ryan
    HINSHAW & CULBERTSON
    222 N. LaSalle Street, Ste 300

Chicago, IL 60601
(312) 704-3000

4

## **CERTIFICATE OF SERVICE**

    I, an attorney, hereby certify that on April 10, 2015, I electronically filed Defendant's Response to Plaintiff's Motion for Permission to Use the Video Deposition of Dr. Hasanain with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                    /s/ John P. Ryan
                                    John P. Ryan

131039508v1 0951421