

*Hammer v Residential Credit* JURY INSTRUCTION 1

13 C 6397

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**FILED**

APR 20 2015
4/20/15
:ge Thomas M. Durkin
ited States District Cour

## JURY INSTRUCTION NUMBER 2

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

JURY INSTRUCTION NUMBER 3

In this case the defendant, Residential Credit Solutions, Inc. which I will refer to as RCS, is a corporation. Plaintiff, Alena Hammer, who I will refer to as "Hammer", is an individual who I will refer to as Hammer. All parties are equal before the law. Corporations are entitled to the same fair consideration that you would give any individual person.

JURY INSTRUCTION NUMBER 4

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true. In this case there are two stipulations.

## JURY INSTRUCTION NUMBER 5

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

JURY INSTRUCTION NUMBER 6

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

JURY INSTRUCTION NUMBER 7

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

JURY INSTRUCTION NUMBER 8

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## JURY INSTRUCTION NUMBER 9

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

JURY INSTRUCTION NUMBER 10

You may have heard the phrases direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

JURY INSTRUCTION NUMBER 11

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

JURY INSTRUCTION NUMBER 12

It is proper for a lawyer to meet with any witness in preparation for trial.

JURY INSTRUCTION NUMBER 13

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

JURY INSTRUCTION NUMBER 14

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## JURY INSTRUCTION NUMBER 15

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

## JURY INSTRUCTION NUMBER 16

Certain demonstrative exhibits have been shown to you. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

JURY INSTRUCTION NUMBER 17

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

JURY INSTRUCTION NUMBER 18

The transcript of the trial testimony will not be available for you to consult.

JURY INSTRUCTION 19A

Hammer alleges four causes of action against RCS. Under Count I, Hammer claims she is entitled to recover damages from RCS for breach of contract. Under Count II, Hammer claims RCS committed unfairness under the Illinois Consumer Fraud and Deceptive Business Practices Act. Under Count III, Hammer claims RCS committed deception under the Illinois Consumer Fraud and Deceptive Business Practices Act. Under Count IV, Hammer claims RCS violated the Real Estate Settlement Procedures Act, also known as RESPA. RCS denies Hammer's allegations.

JURY INSTRUCTION NUMBER 20
**COUNT I – BREACH OF CONTRACT**

Under Count I, Hammer claims she is entitled to recover contract damages from Residential Credit Solutions, Inc. (RCS), for breach of contract. Hammer has the burden of proving:

1. The existence of a contract for a loan modification between Hammer and the FDIC.

2. Performance by Hammer of all her obligations.

3. RCS' failure to perform its obligations under the contract.

4. Resulting damage to Hammer.

I will explain and define these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of RCS. If you find that Hammer has proven each of these elements you must find for Hammer and consider damages.

JURY INSTRUCTION NUMBER 21
**PROOF OF FORMATION OF CONTRACT**

The first element of a contract claim Hammer must prove is the existence of a contract. There is a contract if Hammer proves there was an offer by the FDIC, acceptance of the offer by Hammer and consideration between the parties.

To prove the existence of a contract between RCS, Hammer has the burden of proving each of the following propositions by a preponderance of the evidence:

First the FDIC must have made an offer to Hammer.

1. An *"offer"* is a communication of a willingness to enter into a contract. The communication must satisfy four conditions:

> [1] the communication must have included a definite promise by the person making the communication, showing a willingness to make an agreement;

> [2] the important and necessary terms must be definite;

> [3] the terms must be communicated by words or conduct to the other party; and

> [4] the communication must give the other party the power to agree to its terms.

2. Second Hammer must prove she accepted an offer made by the FDIC.

"Acceptance" of an offer is a communication of agreement to the terms of the offer. For the acceptance to be valid:

> [1] Hammer, must have agreed to all of the material terms in the offer; and

> [2] Hammer, must have communicated agreement according to the terms by accepting the offer in writing.

