# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | File No. 1:13-cv-6397 |
| v. | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Honorable Judge Durkin |
| | ) | |

**PLAINTIFF ALENA HAMMER'S MOTION FOR ENTRY OF
JUDGMENT PURSUANT TO RULE 58(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Alena W. Hammer ("Hammer") brings this motion pursuant to Rule 58(d) of the Federal Rules of Civil Procedure requesting that judgment be entered and set out in a separate document pursuant to Rule 58(a) in favor of Hammer and against Defendant Residential Credit Solutions, Inc. ("RCS") as outlined below:

1. On April 13, 2015, a jury trial commenced on Hammer's claims for breach on contract, violations of ICFA (unfairness), violations of ICFA (deception), and violations of RESPA.

2. On April 20, 2015, the jury returned a verdict in favor of Hammer and against RCS on all four counts. [DKT ##174, 175.] Hammer was awarded $500,000 in compensatory damages and $1.5 million in punitive damages. *Id*.

3. The verdict form for breach of contract was a general verdict form that included answers to written questions. The verdict forms for the ICFA and RESPA counts were general verdict forms without answers to written questions. [DKT #175.]

4. Rule 58(a) requires every judgment to be set out in a separate document.

5. Rule 58(b)(1)(A) states that when a jury returns a general verdict, the Clerk must promptly enter a judgment without awaiting direction from the Court.

6. Rule 58(b)(2)(A) states that when a jury returns a general verdict with answers to written questions, the Court must first approve the form of the judgment, and then the Clerk must promptly enter judgment.

7. To the extent Docket Entries #173 and #174 do not qualify as a judgment "set out in a separate document" as required by Rule 58(a), Hammer requests that judgment be entered by This Honorable Court or the Clerk or by both in light of the requirements described in the Rule. *See Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 362 (7th Cir. 2009) ("We conclude this discussion by reminding litigants that if the court has not entered a proper Rule 58 judgment on a separate document, the parties should ask the court to do so.").

8. There is no just reason to postpone entry of judgment in favor of Hammer and against RCS at this time.

WHEREFORE, Plaintiff Hammer respectfully requests that this Honorable Court:

a. Enter judgment in conformity with Rule 58(a) and either Rule 58(b)(1) or (b)(2); and
b. Enter any further relief this Court deems just and proper.

Date: June 16, 2015

Respectfully Submitted,

By: ___/s:/Ross M. Zambon____
    **Ross M. Zambon**
    Attorney for Plaintiff

Sulaiman Law Group, Ltd.
Ross M. Zambon – ARDC # 6294149
Mara A. Baltabols – ARDC # 6299033
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523