# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALENA W. HAMMER, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | File No. 1:13-cv-6397 |
| v. | ) | |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Honorable Judge Durkin |
| | ) | |

**PLAINTIFF ALENA HAMMER'S MOTION TO SET AND REQUIRE DEFENDANT RESIDENTIAL CREDIT SOLUTIONS, INC. TO POST A SUPERSEDEAS BOND**

Alena W. Hammer ("Hammer") brings this motion pursuant to Rule 62 of the Federal Rules of Civil Procedure requesting that this Honorable Court set and require Defendant Residential Credit Solutions, Inc. ("RCS") to post a supersedeas bond.[1] In support thereof, Hammer states as follows:

## I. RCS Should Be Required to Post a Supersedeas Bond

1. On April 20, 2015, a jury returned a $2,000,000 verdict in favor of Hammer and against RCS. [DKT ##174, 175.]

2. On June 19, 2015, RCS's counsel requested that Hammer agree to stay enforcement of the judgment without posting a bond, pending resolution of several post-trial motions. RCS's email request celebrated RCS's financial condition, and stated that there is "no doubt" that RCS could pay the judgment. Hammer, in good faith, agreed. [DKT ##198,199.]

---

[1] Hammer's counsel understands this motion was brought on short notice. However, as described below, if relief is not granted immediately, Hammer stands to suffer permanent harm that cannot be redressed.

3. Hammer just discovered that while this lawsuit was proceeding – through discovery, the trial, the post trial-motions, and the request to stay enforcement of the judgment without a bond – RCS was under investigation by the CFPB the entire time for the identical misconduct directed at Hammer.

4. This was a substantial and lengthy investigation covering misconduct by RCS from 2009 – 2015.

5. Unknown to Hammer at the time, a Consent Judgment Order was entered against RCS on July 30, 2015, assessing substantial sanctions for servicing misconduct related to loan modifications that affected 7,500 consumers over this time period. *See* Exhibit A attached hereto is the CFPB Consent Judgment Order.

6. Hammer points this out on two grounds, one of which requiring an urgent remedy.

7. First, RCS never disclosed this in discovery, even though the investigation was ongoing. RCS insisted that Hammer's case was the only time it had been accused of such misconduct.

8. Second, with the CFPB identifying 7,000 borrowers who were subject to servicing misconduct related to loan modifications, RCS will potentially face astronomical liability resulting from additional private lawsuits across the country.

9. This obviously threatens RCS's solvency, regardless of any superficial solvency on paper. Hammer would not have agreed to the stay without a bond had RCS and its counsel been forthright with this information at any time in this case.

10. This is incredibly prejudicial to Ms. Hammer. If a bond is not posted, Ms. Hammer's judgment could become valueless and leave Hammer with no remedy. At this point, RCS has no basis to claim that a stay without posting a bond is appropriate or justified.

WHEREFORE, Plaintiff Alena Hammer respectfully requests that this Honorable Court:

a. Vacate the July 1, 2015 Minute Order;
b. Set and order RCS to post a supersedeas bond; and
c. Enter any further relief this Court deems just and proper.

Date: November 24, 2015

Respectfully Submitted,

By: ___/s:/Ross M. Zambon____
**Ross M. Zambon**
Attorney for Plaintiff

Sulaiman Law Group, Ltd.
Ross M. Zambon – ARDC # 6294149
Mara A. Baltabols – ARDC # 6299033
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523