3. Third the agreement included an exchange of promises or value, which is known as consideration. There is sufficient consideration if Hammer can prove that something of value was bargained for by the parties and given by one party in exchange for the other's promise. "Something of value" may consist of a promise, an act, a promise to act or not act, or any payment that was of benefit to one party or a disadvantage to the other.

JURY INSTRUCTION NUMBER 22
**PERFORMANCE**

As to the second element of Hammer's Contract claim, if Hammer proves the existence of a loan modification contract, then she must prove she performed all of her obligations under the loan modification offered by the FDIC.

JURY INSTRUCTION NUMBER 23
**BREACH**

The third element of a contract claim which Hammer must prove is RCS' breach of the contract. To recover on her claim, Hammer has the burden to prove RCS failed to do something the contract required RCS to do.

## JURY INSTRUCTION NUMBER 24
### DAMAGES

The fourth element of a contract claim is damages. Hammer must prove she sustained damages resulting from RCS' breach. To recover on her claim, Hammer must prove that because of RCS' failure to perform the contract, she has been damaged.

RCS denies Hammer sustained any damages.

## JURY INSTRUCTION NUMBER 25
### MEASURE OF DAMAGES

If you find in favor of Hammer you must then decide how much money, if any, would fairly compensate Hammer for the breach of contract. Hammer has the burden of proving each element of damages claimed and that they occurred as a direct and natural result of RCS' breach. In calculating Hammer's damages, you should determine that sum of money that will put Hammer in as good a position as she would have been in if both Hammer and RCS, had performed all of their promises under the contract.

Hammer seeks an award of several different categories of contract damages.

[1]     Direct damages for:

"Direct Damages" are the amount of gain Hammer would have received if the parties had fully performed the contract. You calculate the amount of this gain by determining the value of the contract benefits Hammer did not receive because of RCS' breach and then subtracting from that value, the amount you calculate the value of whatever expenses Hammer saved because of the breach.

[2]     Incidental damages for:

Incidental damages are different from direct and special damages.

"Incidental Damages" are costs that were reasonably spent either in responding to RCS's breach of the contract or in securing the benefits RCS was to have provided.

[3]     Emotional Damages:

Emotional damages may only be awarded for a breach of contract if Hammer has proven that the breach of contract was wanton and reckless and caused bodily harm or where RCS had reason to know, when the contract was made, that its breach would cause mental suffering for reasons other than mere pecuniary loss.

JURY INSTRUCTION NUMBER 26

Hammer must prove demonstrable emotional distress in order to recover damages for emotional distress. She cannot establish emotional distress damages based simply on conclusory statements regarding emotional damages. Hammer cannot recover for any emotional damages caused by her decision to bring this lawsuit.

This instruction applies to all claims.

JURY INSTRUCTION NUMBER 27
**COUNT II – Illinois Consumer Fraud and Deceptive Business Practices Act:**
**Unfairness**

Hammer claims that RCS violated an Illinois statute called the Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"). I will refer to this claim in these instructions as the "Consumer Fraud Act Claim."

The Consumer Fraud Act statute prohibits unfair and deceptive acts, including the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission.

To prove a violation of the Consumer Fraud Act for unfairness, Hammer must prove each of the following elements by a preponderance of the evidence:

1)      RCS engaged in an unfair act or practice;

2)      RCS intended for Hammer to rely on the unfairness;

3)      The unfairness occurred in a course of conduct involving trade or commerce;

4)      Hammer sustained actual damages; and

5)      Such damages were proximately caused by RCS' unfairness.

If you find that Hammer proved each of these elements, then you must find in favor of Hammer and against RCS on the Consumer Fraud Act Claim for unfairness, and then consider the issue of damages.

If you find that Hammer has not established one or more of these elements, then you must find in favor of RCS and against Hammer on the Consumer Fraud Act Claim for unfairness, and you will not consider the issue of damages.

JURY INSTRUCTION NUMBER 28
**Count II Consumer Fraud Act Claim– Element 1: Unfairness Factors to Consider**

As to the first element of the Consumer Fraud Act Claim for unfairness, Hammer must establish by a preponderance of the evidence that RCS committed one or more unfair acts or practices. To determine whether an act or practice is unfair under the Consumer Fraud Act, you must consider the following factors:

1. whether the practice offends public policy;
2. whether it is immoral, unethical, oppressive, or unscrupulous;
3. whether it causes substantial injury to consumers.

All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.

JURY INSTRUCTION NUMBER 29
**Count II Consumer Fraud Act Claim– Unfairness Element 2**

As to the second element of the Consumer Fraud Act Claim for unfairness– Hammer must prove by a preponderance of the evidence that RCS intended for Hammer to rely on the unfair act or acts or practices.

JURY INSTRUCTION NUMBER 30
**Count II Consumer Fraud Act Claim– Unfairness Element 3**

As to the third element of the Consumer Fraud Act Claim for unfairness, Hammer must prove that the unfair act occurred in the course of trade or commerce as defined by the Consumer Fraud Act:

The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

JURY INSTRUCTION NUMBER 31

**Count II Consumer Fraud Act Claim– Unfairness Elements 4 and 5: Proximate Cause and Actual Damages**

As to the fourth and fifth elements of the Consumer Fraud Act Claim for unfairness – Hammer must prove by a preponderance of the evidence that Hammer has suffered actual damages and that RCS's unfair conduct proximately caused Hammer's actual damages.

JURY INSTRUCTION NUMBER 19

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

JURY INSTRUCTION NUMBER 32
**COUNT III – Illinois Consumer Fraud and Deceptive Business Practices Act:**
**Deception**
Hammer also claims that RCS committed deception under the Consumer Fraud Act.

To prove deception under the Consumer Fraud Act, Hammer must prove each of the following elements by a preponderance of the evidence:

1)      RCS engaged in a material deceptive act or practice;

2)      RCS intended for Hammer to rely on the deception;

3)      The deception occurred in a course of conduct involving trade or commerce;

4)      Hammer sustained actual damages; and

5)      Such damages were proximately caused by RCS' deception.

If you find that Hammer proved each of these elements, then you must find in favor of Hammer and against RCS on the Consumer Fraud Act Claim for deception, and then consider the issue of damages.

If you find that Hammer has not established one or more of these elements, then you must find in favor of RCS and against Hammer on the Consumer Fraud Act Claim for deception, and you will not consider the issue of damages.

JURY INSTRUCTION NUMBER 33

**Count III Consumer Fraud Act Claim– Element 1: Material Deceptive Act**

As to the first element of the Consumer Fraud Act Claim – a "material deceptive act or practice" – Hammer must prove by a preponderance of the evidence that RCS knew and failed to disclose and/or misrepresented information, either orally or in writing, about the FDIC loan modification offer or the handling of Hammer's mortgage loan account.

The deception must have been material to Hammer. Deception is "material" where a person would have acted differently knowing the information, or if it concerned the type of information upon which a person would be expected to rely in making decisions concerning the FDIC loan modification offer or concerning Hammer's mortgage account

JURY INSTRUCTION NUMBER 34
**Count III – Consumer Fraud Act Claim – Deception Element 2: Intent to Rely**

As to the second element of the Consumer Fraud Act Claim for deception– that "RCS intended for Hammer to rely on" the alleged deception – Hammer must prove by a preponderance of the evidence that RCS knew and failed to disclose and/or misrepresented material facts for the purpose of inducing Hammer's actions with regard to the FDIC loan modification offer or Hammer's mortgage loan account.

JURY INSTRUCTION NUMBER 35

**Count III Consumer Fraud Act Claim– Deception Element 3 – Trade or Commerce**

As to the third element of the Consumer Fraud Act Claim for deception Hammer must prove that the deception occurred in the course of trade or commerce as defined by the Consumer Fraud Act:

The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

JURY INSTRUCTION NUMBER 36

**Count III Consumer Fraud Act Claim– Deception Elements 4 and 5: Proximate Cause and Actual Damages**

As to the fourth and fifth elements of the Consumer Fraud Act Claim for deception – that RCS' alleged conduct "proximately caused" damages to Hammer – Hammer must prove by a preponderance of the evidence that Hammer was in some manner deceived and that RCS's deceptive conduct proximately caused Hammer's actual damages.

JURY INSTRUCTION NUMBER 37

**Count III Fraud Act Claims for Unfairness and Deception: Measure of Damages:**

If you decide for Hammer on the question of liability under the Consumer Fraud Act Claim for deception and/or unfairness, you must decide how much money, if any, will reasonably and fairly compensate Hammer for damages proved by the evidence to have resulted from the conduct of RCS. Hammer has the burden of proving damages to a reasonable degree of certainty and Hammer must establish a reasonable basis for computation of damages. A damages award may not be based on speculation or conjecture.

JURY INSTRUCTION NUMBER 38

You may award compensatory damages only for injuries that Hammer has proved by a preponderance of the evidence were caused by RCS' wrongful conduct. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include all aspects of Hammer's injury, even if they are not easy to measure.

JURY INSTRUCTION NUMBER 39

In order for Hammer to recover emotional damages, she must prove she sustained actual economic damages.

JURY INSTRUCTION NUMBER 41

**Counts II and III Consumer Fraud Act Claim– Unfairness or Deception– Standard for Awarding Compensatory Damages for Emotional Damages**

The law has no fixed monetary standard to compensate for emotional damages. This element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate Hammer for such as you find from the evidence Hammer suffered.

## JURY INSTRUCTION NUMBER 42

In addition to compensatory damages, the law permits you under the Consumer Fraud Act Claim under certain circumstances to award punitive damages. If you find, with respect to either or both the unfairness or deception claims by Hammer, that RCS' conduct was fraudulent, intentional and/or willful and wanton and proximately caused injury and/or damage to Hammer, and if you believe that justice and the public good require it, you may award an amount of money which will punish RCS and discourage them and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

    (1)    How reprehensible was RCS' conduct?

On this subject, you should consider the following:

        (a)    The facts and circumstances of RCS' conduct;

        (b)    The financial vulnerability of Hammer;

        (c)    The duration of the misconduct;

        (d)    The frequency of RCS' misconduct;

        (e)    Whether the harm was physical as opposed to economic; and

        (f)    Whether RCS tried to conceal the misconduct.

    (2)    What actual and potential harm did RCS' conduct cause to Hammer in this case?

    (3)    What amount of money is necessary to punish RCS and discourage them and/or others from future wrongful conduct?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by Hammer.

JURY INSTRUCTION NUMBER 43

RCS is corporation and can act only through their officers and employees. As to Hammer's claim for compensatory damages against RCS, any act or omission of an officer or employee within the scope of his or her employment is the act or omission of the defendant corporation.

As to Hammer's claim for punitive damages against RCS, a different rule applies. Punitive damages may be awarded against RCS only (1) if you find in favor of Hammer and against RCS under either of the Consumer Fraud Act Claims, and (2) if you find that, as to the representation(s) or omission(s) giving rise to liability under either of the Consumer Fraud Act Claims, one or more of the following conditions are proved:

(a)     The corporation, through its management, authorized the doing and the manner of the representation or omission; or

(b)     The representation or omission was that of a managerial employee who was acting in the scope of his or her employment; or

(c)     The corporation, through its management or a managerial employee, ratified or approved the representation or omission.

JURY INSTRUCTION NUMBER 44

Any figures proposed by counsel in their arguments are not evidence as to the amounts of damages you should award, but rather constitute arguments, which you are free to disregard in your deliberations.

JURY INSTRUCTION NUMBER 45
**COUNT IV: Real Estate Settlement Procedures Act (RESPA)**

Hammer also claims RCS violated the Real Estate Settlement Procedures Act, also known as RESPA.  Hammer claims that RCS violated section 2605(e) of RESPA. RESPA establishes certain duties of loan servicer to respond to borrower inquiries.

JURY INSTRUCTION NUMBER 46
**RESPA – Section 2605(e)**

In order to prevail on her claim that RCS is liable to her for a violation of RESPA section 2605(e), Hammer has the burden of proof to establish each of following elements:

1) RCS was servicing Hammer's loan under RESPA;

2) Hammer or her attorney sent RCS a qualified written request under RESPA;

3) RCS failed to properly respond to Hammer's qualified written request within the time and manner allowed under RESPA or RCS reported her account to the credit bureaus within 60 days of receiving a qualified written request ; And

4) Hammer suffered actual damages as a direct result of RCS' failure to properly respond to her written request.

RESPA's definition of the terms servicing and qualified written request are contained in the following instructions.

## JURY INSTRUCTION NUMBER 47
### Servicer and Servicing

Hammer must establish that RCS was the servicer of her loan and RCS was servicing her loan at the time she issued her qualified written request.

i) Hammer must establish that RCS is responsible for servicing of Hammer's loan

ii) Hammer must establish that RCS received scheduled periodic payments from Hammer pursuant to the terms of any loan.

JURY INSTRUCTION NUMBER 48

**RESPA – Specification on Servicing**

The creation, denial or rejection of a loan modification is not servicing under RESPA.

JURY INSTRUCTION NUMBER 49

**RESPA's Definition of Qualified Written Request**

Hammer must prove by a preponderance of the evidence the following to show that her correspondence qualifies as qualified written request under RESPA:

i) her written correspondence includes, or otherwise enables the servicer to identify, the name and account of the borrower;

ii) her written correspondence includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower;

And

iii) she mailed her written correspondence to RCS at an address RCS provided.

A loan servicer only has an obligation to respond to a qualified written request when the information requested relates to the actual servicing of the loan.

RESPA does not require any particular language for a written letter to qualify as a qualified written request.

JURY INSTRUCTION NUMBER 50

**RESPA's Required Method(s) of Response To A Qualified Written Request**

Upon receipt of a valid qualified written response, a servicer has 20 days to acknowledge its receipt and 60 days to respond.   A servicer shall respond by:

1)

A) after conducting an investigation, provide the borrower with a written explanation or clarification of why the servicer believes the borrower's account is correct; and provide the name and telephone number of an individual or the office or the department of the servicer that can provide assistance to the borrower.

OR

B) after conducting an investigation, provide the borrower with a written explanation or clarification of why the information requested by the borrower is unavailable or cannot be obtained; and provide the name and telephone number of an individual or the office or the department of the servicer that can provide assistance to the borrower.

OR

2) during the 60 day period beginning on the date of the servicer's receipt from any borrow a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment owed by such borrower and relating to such period or qualified written request to any consumer reporting agency.

JURY INSTRUCTION NUMBER 51

Under RESPA, it is irrelevant whether the servicer's understanding of the loan modification agreement is correct, so long as it is reasonable. Therefore, a reasonable explanation of the servicer's belief is sufficient, even if it is later determined that the belief is erroneous.

JURY INSTRUCTION NUMBER 52
**RESPA's Damages Requirement**

Hammer must establish more than showing a RESPA violation to state a claim. Hammer must also establish that she suffered damages proximately caused by the RESPA violation.

JURY INSTRUCTION NUMBER 53

If you decide the defendant is not liable, then you should not consider the question of damages. If you determine that the defendant is liable then you must consider the question of damages.

JURY INSTRUCTION NUMBER 54

JURY INSTRUCTION NUMBER 55

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

JURY INSTRUCTION NUMBER 56

JURY INSTRUCTION NUMBER 57

JURY INSTRUCTION NUMBER 58

JURY INSTRUCTION NUMBER 59

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You many not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

## JURY INSTRUCTION NUMBER 60

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.